UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID J. KOVANEN, an individual, and all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ASSET REALTY, LLC d/b/a CENTURY 21 NORTHWEST, a Washington limited liability company; CHAD BARRON STOREY, individually; CENTURY 21 REAL ESTATE LLC; ANYWHERE REAL ESTATE INC.;    ANYWHERE REAL ESTATE GROUP, LLC; ANYWHERE REAL ESTATE SERVICES GROUP LLC; ANYWHERE INTERMEDIATE HOLDINGS LLC,<br><br>    Defendants. | Case No.<br><br>NOTICE OF REMOVAL BY DEFENDANTS CENTURY 21 REAL ESTATE LLC, ANYWHERE REAL ESTATE INC, ANYWHERE REAL ESTATE GROUP, LLC, ANYWHERE REAL ESTATE SERVICES GROUP LLC, AND ANYWHERE INTERMEDIATE HOLDINGS LLC |

NOTICE OF REMOVAL - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Defendants Century 21 Real Estate LLC, Anywhere Real Estate Inc., Anywhere Real Estate Group, LLC, Anywhere Real Estate Services Group LLC, and Anywhere Intermediate Holdings LLC (the "Anywhere Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, hereby remove this action from the Superior Court of Pierce County, Washington ("State Court"), in which court the cause is currently pending, to the United States District Court for the Western District of Washington. In support thereof, the Anywhere Defendants state as follows:

1. The Anywhere Defendants exercise their rights under the provisions of 28 U.S.C. §§ 1441 and 1446 to remove this case from the State Court where this case is pending under the caption *David J. Kovanen v. Asset Realty, LLC, et al.*, Case No. 21-2-08665-1.

2. 28 U.S.C. § 1441(a) provides that any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

3. This is a civil action that was instituted in the State Court and has not been tried. On or about January 10, 2025, Plaintiff David Kovanen ("Plaintiff") filed his Second Amended Complaint (the "Second Amended Complaint") in the State Court. Plaintiff previously filed his original Complaint on December 10, 2021. Plaintiff filed his First Amended Complaint on September 25, 2023. Neither of these Complaints contained a federal cause of action. As set forth below, Plaintiff filed and the Anywhere Defendants received a copy of the Summons and Complaint on January 10, 2025. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

NOTICE OF REMOVAL -- 2

4.  As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff's action constitutes a civil action arising under the Constitution, laws, or treaties of the United States.

5.  Pursuant to W.D. Wash. Local Civil Rule ("LCR") 101(b), attached are true copies of (1) a copy of the operative complaint, which is the Second Amended Complaint filed on January 10, 2025; (2) a certificate of service listing all counsel and pro se parties who have appeared in this action with their contact information, including email addresses; (3) a copy of the jury demand filed in the State Court on June 17, 2022; and (4) a completed civil cover sheet.

6.  As permitted by LCR 101(c), the Anywhere Defendants will file with the clerk of this Court all additional records and proceedings in the State Court, together with Anywhere Defendants' verification that they are true and complete copies of all the records and proceedings in the State Court, within 14 days of filing this Notice of Removal.

**SUBJECT MATTER JURISDICTION**

**THIS CLASS ACTION IS REMOVABLE UNDER FEDERAL QUESTION JURISDICTION, 28 U.S.C. § 1331**

7.  As set forth below, this Court has subject matter jurisdiction pursuant 28 U.S.C. § 1331, because this case is a civil action, and it arises under the Constitution, laws, or treaties of the United States.

**I.     The Federal Question Requirement Is Satisfied**

8.  Because Plaintiff now brings an alleged claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), there is a question arising under the Constitution, laws, or treaties of the United States, as contemplated by 28 U.S.C. § 1331.

NOTICE OF REMOVAL -- 3

9. The federal question requirement is met if a civil action contains a question arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This requirement is met here, as Plaintiff's alleged claim is under the TCPA, which is a federal statute.

10. Because the TCPA is a federal statute, this action could have been brought in the United States District Court pursuant to 28 U.S.C. § 1331. Accordingly, federal question jurisdiction is established under 28 U.S.C. § 1331 and 1441.

**II.    The Supplemental Jurisdiction Requirement Is Satisfied**

11. This Court has supplemental jurisdiction over Plaintiff's claims under the Washington Commercial Electronic Mail Act ("WCEMA") and Washington Consumer Protection Act ("WCPA"), pursuant to 28 U.S.C. § 1367(a), because they are so related to the TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

12. Plaintiff's claim under the WCEMA is based on the same underlying facts or events as Plaintiff's claim under the TCPA: the alleged sending of unsolicited commercial text messages to market real estate brokerage services. *See* Exhibit A, Second Amended Complaint, p. 1.1.

13. Plaintiff's claim under the WCPA is based on the same underlying facts or events as Plaintiff's claim under the TCPA: the alleged sending of unsolicited commercial text messages to market real estate brokerage services. *See* Exhibit A, Second Amended Complaint, p. 1.1.

14. Because Plaintiff's WCEMA and WCPA claims are based on the same underlying facts or events as Plaintiff's claim under the TCPA, they form part of the same case or controversy under Article III of the United States Constitution and supplemental jurisdiction under 28 U.S.C. § 1367(a) is appropriate.

NOTICE OF REMOVAL -- 4

**PROCEDURAL COMPLIANCE**

15. Plaintiff filed the Second Amended Complaint on January 10, 2025. Because the Complaint and the First Amended Complaint did not state a federal cause of action, the case was not removable before the filing of the Second Amended Complaint. This Notice of Removal is timely in that it is filed within thirty days from the date upon which the Second Amended Complaint was filed and the Anywhere Defendants served with it. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b)(3).

16. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court to the United States District Court for the Western District of Washington, which embraces the place where the action is pending.

17. The United States District Court for the Western District of Washington embraces the county in which the state court action is now pending and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 128(b). Because the State Court from which this case is being removed is Pierce County Superior Court, this case is assigned to the Tacoma Division.

18. All defendants who have been properly joined and served have consented to the removal of this action. Specifically, Asset Realty, LLC d/b/a Century 21 Northwest and Chad Barron Storey have consented to the removal of this action. Accordingly, the requirements of 28 U.S.C. § 1446(b)(2)(A) have been satisfied.

19. No previous application has been made for the relief requested herein.

20. Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff as required by law.

21. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiff.

WHEREFORE, Defendants Century 21 Real Estate LLC; Anywhere Real Estate Inc.; Anywhere Real Estate Group, LLC; Anywhere Real Estate Services Group LLC; and Anywhere Intermediate Holdings LLC (the "Anywhere Defendants") hereby remove this case from the State Court, where it is now pending, to this Court.

Dated: February 3, 2025

Respectfully submitted,

K&L GATES LLP

By: */s/ Peter A. Talevich*
Peter A. Talevich, WSBA # 42644

By: */s/ Tyler K. Lichter*
Tyler K. Lichter, WSBA # 51090

K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Facsimile: (206) 623-7022
peter.talevich@klgates.com
tyler.lichter@klgates.com

Joseph C. Wylie II (*pro hac vice, pending*)
Molly G. Baldock (*pro hac vice, pending*)
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8108
joseph.wylie@klgates.com
molly.baldock@klgates.com

*Attorneys for the Anywhere Defendants*

NOTICE OF REMOVAL -- 6