THE HONORABLE LAUREN KING

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID J. KOVANEN, an individual, and all those similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>ASSET REALTY, LLC d/b/a CENTURY 21 NORTHWEST, a Washington limited liability company; CHAD BARRON STOREY, individually; CENTURY 21 REAL ESTATE LLC; ANYWHERE REAL ESTATE INC.; ANYWHERE REAL ESTATE GROUP, LLC; ANYWHERE REAL ESTATE SERVICES GROUP LLC; ANYWHERE INTERMEDIATE HOLDINGS LLC,<br><br>     Defendants. | NO. 3:25-cv-05078-LK<br><br>**PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT**<br><br><u>**NOTED FOR CONSIDERATION:**</u><br>**APRIL 17, 2026** |

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................. 2

        A.      Plaintiff's claims ................................................................................. 2

        B.      The settlement was negotiated after more than five years of litigation .............. 3

        C.      The Court's order denying preliminary approval of the prior settlement ............. 5

        D.      The Amended Agreement ...................................................................... 7

                1.      The revised Settlement Class definition ..................................... 7

                2.      The revised settlement relief ..................................................... 9

                3.      The revised release ................................................................... 11

                4.      Service Award ......................................................................... 12

                5.      The revised proposed notices and additional information about
                        the notice plan ...................................................................... 12

III.    ARGUMENT ..................................................................................................... 12

        A.      The revised Settlement Class should be certified for settlement
                purposes ............................................................................................ 12

                1.      Numerosity ............................................................................. 12

                2.      Commonality .......................................................................... 13

                3.      Typicality ............................................................................... 13

                4.      Adequacy ................................................................................ 14

                5.      Predominance .......................................................................... 15

                6.      Superiority .............................................................................. 15

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - i
Case No. 3:25-cv-05078-LK

B. The proposed Settlement should be preliminarily approved.............................. 16

    1. The Settlement Class has been adequately represented ........................ 16

    2. The Settlement is the result of arm's-length, non-collusive negotiations ..................................................................................... 17

    3. The Settlement relief is reasonable considering the costs, risks, and delay of continued litigation and Plaintiff has addressed the Court's concerns regarding allocation.............................................. 18

    4. The Amended Agreement's allocation plan is fair and equitable ........... 18

    5. Plaintiff's counsel will request approval of a reasonable fee.................. 20

    6. Plaintiff will report on the reaction to the Settlement at final approval .................................................................................................. 20

    7. There are no outside agreements ........................................................... 20

C. The Notice Plan complies with Rule 23(e) and due process................................ 20

D. The revised proposed notice and claim forms rectify deficiencies identified by the Court..................................................................................... 23

E. The Proposed Amended Schedule for Notice and Final Approval ...................... 24

IV. CONCLUSION................................................................................................... 25

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

#### I.    INTRODUCTION

Plaintiff David J. Kovanen respectfully renews his motion for preliminary approval of the settlement agreement the parties reached in this proposed class action. This Court denied Plaintiff's original motion without prejudice, raising several issues with the agreement's substance and highlighting errors and inconsistencies in the agreement's exhibits, including the forms of notice. *See* Dkt. 39. The parties have since renegotiated key terms of the settlement, agreeing to (1) a narrowed class definition that tethers the Settlement Class to the individuals Plaintiff identified from Defendants' records as having received the allegedly unlawful text messages at issue in this case, (2) prospective relief designed to ensure, to the extent possible, that no evidence is destroyed and that Defendants never again knowingly contact Settlement Class Members, (3) an allocation plan that ensures claimants who received a larger number of texts or whose phone numbers were on the National Do-Not-Call Registry for more than thirty days at the time of the first text will receive a larger share of settlement proceeds, and (4) an enhanced Settlement Notice plan to ensure adequate reach to the Settlement Class. The parties also revised key deadlines, fixed inconsistencies, and corrected the proposed notices.

The parties' agreement is memorialized in the Amended Settlement Agreement and Release of Claims ("Amended Agreement").[1] In support of the Amended Agreement, Plaintiff submits additional evidence, including a declaration from the proposed Settlement Administrator—Continental DataLogix—and the retained Notice expert—Cameron Azari[2]—estimating that the parties' proposed notice program will reach at least 70% of the Settlement Class, which is the Federal Judicial Center's threshold for adequate notice. Plaintiff also submits additional documents and testimony supporting the reliability of Defendants' data and explaining why it is appropriate to rely on that data to create the Class List.

---

[1] The Amended Agreement is attached as **Exhibit 1** to the Murray Declaration supporting this renewed motion for preliminary approval.

[2] The Azari declaration is attached as **Exhibit B** to the Marr Declaration supporting this renewed motion for preliminary approval.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 1
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Plaintiff and his counsel continue to believe that this settlement, which provides for the creation of a non-reversionary $700,000 Settlement Fund and prohibits Storey and Asset Realty from knowingly contacting any Settlement Class Member in the future, is in the best interest of the proposed Settlement Class given the risks of continued litigation. The primary defendant—Asset Realty—is bankrupt and unable to contribute anything to a judgment other than the remaining amounts on a wasting insurance policy. It is undisputed that the Anywhere Defendants did not physically send the text messages, requiring Plaintiff to prove they "substantially assisted" in sending the text messages or can be held vicariously liable under federal agency law principles to prevail. Plaintiff faced similar challenges in proving that Storey sufficiently participated in sending the text messages to be held individually liable for the unlawful conduct.

Avoiding these risks, the proposed settlement provides cash payments in line with payments approved in other similar cases plus meaningful prospective relief. Preliminary approval should be granted.

## II.    BACKGROUND

### A.    Plaintiff's claims.

Plaintiff filed this lawsuit in December 2021 after receiving unsolicited text messages from "Century21" asking if he was interested in selling his home or buying more property. He initially sued Asset Realty, LLC, doing business as Century 21 Northwest, and its sole member and manager, Chad Barren Storey ("Asset Defendants"), on behalf of a proposed class of similarly situated Washingtonians, alleging the Asset Defendants substantially assisted real estate agents in transmitting unsolicited commercial text messages to class members in violation of Washington's Commercial Electronic Mail Act (CEMA), RCW 19.190 et seq. and Consumer Protection Act (CPA), RCW 19.86 et seq. Murray Decl. ¶10.

Plaintiff amended his complaint to add Asset Realty's franchisor, Century 21 Real Estate LLC, and its parent and affiliated companies (collectively "Anywhere Defendants"). *Id.* ¶11. Plaintiff filed a Second Amended Complaint alleging that Defendants also violated the do-not-

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 2
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

call provisions of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227(c), by sending text messages to telephone numbers on the National Do-Not-Call Registry without obtaining prior, express, written consent. *Id.* ¶12. The Anywhere Defendants removed. Dkt. 1.

**B.      The settlement was negotiated after more than five years of litigation.**

Plaintiff propounded multiple sets of requests for production and interrogatories as well as requests for admission. Murray Decl. ¶15. The discovery process was contentious. The parties briefed several discovery motions, leading the Court to appoint a discovery master. *Id.* ¶16. The Asset Defendants ultimately produced thousands of pages of documents and a large volume of data. *Id.* ¶17.

Plaintiff focused his initial discovery efforts on obtaining data about the allegedly illegal text messages. Murray Decl. ¶16. Plaintiff's Interrogatory No. 5 sought information regarding "each and every text message" Defendants "have sent since December 8, 2017 to prospective customers with telephone numbers in Washington area codes (i.e., (206) (253) (360) (425) (509) and (564)) in which you inquired about their interest in buying or selling property." *Id.*, Ex. 2.

The Asset Defendants initially refused to answer Interrogatory No. 5 but produced over 9,000 pages of outgoing and incoming text message data after the Court ordered them to do so. Murray Decl. ¶17. The data Defendants produced showed, among other things, the date the texts were sent, the telephone numbers to which the texts were sent, and the messages' content. *Id.* ¶18. The data also included columns labeled "consent" and "DNC." *Id.* All the phone numbers to which the texts were sent included in the data had Washington area codes. *Id.* Storey verified the interrogatory answer. *Id.* ¶17.

Plaintiff and his expert analyzed the data to identify unsolicited text messages like the texts Plaintiff received and compiled them into the Class List. Nuss Decl. ¶¶2–10; *see also* Dkt. 19-3 at 6–7; Dkt. 19-2 at 1139 ¶73 and Ex. 8[3]. Plaintiff's expert flagged telephone numbers on

---

[3] Exhibit 8 contains a summary and placeholder "produced in native format only." This references a spreadsheet that contained the list of telephone numbers comprising the Class List. The Court mentions that the "expert's report that was provided to the Court contains no list of numbers; it is instead a one-page table summarizing [the expert's results]." Dkt. 39 at 6–

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 3
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the Class List that had been on the National Do-Not-Call Registry for more than thirty days before the first text and received two or more texts within a twelve-month period. Dkt. 19-2 at 1134–1135, ¶¶54–55.

Plaintiff pursued additional discovery after the text message data was produced although his efforts were slowed because Asset Realty filed for chapter 11 bankruptcy, removed the action to the bankruptcy court, and took the position that the automatic bankruptcy stay barred Plaintiff from seeking discovery. Murray Decl. ¶¶20–21. After Plaintiff convinced the bankruptcy court to remand the case and reopen discovery, Plaintiff focused his discovery efforts on obtaining the information he needed to prove his class claims, including documents relating to the manner in which the Asset Defendants were able to use their lead generation system to identify telephone numbers belonging to people who might be interested in using their real estate services to buy or sell a house. Murray Decl. ¶¶21–22. Plaintiff also requested that Defendants produce emails about the role of text messages in their lead generation process. *Id.* ¶22.

Plaintiff and the Asset Defendants mediated in August 2022 with assistance from Honorable Ronald E. Cox (Ret.). The case did not settle. Murray Decl*.* ¶25. Plaintiff, Asset, and Storey participated in a settlement conference in the Fall of 2023 with Bankruptcy Judge Mary Jo Heston. *Id.* The settlement conference was unsuccessful. *Id.* The parties continued negotiations through 2024 and made progress but could not agree.

Plaintiff filed a class certification motion in Pierce County Superior Court on January 10, 2025. *Id.* ¶26. He filed his Second Amended Complaint the same day. *Id.* The Anywhere Defendants removed and the parties agreed to participate in a second settlement conference, this time with Judge Theresa Fricke (Dkt. 18). *Id.* ¶27.

7. Plaintiff did not file the Class List with the Court because of serious fraud concerns if the list of phone numbers was made public. Marr Decl. ¶10. If the Court would like the Class List filed on the docket, the Settlement Administrator recommends that it is filed under seal. *Id.*

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 4
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Before the settlement conference with Judge Fricke, Plaintiff served subpoenas on two e-discovery vendors that the Asset Defendants had retained in 2023. Murray Decl. ¶28. The subpoenas sought, among other things, documents and data that had been extracted from Asset Realty's Pipeline Platform CRM system and email from Asset Realty's Office 365 environment. *Id.* Plaintiff also served a subpoena on Amazon Web Services (AWS), which Plaintiff was told hosted the CRM system. *Id.* ¶29. The cover letter to each subpoena included a demand that the third parties preserve information in their possession relating to Defendants and suspend any automated destruction policies with respect to Defendants and their accounts. *Id*. ¶¶28, 29.

In response to the subpoenas, one of Defendants' e-discovery vendors produced responsive email from the Office 365 environment; Plaintiff's counsel has preserved those emails. Murray Decl. ¶28. AWS refused to produce responsive information, including credentials to access Asset Realty and Storey's AWS account, without the account owners' permission. This permission was not granted due to a dispute over who controlled the account. Murray Decl. ¶29.

The settlement conference with Judge Fricke occurred on March 27, 2025, and the parties finalized their agreement on May 14, 2025. Murray Decl. ¶27.

**C.    The Court's order denying preliminary approval of the prior settlement.**

On November 7, 2025, the Court denied Plaintiff's prior preliminary approval motion without prejudice. Dkt. 39. The Court raised several issues concerning the proposed settlement. Plaintiff summarizes his understanding of these issues below.

*First,* the Court expressed concerns with the Settlement Class definition. Dkt. 39 at 5–8. The Court's primary concern was that the Settlement Class was defined to include Washington residents, but the list of individuals who would receive notice only included individuals whose telephone numbers had Washington area codes. *Id.* As a result, Washington residents who received text messages on telephone numbers without Washington area codes would be bound by the settlement but would not receive direct notice and would be ineligible to file a claim,

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 5
Case No. 3:25-cv-05078-LK

because their telephone number would not "match" a number on the list. *Id.* at 6–8. The Court said the class definition either needs to be narrowed to only the phone numbers on the Class List or the Settlement Agreement needed to be revised to ensure notice was "reasonably calculated to reach all class members" bound by the proposal. *Id*. at 8. If Plaintiff chose to tie the Settlement Class definition to individuals with Washington area codes and continued to rely on the Class List, the Court required Plaintiff to explain why the underlying data that Asset produced in the discovery was an "accurate, reliable or comprehensive list of the Class." *Id.*, n.3. Relatedly, the Court required Plaintiff to "address whether the planned methods of notice to the class will reach a high percentage of its members." *Id.* at 7 n.2. The Court also observed that it was "unnecessary and potentially confusing to class members to cross-reference two sections of the Revised Code of Washington" to define "persons" in the Settlement Class definition. *Id.* at 6.

Second, the Court asked the parties to explain why Plaintiff "and not Defendants are tasked with supplying 'the names and contact information of the subscriber or ordinary user of the telephone numbers at the time the text messages at issue in this case were sent[.]'" Dkt. 39 at 7 (quoting Dkt. 37 at 8).

Third, the Court directed the parties to revise the schedule for final approval to (a) build in a deadline for Plaintiff to inform the Court of any issues with the notification or claims administration process *before* Class Counsel filed their fee petition, (b) tie all deadlines to the preceding deadlines to ensure that all deadlines could be adjusted easily if issues with the administration process caused delay, and (c) set the deadline for filing the final approval motion sufficiently after the deficiency cure deadline to accurately account for the claims rate. The Court proposed a revised schedule. Dkt. 39 at 9–10.

Fourth, the Court asked Plaintiff to explain in more detail how individual class member awards would be calculated and why allocating Settlement Funds pro rata treats class members equitably. Dkt. 39 at 11.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 6
Case No. 3:25-cv-05078-LK

Fifth, the Court was concerned with the proposed injunctive relief of a change to Defendants' practices and deletion of certain information "[g]iven the potential for independent lawsuits from potential class members[.]" Dkt. 39 at 12.

Sixth, the Court identified various issues and inconsistencies with the settlement website notice, claim form, email notice, and postcard notice. Dkt. 39 at 13–14.

Seventh, the Court observed that the motion for preliminary approval failed to explain why Plaintiff Kovanen should be appointed as Class Representative or his attorneys as Class Counsel. Dkt. 39 at 14.

**D.      The Amended Agreement**

The terms of the Settlement were memorialized in the Parties' Settlement Agreement and Release of Claims. Dkt. 33-1. The parties renegotiated that agreement to address the issues the Court raised in its Order. Murray Decl. ¶33. The Amended Agreement differs from the original agreement as follows:

1.      <u>The revised Settlement Class definition.</u>

The proposed Settlement Class is now defined as:

> All persons who (1) received commercial electronic text messages promoting Asset Realty LLC d/b/a Century 21 Northwest's real estate services; (2) between December 10, 2017 through June 17, 2022 ("Class Period"); (3) on a telephone number which is included in the "Class List."
>
> The Settlement Class does not include Defendants, any entity that has a controlling interest in Defendants, and Defendants' current or former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any persons who validly request exclusion from it.

SA §I.1.19. The "Class List" refers to

> [T]he list of telephone numbers that Plaintiff's expert identified from Defendants' records as: (a) containing a Washington area code; (b) capable of receiving text messages because the telephone numbers were assigned to a cellular or VOIP service; and (c) having received a text message that had not been sent after Defendants' records showed that the recipient sent Defendants an inbound

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> text. The Class List also indicates whether the telephone number was on the National Do Not Call Registry for more than 30 days before the date of the text and received two or more calls within a 365-day period.

SA §I.1.5. The revised Settlement Class definition addresses the Court's concerns because it removes cross-references to the Revised Code of Washington for the definition of "persons" and narrows the class to individuals whose phone numbers are on the Class List. Dkt. 39 at 6. Individuals who received text messages on telephone numbers not on the Class List are presumed ineligible to receive a Claimant Award and will not release any claims as a result of the Amended Agreement.

The proposed revisions ensure the Class List reliably reflects the Settlement Class. *See* Dkt. 39 at 7–8. The Settlement Class definition no longer identifies Settlement Class Members as "Washington residents," eliminating any concern that a Class List tied to Washington area codes fails to identify Washington residents whose telephone numbers do not have Washington area codes. Plaintiff has also provided additional evidence that the Class List reliably identifies Settlement Class Members, including (a) discovery responses showing that Chad Storey verified the answer to Interrogatory No. 5 (Murray Decl., Ex. 2), (b) the discovery master's order indicating Defendants had promptly corrected the majority of the issues with the production that Plaintiff raised (*Id.*, Ex. 3 at 2:22-3:23), and (c) a declaration from Plaintiff's senior paralegal confirming, based on her analysis of the data, that the telephone numbers on the Class List received commercial electronic text messages promoting Defendants' real estate services between December 10, 2017 and June 17, 2022 (Nuss Decl.). *See* Dkt. 39 at 8 n.3. Courts routinely approve settlement class definitions tied to class lists like Plaintiff proposes here. *See e.g.*, *Sparkman v. Comerica Bank*, 4:23-cv-02028-DMR, Dkt. 149 (N.D. Cal. Dec. 11, 2025) (class limited to individuals identified on the class list); *Chao v. Aurora Loan Servs., LLC*, No. C 10-3118 SBA, 2014 WL 4421308, at *6 (N.D. Cal. Sept. 5, 2014) (same); *Curley v. Google LLC*, No. 4:22-CV-01735-KAW, 2025 WL 3501910, at *2–3 (N.D. Cal. Dec. 7, 2025) (same).

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 8
Case No. 3:25-cv-05078-LK

Plaintiff tasked the Settlement Administrator with supplying the names and contact information of the subscriber or ordinary user of each telephone number on the Class List at the time the text messages were sent. Murray Decl. ¶42. The Settlement Administrator conducted "reverse lookups" to match telephone numbers on the Class List with name and contact information obtained from public databases. *Id.* Reverse lookups are standard for identifying class members in TCPA cases. *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238, 245 (D. Ariz. 2019) (observing "the reverse lookup process is the industry standard and is commonly used in TCPA cases"). It is appropriate to have the Settlement Administrator identify the Settlement Class rather than Defendants because the data Defendants produced in discovery contains only partial name and address information. Murray Decl. ¶18. Plaintiff moved to compel full name and contact information, but his motion was denied. *Id.* As described above, Plaintiff also served a subpoena on AWS, which hosted the data, and demanded that the data be preserved. AWS refused to produce the data or even the credentials for accessing it. *Id.* In connection with his subpoena, Plaintiff demanded that the data be preserved. *Id.* ¶29. Plaintiff does not know whether the data has been preserved or not. *Id.*

2.    The revised settlement relief.

a.    *Allocation of the Settlement Fund*

To address the Court's concern that the original proposal for calculating individual awards "pro rata" may not be fair (Dkt. 39 at 11), the parties agreed that Claimant Awards will be determined using the following formula:

> Net Settlement Fund (Settlement Fund less the Settlement Administration costs and attorneys' fees and costs) divided by the total Shares of each Eligible Claimant multiplied by each Eligible Claimant's number of Shares. Eligible Claimants will receive one Share for each text message that is not an Eligible NDNCR Text Message (Non-NDNCR Text Message). Eligible Claimants will receive two Shares for each Eligible NDNCR Text Message. An Eligible NDNCR Text Message is a text message that an Eligible Claimant received on a telephone number that had been on the National Do Not Call Registry (NDNCR) for more than 30 days and

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the Eligible Claimant received two or more texts within a twelve-month period.

SA §IV.4.6. The revised formula ensures that Settlement Class Members who allegedly received more text messages or have National Do-Not-Call claims will receive a larger individual award.

According to the text data obtained from Defendants, Settlement Class Members have an average of 3.57 Shares. Murray Decl. ¶39. If 5% of the Shares are claimed, Plaintiff's counsel estimates that a claimant with the average number of Shares will receive approximately $53. *Id.* If 10% of the Shares are claimed, a claimant with the average number of Shares will receive approximately $26. *Id.*

b.      *The revised practice changes*

Storey has agreed to permanently cease operation of Asset's lead management program and will not attempt to access or delete the Assets currently stored on AWS. SA §II.2.6.2. To the extent the Assets are in the custody of a neutral web hosting service, they will remain there, SA §II.2.6.4, and to the extent Plaintiff's counsel is in custody of the Assets, they will be preserved for seven years, SA §§II.2.6.5., II.2.6.10. Storey has agreed that he and any company he controls will not knowingly contact any Settlement Class Member. SA §II.2.6.8.

With these changes to the injunctive relief, the parties are not asking the Court to "approve any provision sanctioning the destruction of potentially relevant evidence." Dkt. 39 at 12. Before the settlement conference with Judge Fricke, Plaintiff's counsel served AWS with a subpoena and, in connection with that subpoena, demanded that AWS preserve all documents and data relating to Defendants or the claims in this case. Murray Decl. ¶29. AWS confirmed that an active account existed but refused to produce its contents (or credentials through which the contents could be accessed) without permission from the account's owner. *Id.* Permission was not provided because Storey and the bankruptcy trustee disputed who controlled the account. *Id.*

c.      *Administration costs*

Following a competitive bid process, Plaintiff selected Continental DataLogix LLC (CDL) as the Settlement Administrator. Murray Decl. ¶41. CDL will provide notice to Settlement Class

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 10
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Members as set forth in the Settlement Agreement, SA §III.3.3, and as elaborated in the Marr and Azari declarations, Marr Decl. ¶¶ 6–8, 12–26; Azari Decl. ¶¶8, 15–24. CDL will manage the Settlement Website and respond to inquiries from Settlement Class Members. Marr Decl. ¶¶ 6–8, 23–24. CDL will also process Claim Forms, report on exclusion requests, establish the Settlement Fund, and distribute the Settlement Fund as set forth in the Settlement Agreement and the Court's Final Approval Order. *Id.* ¶¶ 9–11; SA §§III.3.4–3.5, IV.4.1–4.7. CDL estimates its costs will total approximately $121,665. Marr Decl. ¶28.

3.    The revised release

The scope of the release is tailored to the claims arising out of the factual predicate alleged in Plaintiff's Second Amended Complaint. *See Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (a settlement agreement may preclude future claims only where the released claim is "based on the identical factual predicate as that underlying the claims in the settled class action"). The claims Plaintiff and Settlement Class Members are releasing include:

> [A]ll claims and causes of action, including, for the avoidance of doubt, any claims that have been, could have been, or may or could be asserted in the Chapter 7 Case and/or against the Chapter 7 Estate, that are based on the same factual predicate as that underlying the claims alleged in Plaintiff's Second Amended Complaint—i.e. the sending of commercial text messages to individuals on the Class List without their clear and affirmative consent between December 10, 2017 and June 17, 2022—including all claims that were or could have been brought under Washington's Commercial Electronic Mail Act, RCW 19.190 et seq., Washington's Consumer Protection Act, RCW 19.86 et seq., and the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. Plaintiff's Released Claims also includes a release of all claims the Parties may have against Gen Star both contractual and extracontractual related to this matter and Gen Star's handling of this matter.

SA §I.1.14. "Released Parties" means the Chapter 7 Estate, Asset, Storey, Gen Star, the Anywhere Defendants and, in the case of Gen Star and the Anywhere Defendants, all parent, subsidiaries, affiliates, and franchisees, along with all of their agents, trustees, employees, attorneys and independent contractors. SA §I.1.15.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 11
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

4.      Service Award

Plaintiff confirms that Mr. Kovanen will not request a service award. Murray Decl. ¶36.

5.      The revised proposed notices and additional information about the notice plan

The parties revised all the notice and claim forms to address the inconsistencies and errors the Court identified in its Order (Dkt. 39 at 13–14), as explained in detail below. *See* SA, Exs. A, C–F. The records Defendants produced in discovery contain only partial names and addresses associated with the telephone numbers that received the text messages. Murray Decl. ¶18. CDL's "reverse lookups" successfully identified 76.9% of the Settlement Class. Marr Decl. ¶19. The next step is to locate email addresses for those individuals. *Id.* ¶8.

CDL will send direct notice via either email or U.S. Mail to all Settlement Class Members who could be identified. To notify individuals for whom a name and address could not be obtained, CDL has designed a multi-faceted media plan targeted to reach those individuals. CDL's notice expert estimates that the notice plan will readily reach more than 70% of the Settlement Class, consistent with the Federal Judicial Center recommendations. Azari Decl., ¶26.

### III.      ARGUMENT

**A.      The revised Settlement Class should be certified for settlement purposes.**

The Rule 23(a) requirements are numerosity, commonality, typicality and adequacy. Rule 23(b)(3) requires a plaintiff to establish that common issues predominate and that a class action is superior to other available mechanisms for resolving the dispute. All requirements are satisfied here.

1.      Numerosity.

"[G]enerally, courts will find that the numerosity requirement has been satisfied when the class compromises 40 or more members." *McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Trust*, 268 F.R.D. 670, 674 (W.D. Wash. 2010). There are approximately 95,862 Settlement Class Members. Murray Decl. ¶40. Numerosity is easily satisfied.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 12
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2.    Commonality.

The Settlement Class also satisfies the commonality requirement, which requires class members' claims "depend upon a common contention," of such a nature that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). There are several questions of law and fact common to the Settlement Class Members, including whether Defendants assisted in the transmission of the allegedly unsolicited text messages, whether that assistance established the elements of a claim under the CEMA, and whether Defendants knew or had reason to know that text messages were being sent to numbers on the National Do-Not-Call Registry without recipients' consent such that they can be held liable for resulting TCPA violations. Courts often certify classes with similar common questions. *See, e.g., Moore, et al. v Robinhood Fin., LLC*, No. 2:21-cv-01571-BJR (W.D. Wash. July 16, 2024) (ECF No. 108) (the question of whether defendant assisted in the transmission of unsolicited text messages satisfied commonality for settlement purposes in CEMA case); *Williams v. PillPack LLC*, 343 F.R.D. 201, 211 (W.D. Wash. 2022) (finding that questions of vicarious liability satisfied commonality); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1306 (D. Nev. 2014) (questions of TCPA liability satisfied commonality); *McMillion v. Rash Curtis & Assocs.*, No. 16-CV-03396-YGR, 2017 WL 3895764, at *5 (N.D. Cal. Sept. 6, 2017) (where the "Defendant engaged in the same practice with respect to all class members, . . . whether that practice was performed without prior express consent is common to the classes").

3.    Typicality.

Typicality is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of Settlement Class Members because they arise from the same course of alleged conduct: text messages promoting Defendants' services sent to cell phone numbers on the Class List. *See Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 569 (W.D. Wash. 2012) (typicality satisfied where the plaintiff's claims, "like all class members' claims, arise from text marketing

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 13
Case No. 3:25-cv-05078-LK

campaigns commissioned by Papa John's franchisees and executed by the same marketing vendor").

4.      Adequacy.

"To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other Class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

Both requirements are met. Neither Plaintiff nor his counsel have interests antagonistic to Settlement Class Members' interests. Plaintiff has represented the Settlement Class since the inception of this lawsuit over four years ago. Murray Decl. ¶34; Dkt. 1 at 2. He assisted with the case investigation and responded to Defendants' interrogatories, production requests, and requests for admission, producing hundreds of pages of documents. Murray Decl. ¶34. Plaintiff participated in person in all three mediations and was ready to sit for his deposition and testify at trial. *Id.*

Plaintiff's counsel diligently litigated this case through hotly contested discovery, motion practice, multiple mediations, and settlement conferences. *Id.* ¶¶ 10–33, 43. Counsel's years of experience in the realm of complex consumer class actions, combined with their solid understanding of the facts and law of the case, illustrates their adequacy. *See Liu v. Home Depot USA, Inc.*, No. C23-1217JLR, 2024 WL 4371559, at *5 (W.D. Wash. Oct. 2, 2024) (finding adequate representation where "[t]he Class Representatives actively participated in the Action and provided valuable service to the Class. And Class Counsel vigorously negotiated th[e] Settlement").

Plaintiff requests this Court appoint him as the Class Representative and Terrell Marshall Law Group PLLC, Green Legal Counsel, PLLC, and Paronich Law, P.C. as Class Counsel. *See* Dkt. 39 at 14.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 14
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.    Predominance.

Rule 23(b)(3) looks at whether common questions of law and fact predominate over any individual questions. In analyzing this factor, the inquiry is "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 622 (1997). The focus is "on the relationship between the common and individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022, *overruled on other grounds by Wal-Mart*, 564 U.S. at 338, (internal quotation marks omitted).

Plaintiff alleges Settlement Class Members were all injured in the same way by the same alleged conduct by Defendants throughout the class period. Because Defendants engaged in a standard practice, determining whether their transmission of unsolicited texts to phone numbers on the Class List violated Washington and federal law—and whether the Anywhere Defendants substantially assisted with the transmission or can be held vicariously liable for the Asset Defendants' conduct—would be tried with predominantly common evidence focusing on Defendants' conduct and knowledge. In addition, the damages available to Settlement Class Members are set by the CEMA, CPA, and TCPA. Predominance is satisfied.

6.    Superiority.

Rule 23(b)(3) also looks at whether a "class action is superior to other available methods for the fair and efficient adjudication of the controversy." Because the claims are being certified for settlement purposes, there are no issues with manageability. *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial."). Resolving thousands of claims in one action is superior to individual lawsuits and promotes consistency and efficiency of adjudication. *See id.* at 617. If class members prefer an individual action, they may opt out.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 15
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Certification for settlement purposes is appropriate.

**B.    The proposed Settlement should be preliminarily approved**

In the Ninth Circuit, there is a "strong judicial policy that favors settlements" of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Rule 23(e)(2) provides that "the court may approve [a proposed class action settlement] only after a hearing and on finding that it is fair, reasonable, and adequate." *Briseño v. Henderson*, 998 F.3d 1014, 1030 (9th Cir. 2021).

To determine whether a settlement should be preliminarily approved, courts consider the factors set forth in Rule 23(e)(2), including whether (A) the class representatives and their counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided by the settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (v) whether the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2). The Ninth Circuit previously identified similar factors. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

Consideration of these factors establishes that the Settlement should be preliminarily approved.

1.    <u>The Settlement Class has been adequately represented.</u>

As discussed above, Plaintiff's interests align with the interests of Settlement Class Members, he has responsibly carried out his duties as a proposed Class Representative, and his counsel have the skill and experience to successfully represent the Class. *See* Murray Decl. ¶¶2, 8, 34; Dkt. 34; Dkt. 35. This factor favors approval.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 16
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2.    The Settlement is the result of arm's-length, non-collusive negotiations.

Rule 23(e)(2)(B) requires the court to consider whether the Settlement was negotiated at arm's length. "Arm's length negotiations conducted by competent counsel constitute prima facie evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, No. 3:14-CV-05539-BHS, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016); *see also Randall v. Integrated Commc'n Serv.*, No. 3:20-CV-05438-DGE, 2023 WL 5743133 at *3 (W.D. Wash. Sept. 6, 2023) ("A proposed class settlement is presumptively fair when reached after meaningful discovery, arm's length negotiation, and conducted by capable, experienced counsel. . . . The involvement of an experienced mediator also supports a finding of fairness.").

It took several years of nearly continuous negotiations to reach the original proposed Settlement and four additional months for the parties to agree on revisions to address the Court's concerns. Murray Decl. ¶¶10–33. The parties participated in private mediation and several settlement conferences with two different federal judges. *Id.* ¶¶25, 27. Settlement negotiations were particularly challenging given that the primary defendant, Asset Realty, was in bankruptcy and funds available to pay class members were limited. At all times, Plaintiff insisted that any settlement include meaningful practice changes designed to prevent Defendants from sending unlawful telemarketing texts in the future. *Id.* ¶27.

The Amended Agreement contains none of the provisions the Ninth Circuit has identified as potential "red flags" suggesting that plaintiff's counsel allowed self-interest to influence settlement negotiations: (1) counsel receiving a disproportionate distribution of the Settlement; (2) a "clear sailing" arrangement in which defendants agree to not object to the fee request ; and (3) a reversion that returns unclaimed funds to the defendant. *See In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019) (discussing typical signs of collusion that arise in class settlements). Because Class Counsel will be paid from the same Settlement Fund as Settlement Class Members, they were incentivized to negotiate the largest fund possible, and the Court has ultimate discretion over the amount of the attorneys' fee award after reviewing Counsel's motion.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 17
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

3.    The Settlement relief is reasonable considering the costs, risks, and delay of continued litigation and Plaintiff has addressed the Court's concerns regarding allocation.

As Plaintiff discussed in his initial preliminary approval motion, Defendants' agreement to pay $700,000 is adequate given the risks and delays of continued litigation. Dkt. 32 at 11–12.

The Amended Agreement alleviates the Court's concern that there may be Settlement Class Members who have non-Washington area codes and would therefore be ineligible to participate in the Settlement. Dkt. 39 at 11. All Settlement Class Members are eligible to receive payment under the revised Settlement Class definition because the Settlement Class is comprised only of people whose telephone numbers are on the Class List. All they must do to receive payment is provide either a claim number or a telephone number that matches a number on the Class List.

The Amended Agreement also addresses the Court's concerns with the Settlement's non-monetary relief. Before Plaintiff filed his preliminary approval motion, Plaintiff took steps to preserve relevant evidence pending final settlement approval. Murray Decl. ¶¶28, 29. After the Court observed that evidence relevant to the claims of future litigants might be destroyed, the parties revised the Agreement's terms to remove terms arguably sanctioning the destruction of relevant evidence. SA §II.2.6. As it stands, Plaintiff's counsel have preserved all data produced in discovery, the Asset Defendants' Office 355 environment, and all videos that Defendants identified as containing information about the Defendants' systems. Murray Decl. ¶¶18, 28, 30. Although they attempted to do so, Plaintiff's counsel have not been able to obtain information housed on AWS that was not otherwise produced during the litigation and does not know if any information remains on AWS. *Id.* ¶29.

As part of the Amended Agreement, Storey has agreed that neither he nor any company he controls will knowingly contact Settlement Class Members. SA §II.2.6.8.

4.    The Amended Agreement's allocation plan is fair and equitable.

The Amended Agreement allocates funds to Settlement Class Members in a manner that is fair and reasonable. Each Settlement Class Member who submits a valid claim will receive a

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 18
Case No. 3:25-cv-05078-LK

Claimant Award that is based on the number of texts the claimant received and whether the claimant's phone number was on the National Do-Not-Call Registry more than thirty days before the claimant received the first text. SA §IV.4.6. Plaintiff expects the payment to Eligible Claimants to be $26–$53. Murray Decl. ¶¶39–40.

The Claimant Awards are a fair and equitable result because they account for the extra harm experienced by individuals who received a larger number of text messages or whose phone numbers were on the DNC registry. *See, e.g.*, *Naiman v. Total Merch. Servs., Inc.*, No. 17-CV-03806, 2019 WL 13194603, at *9 (N.D. Cal. Apr. 16, 2019) (in TCPA case, court found that distributing settlement funds to each claimant "based on the number of calls each claimant received relative to the number of calls received by class members who filed valid claims . . . is reasonable and treats members of the Settlement Class equitably relative to each other"); *Abante Rooter and Plumbing, Inc. v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN*, No. 3:16-cv-05486-JCS, Dkt. 148 (N.D. Cal., Oct. 15, 2018) (order granting final approval of class action settlement where distribution of the settlement fund was allocated on a per-call basis).

While Settlement Class Members could recover $500 to $1,500 under CEMA and the TCPA at trial, the odds are stacked against that kind of slam-dunk recovery in this case. Even if the class prevailed on their claims, collecting a judgment would be difficult, if not impossible. The primary defendant—Asset Realty LLC—has been administratively dissolved and is in bankruptcy, and its principal, Chad Barron Storey, has been sued for millions of dollars in a separate matter. The estimated payments of $26–$53 are in line with settlements approved by courts in other CEMA and TCPA cases. *See, e.g.*, *Gragg v. Orange Cab Co., Inc.*, No. 12-cv-00576 (RSL) (W.D. Wash. 2019) ($48 per claimant plus $12 voucher for all identifiable class members); *Wright v. Lyft, Inc.*, No. 14-cv-00421 (BJR) (W.D. Wash. 2019) (payments of up to $132 per class member based on circumstances); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, Dkt. 96 at ¶6 (N.D. Cal. Mar. 10, 2014) (claimants received $46.98); *Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, Dkt. 137 (S.D. Cal. Sept. 28, 2012) (claimants received

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 19
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

$40); *Estrada v. iYogi, Inc.,* No. CV21301989WBSCKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (claimants received $40).

5.    <u>Plaintiff's counsel will request approval of a reasonable fee.</u>

Plaintiff's counsel will file a comprehensive motion requesting Court approval of an award of attorneys' fees and costs at least thirty days before the deadline for Class Members to object to the Settlement. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993–94 (9th Cir. 2010). Plaintiff's counsel intend to request approval of up to $231,000 in fees and an additional $93,098 in litigation expenses. Murray Decl. ¶35, 44, 46. The requested fee is 30% of the Settlement Fund and is reasonable under the circumstances of this case. *Id.* ¶44; *see In re Bluetooth*, 654 F.3d at 941–42 (requiring that any attorneys' fee awarded be reasonable).

6.    <u>Plaintiff will report on the reaction to the Settlement at final approval.</u>

Class Members have not yet had an opportunity to react to the proposed Settlement because notice has not yet gone out. Plaintiff will provide the Court with information about Class Members' reaction in his motion for final settlement approval. Plaintiff also will provide any response by government officials after receiving notice under the Class Action Fairness Act (CAFA), 28 U.S.C. §§1171–1715. Marr Decl. ¶27.

7.    <u>There are no outside agreements.</u>

The Parties have no agreements outside the Amended Agreement. *See* Fed. R. Civ. P. 23(e)(3).

**C.    The Notice Plan complies with Rule 23(e) and due process.**

To comply with due process, notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods*, 521 U.S. at 617. Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1)(B). Under Rule 23(c)(2)(B) "notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." The notice must state in plain, easily understood language: (i) the nature of the action; (ii) the definition of

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 20
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). *See also in re Hyundai & Kia*, 926 F.3d at 567 ("settlement notices must present information about a proposed settlement neutrally, simply, and understandably") (quotation and internal marks omitted).

Because Plaintiff possesses only partial name and address information for some Settlement Class Members (Murray Decl. ¶18), CDL has used the phone numbers provided in the Class List to "perform industry-standard reverse-lookups to append name and mailing addresses" to the phone numbers. Marr Decl. ¶8; SA §III.3.3.1. CDL successfully located names and mailing addresses for 76.9% of the Settlement Class. Marr Decl. ¶19. The Ninth Circuit has endorsed using reverse lookups to identify the current subscriber of a telephone number. *See N.L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1171 (9th Cir. 2020).

If this Amended Agreement is approved, CDL will send Class Notice to each Settlement Class Member for whom either an email or mailing address is available. SA §§I.1.22, III.3.3. A Reminder Email Notice will be sent to Settlement Class Members who have not filed a claim 30 calendar days before the claim submission deadline. SA §III.3.3.4.

Postcard Notice will be sent via First Class U.S. Mail to all Settlement Class Members when Email Notice was undeliverable or a valid email address was not identified, when possible. Marr Decl. ¶15; SA §III.3.3.5. Before mailing the Postcard Notice, CDL will update the mailing addresses by using the United States Postal Service's (USPS) National Change of Address database. Marr Decl. ¶17; SA §III.3.3.5. Any Postcard Notices returned to the Settlement Administrator by USPS with a forwarding address will be re-mailed, and any returned without a forwarding address will be processed through LexisNexis, a third-party search firm, to update the mailing address. Marr Decl. ¶18; SA §III.3.3.5.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 21
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The individuals for whom a name or address could not be obtained will be targeted with Online Publication Notice. Marr Decl. ¶¶19, 20; SA §III.3.3.6. CDL will implement a multi-faceted media plan targeted to reach those individuals. Azari Decl. ¶¶16–24. The media plan will include an internet digital notice campaign and sponsored search listings targeting top migration states. *Id.* ¶¶17–24. CDL estimates that direct notice and the media plan will reach more than 70% of the Settlement Class, as the Federal Judicial Center recommends. Azari Decl. ¶26.

CDL will also maintain a Settlement Website displaying the operative Complaint, Settlement Agreement and Notices, claim form, Preliminary Approval Order, motion for attorneys' fees and costs, and other filings and orders related to this Settlement. Marr Decl. ¶¶23–24; SA §III.3.3.2, Ex. A. CDL will establish a toll-free number and email inbox Class Members can contact for more information.  Marr Decl. ¶¶25–26; SA §III.3.3.3.

The proposed notices (SA Exhibits C–G) use plain language so they are easily understandable. They either include, or direct Settlement Class Members to the Settlement Website where Settlement Class Members can find, key information about the Settlement, including the deadline for claims, exclusions, and objections, and the date of the Final Approval Hearing (and that the hearing date may change without further notice). The notices state the amount of the fee and cost award Class Counsel will request, will outline the estimated range that an Eligible Claimant may receive, and disclose that, by participating in the Settlement, Settlement Class Members give up the right to sue Defendants for claims covered by the release. The notices direct Class Members to the Settlement Website and provide the toll-free number for more information.

The proposed notice plan satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process, is likely to reach a high percentage of class members, and resembles notice plans approved by this court in claims-based settlements. *See, e.g.*, *Williams v. PillPack LLC*, No. 3:19-CV-05282-DGE, 2024 WL 4574563, at *8–9 (W.D. Wash. Sept. 17, 2024) (notice plan satisfied Fed. R. Civ. P. 23 requirements where Settlement Administrator used defendant's user

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 22
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

profile information, responses to subpoenas issued by plaintiff, and "standard industry practices to locate contact information . . ., including but not limited to reverse lookups" and where notice was provided via email or postcard notice, two reminders sent, settlement website and toll-free number developed, and online advertising campaign directed targeted class members to website); *Washburn v. Porsche Cars N. Am., Inc.*, No. 2:22-CV-01233-TL, 2025 WL 1017983, at *3–4 (W.D. Wash. Apr. 4, 2025) (notice plan satisfied due process and Fed. R. Civ. P. 23 where settlement administrator identified members of settlement class with records provided by defendant, and short form notices were mailed, settlement website was created, toll-free number was maintained, and approximately 98.85% of settlement class was reached, exceeding 70% constitutional due process requirement in Circuit).

**D.      The revised proposed notice and claim forms rectify deficiencies identified by the Court.**

First, Plaintiff's counsel expects the payment to Eligible Claimants to be $26–$53. Murray Decl. ¶¶39–40. All notice forms now include a placeholder for the estimated range. SA Exs. C, D, E, and F; *see* Dkt. 39 at 13.

Second, Plaintiff corrected any reference to a "state court" in the Settlement Website Notice. SA Ex. C; *see* Dkt. 39 at 13.

Third, the summary of the release in the Settlement Website, Email, Double Postcard, and Email Reminder Notices is internally consistent and consistent with the release provision in the Amended Agreement. *Compare* SA Exs. C, D, E, and F *with* SA §§I.1.14, V; *see* Dkt. 39 at 13.

Fourth, the language in the Settlement Website, Email, Double Postcard, and Email Reminder Notices to inform Class Members how to object to the settlement is consistent with the Amended Agreement. *Compare* SA Exs. C, D, E, and F *with* SA §III.3.4; *see* Dkt. 39 at 14.

Fifth, Plaintiff corrected the Courtroom referenced in the Settlement Website, Email, Postcard, and Email Reminder Notices, and the Proposed Preliminary Approval Order, to Courtroom 15106. SA Exs. B, C, D, E, and F; *see* Dkt. 39 at 14.

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 23
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Sixth, the Claim Form instructs claimants to contact Class Counsel or the Settlement Administrator if they receive an error message after entering a phone number that is not on the Class List but which they believe should be included in the Settlement. SA Ex. A; *see* Dkt. 39 at 14. A similar instruction is included in the Postcard Notice. SA Ex. E.

Seventh, Settlement Class Members can provide up to three mobile numbers regardless of whether they submit their claim online, by mail, or by postcard. SA Ex. A, E; *see* Dkt. 39 at 14. Thus, Settlement Class Members may now provide the same number of phone numbers regardless of the method they use to submit their claim.

**E.      The Proposed Amended Schedule for Notice and Final Approval**

Plaintiff's proposed amended schedule for notice and final approval tracks the Court's proposed revised deadlines. *See* Dkt. 39 at 9–10.

| Action | Date |
| --- | --- |
| "Settlement Notice Date." SA §§I.1.23, III.3.3. | 30 calendar days after Preliminary Approval |
| "Declaration of Due Diligence Due Date." SA §III.3.5. | 15 calendar days after Settlement Notice Date [45 calendar days after Preliminary Approval] |
| Deadline for Class Counsel's fee petition. SA §II.2.5. | 30 calendar days after Settlement Notice Date [60 calendar days after Preliminary Approval] |
| Deadline to submit a claim, opt out, or object. SA §§III.3.4, IV.4.3. | 60 calendar days after Settlement Notice Date [90 calendar days after Preliminary Approval] |
| Deadline for Settlement Administrator to complete review of claims. SA §IV.4.4. | 28 calendar days after the deadline for claim submission, opt out, or objection [118 calendar days after Preliminary Approval] |
| Deadline for claimants to cure deficiencies. SA §IV.4.5. | Up to 14 calendar days after completion of Settlement Administrator's review of all Claim Forms. [132 calendar days after Preliminary Approval] |
| Deadline for Settlement Administrator to report on claim administration. SA §III.3.5. | 25 calendar days after completion of Settlement Administrator's review of all Claim Forms [143 calendar days after Preliminary Approval] |
| Final Approval Motion due. SA §III.3.6. | 21 calendar days after Settlement Administrator's Report |

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 24
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | on Claim Administration [164 calendar days after Preliminary Approval] |
|---|---|
| Final Approval Hearing | To be determined by the Court |

## IV.    CONCLUSION

Plaintiff respectfully renews his motion for the Court to enter an order that: (1) preliminary approves the Amended Agreement; (2) provisionally certifies the Settlement Class and appoints Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel; (3) directs notice to be sent to Settlement Class Members in the form and manner proposed by the parties; (4) appoints CDL to serve as Settlement Administrator; and (4) sets a schedule and hearing date for final settlement approval and related deadlines.

RESPECTFULLY SUBMITTED AND DATED this 27th day of March, 2026.

TERRELL MARSHALL LAW GROUP PLLC

*I certify that this memorandum contains 8,337 words, in compliance with the Court's order at Dkt. 46.*

By: /s/ Jennifer Rust Murray, WSBA #36983
     Beth E. Terrell, WSBA #26759
     Email: bterrell@terrellmarshall.com
     Jennifer Rust Murray, WSBA #36983
     Email: jmurray@terrellmarshall.com
     Eden B. Nordby, WSBA #58654
     Email: enordby@terrellmarshall.com
     Elizabeth Schatz Cordero, WSBA #63175
     Email: eschatzcordero@terrellmarshall.com
     1700 Westlake Avenue North, Suite 300
     Seattle, Washington 98109
     Telephone: (206) 816-6603

     Andrew P. Green, WSBA #32742
     Email: andy@greenlegalcounsel.com
     GREEN LEGAL COUNSEL, PLLC
     1919 N. Pearl Street, Suite B-3
     Tacoma, Washington 98046
     Telephone: (253) 625-7322

     Anthony I. Paronich, *Admitted Pro Hac Vice*

PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 25
Case No. 3:25-cv-05078-LK

Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018

*Attorneys for Plaintiff and Proposed Settlement
Class*

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com