THE HONORABLE LAUREN KING

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DAVID J. KOVANEN, an individual, and all those similarly situated,

Plaintiff,

v.

ASSET REALTY, LLC d/b/a CENTURY 21 NORTHWEST, a Washington limited liability company; CHAD BARRON STOREY, individually; CENTURY 21 REAL ESTATE LLC; ANYWHERE REAL ESTATE INC.; ANYWHERE REAL ESTATE GROUP, LLC; ANYWHERE REAL ESTATE SERVICES GROUP LLC; ANYWHERE INTERMEDIATE HOLDINGS LLC,

Defendants.

NO. 3:25-cv-05078-LK

**[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT**

On May 16, 2025, Plaintiff David J. Kovanen filed a motion for preliminary approval of the class action settlement he had reached with Defendants Asset Realty, LLC, d/b/a Century 21 Northwest (Asset), Chad Barron Storey (Storey), and Anywhere Real Estate Inc., Anywhere Real Estate Group LLC, Anywhere Real Estate Services Group LLC, Anywhere Intermediate Holdings LLC, and Century 21 Real Estate LLC (collectively, Anywhere Defendants and together with Asset and Storey, Defendants). Dkt. 32. On November 7, 2025, the Court denied Plaintiff's motion. Dkt. 39. The parties resumed negotiations and agreed to an amended settlement agreement, the terms of which are memorialized in the Amended Settlement Agreement and Release of

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 1
Case No. 3:25-cv-05078-LK

Claims ("Amended Agreement") which was filed with the Court (Dkt. ___). The Court has read and considered the Amended Agreement, the proposed notices, and the briefing submitted in support of preliminary approval of the settlement and is fully advised.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court preliminarily approves the Amended Agreement.

2.      Preliminary approval of proposed Amended Agreement. The Amended Agreement appears to be the product of serious, informed, non-collusive negotiations, including four mediations before experienced mediators or settlement conference judges. The Amended Agreement has no obvious deficiencies, does not improperly grant preferential treatment to any class members, and falls within the range of possible judicial approval. *See* William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:10 (6th ed. June 2024 update).

3.      Certification of Settlement Class. For settlement purposes only, the following Settlement Class is certified pursuant to Civil Rule 23, pending final approval of the settlement:

> All persons who (1) received commercial electronic text messages promoting Asset Realty LLC d/b/a Century 21 Northwest's real estate services; (2) between December 10, 2017 through June 17, 2022 ("Class Period"); (3) on a telephone number which is included in the Class List.[1]
>
> The Settlement Class does not include Defendants, any entity that has a controlling interest in Defendants, and Defendants' current or former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any person who validly requested exclusion from it.
>
> "Class List" means the list of telephone numbers that Plaintiff's expert identified from Defendants' records as: (a) containing a Washington area code; (b) capable of receiving text messages because the telephone numbers were assigned to a cellular or VOIP service; and (c) having received a text message that had not been sent after Defendants' records showed that the recipient sent

---

[1] Unless otherwise indicated, capitalized terms have the same meaning as they are defined in the Amended Agreement (Dkt. No. ___).

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 2
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Defendants an inbound text. The Class List also indicates whether the telephone number was on the National Do Not Call Registry for more than 30 days before the date of the text and received two or more calls within a 365-day period.

4.    *Numerosity*. The Settlement Class consists of approximately 95,862 members and is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

5.    *Commonality*. There are issues of law and fact common to all Settlement Class Members, including (a) whether Defendants initiated or assisted with the transmission of the text messages, (b) whether the text messages were commercial, (c) whether Plaintiff and Settlement Class Members provided clear and affirmative consent before they received the text messages, (d) whether the Anywhere Defendants can be held vicariously liable for the allegedly unlawful text messages, (e) whether Storey can be held individually liable for the allegedly unlawful text messages, and (f) whether Defendants violated the Telephone Consumer Protection Act's national do-not-call regulations. Fed. R. Civ. P. 23(a)(2); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

6.    *Typicality*. Plaintiff's claims arise from the same course of conduct and are based on the same legal theory as other Settlement Class Members' claims. Fed. R. Civ. P. 23(a)(3); *Agne v. Papa John's Int'l*, 286 F.R.D. 559, 569 (W.D. Wash. 2012).

7.    *Adequacy*. Plaintiff's interests are not antagonistic to those of other Settlement Class Members and the Settlement Class is represented by qualified counsel. Fed. R. Civ. P. 23(a)(4); *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003).

8.    *Predominance*. The issues common to Settlement Class Members are dominant, central, and override any individualized consent issues in this litigation. These common issues include whether Defendants initiated or assisted the transmission of commercial electronic text messages to phone numbers on the Class List in violation of RCW 19.190.060, and whether Defendants or their agents violated the TCPA by placing telemarketing texts to numbers on the National Do-Not-Call List. Fed. R. Civ. P. 23(b)(3); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

9. *Superiority*. Resolution of all of Settlement Class Members' claims at once is far superior to individual lawsuits and promotes consistency and efficiency of adjudication, particularly since Settlement Class Members are unlikely to know about their claims or to pursue them given the limited potential recovery. Fed. R. Civ. P. 23(b)(3)(A)–(D); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

10. Class Representative. The Court appoints David Kovanen to serve as Class Representative of the Settlement Class.

11. Class Counsel. The Court appoints Terrell Marshall Law Group PLLC, Green Legal Counsel, PLLC, and Paronich Law P.C. to serve as Class Counsel.

12. Settlement Administrator. The Court appoints Continental DataLogix to serve as the Settlement Administrator. As provided in the Amended Agreement, the Settlement Administrator shall compile a list of persons that will receive individual notice via email, or if unavailable, mail. Names and contact information may not be available for some Settlement Class Members. To ensure those Settlement Class Members are notified the Settlement Administrator will conduct an Online Publication Notice campaign targeted to reach Washington residents and former Washington residents who may have moved to other states. The Settlement Administrator also will establish and maintain a Settlement Website and a toll-free phone number, process and report on Claim Forms, process and report on exclusion requests, establish and maintain an account for deposit of the Settlement Fund, mail Claimant Award checks to Settlement Class Members, and perform any additional duties that are called for by the Amended Agreement or ordered by the Court.

13. Settlement Notice. The Court approves the notice plan outlined in the Amended Agreement, including the Settlement Website Notice, Email Notice, Postcard Notice, Email Reminder Notice, and Publication Notice attached as Exhibits C–F and G to the Amended Agreement. The notices provide all information Settlement Class Members need to evaluate and respond to the Amended Agreement, including the nature of the litigation, the general terms of the proposed Amended Agreement, their rights under the Amended Agreement, an

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 4
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

explanation of how they can object to, or exclude themselves from the Amended Agreement, and how to complete a Claim Form to receive a payment from the Net Settlement Fund, the identity of Class Counsel, that Class Counsel will request attorneys' fees and costs from the Settlement Fund (and the amount requested), the date and time of the Final Approval Hearing, and that the Amended Agreement must be approved by this Court. The notices also direct Settlement Class Members to the Settlement Website, where additional information about the Amended Agreement will be available, and provides a toll-free number that Settlement Class Members can call with questions. The notice plan complies with Fed. R. Civ. P. 23 and the requirements of due process.

14.    The Court also approves the parties' plan for disseminating notice, which will ensure that Settlement Class Members receive "the best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2). Issuance of notice substantially in the manner set forth in the Amended Agreement and as described in the Declarations of Charles Marr and Cameron R. Azari satisfies the requirements of due process and applicable state and federal law and constitutes due and sufficient notice to all members of the Settlement Class.

15.    Class Counsel has provided the Class List to the Settlement Administrator. The Class List contains 95,862 unique telephone numbers. Dkt. No. ___ (Marr Decl.) ¶19. The Settlement Administrator has identified names and mailing addresses associated with 73,759 of those numbers (76.9%). The Settlement Administrator next will attempt to locate email addresses for those telephone numbers with name and mailing addresses associated with them. *Id.* ¶8. Settlement Class Members for whom names and contact information can be located will be sent either an Email Notice (if an email is available) or Postcard Notice (if an email is not available or bounces back). The Settlement Class Members with phone numbers for which no name and contact information can be identified will be targeted with Publication Notice. *See* Dkt. No. ___ (Marr Decl.), Ex. B (Declaration of Cameron R. Azari, Esq. Regarding Notice Plan).

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 5
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

16. Within 30 days after entry of this Order, the Settlement Administrator shall establish the Settlement Website and send Email, Mail, and Publication Notice to all Settlement Class Members in accordance with the notice plan described in the Amended Agreement and the Declarations of Charles Marr and Cameron R. Azari submitted in connection with Plaintiff's Motion for Preliminary Approval. The date the Settlement Administrator distributes notice is the "Settlement Notice Date."

17. Within 15 days after the Settlement Notice Date (45 days after entry of this Order), the Settlement Administrator will provide to the parties (who will then file with the Court) a declaration of due diligence and proof of mailing and a description of any issues or problems that have arisen with notifying the class or any other aspect of the claims administration process, and any extensions that may be required to correct or mitigate such issues. If any issues or problems arise after this date that may require an extension of the claims/opt out/objection period or other deadlines the Settlement Administrator will notify the parties as soon as possible, and the parties then must file a notice and proposed resolution with the Court as soon as possible.

18. Claim Forms. Settlement Class Members must submit Claim Forms either online or postmarked no later than 60 calendar days from the Settlement Notice Date. The Court may exercise its discretion to approve otherwise valid but late filed claims received before the Final Approval Hearing. The Court approves the Claim Form, which is attached as Exhibit A to the Amended Agreement.

19. Requests for Exclusion. Any Settlement Class Member may exclude himself or herself from the settlement by sending a written request to the Settlement Administrator by email or by mail postmarked no later than 60 calendar days from the Settlement Notice Date. The exclusion request must be in writing and include the requesting person's (i) name, address, and telephone number; (ii) a statement confirming that they want to exclude themselves from the Settlement Class in *Kovanen v. Asset Realty LLC, d/b/a Century 21 NW, Chad Barron Storey, Century 21 Real Estate LLC, & Anywhere Real Estate, et al.*, Case No. 3:25-cv-05078-LK (W.D.

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 6
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Wash.); and (iii) the person's signature and the date. Each written request for exclusion must be signed by the individual seeking exclusion, submitted by the Settlement Class Member, and may only request exclusion for that one individual. No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion on behalf of any other person within the Settlement Class. "Mass" or "class" exclusion requests shall not be permitted.

20.     Following final approval of the settlement, each Settlement Class Member who does not submit a timely, valid request for exclusion shall be bound by all terms of the Amended Agreement, including the release, and any final judgment entered by the Court in this case.

21.     Objections and appearances. Any Settlement Class Member may object to the settlement no later than 60 calendar days after the Settlement Notice Date. Any objections must include the following: (i) the name and case number of this lawsuit (*Kovanen v. Asset Realty, LLC, d/b/a Century 21 NW; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate, et al.,* Case No. 3:25-cv-05078-LK (W.D. Wash.)); (ii) the Settlement Class Member's full name, address, and current telephone number; (iii) if the individual is represented by counsel, the name and telephone number of counsel, whether counsel intends to submit a request for fees, and all factual and legal support for that request; (iv) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class and an explanation of the basis for the Settlement Class Member's contention that the Settlement Class Member is a Settlement Class Member, including the cellular telephone numbers on which the Settlement Class Member received a text message promoting Asset Realty LLC, d/b/a Century 21 Northwest's real estate services transmitted from December 10, 2017 through June 17, 2022; (v) the identity of any witnesses the objector may call to testify; (vi) a list of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct  copies of such exhibits; and (vii) a statement of whether the objector

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 7
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

intends to appear at the Final Approval Hearing, either with or without counsel, and if with counsel, the identity of such counsel (who must enter a written Notice of Appearance of Counsel with the Clerk of the Court). A Settlement Class Member may withdraw an objection by communicating such withdrawal in writing to Class Counsel.

22.   Review of Claim Forms. No later than 28 calendar days after the deadline for claim submission, exclusion, or objection, the Settlement Administrator shall use all reasonable efforts to complete its review of all Claim Forms.

23.   Deadline to Cure Claim Deficiency. Claimants shall have up to 14 calendars days after the Settlement Administrator's review of all Claim Forms to cure any deficiency for which their claim was disallowed.

24.   Report on Claim Administration. No later than 25 calendar days after the Settlement Administrator completes review of all Claim Forms, it must provide the parties with a report on its claim administration, including how many class members received notice, the number of claims, the number of requests for exclusion, the number of objections, and any other information the parties and/or Court should be aware of regarding the notification and claims administration process.

25.   Settlement Fund. No later than 30 calendar days after the date of Final Approval and after having been provided with a W-9, Gen Star shall deposit $537,496.74 (subtracting therefrom $5,000, which shall be paid to the trustee for the benefit of the Chapter 7 Estate, to offset the costs already incurred by the Chapter 7 Estate in seeking and obtaining the Bankruptcy Court's approval of the original settlement agreement) and Century 21 Real Estate, LLC shall deposit $167,503.26 (totaling $700,000) with the Settlement Administrator to establish the Settlement Fund.

26.   Motion for attorneys' fees and costs. Class Counsel shall file their motion for an award of attorneys' fees and costs no later than 30 days after the Settlement Notice Date, which is 30 days before the deadline for Settlement Class Members to submit a claim, opt out,

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 8
Case No. 3:25-cv-05078-LK

or object to the Amended Agreement. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

27.    Motion for final approval. The Class Representative shall file a motion for final approval of the settlement and response to any objections no later than 21 days after the Settlement Administrator's submits its report on claim administration described in paragraph 24 above.

28.    Final Approval Hearing. A Final Approval Hearing shall be held before this Court on _____, at _____ in the courtroom of the Honorable Lauren King, United States District Court for the Western District of Washington, 700 Stewart Street, Courtroom Suite 15106, Seattle, WA 98101-9906. At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate, and should be approved by the Court. The Court will also consider Class Counsel's motion for attorneys' fees and costs, and rule on any other matters that the Court deems appropriate.

29.    Any interested person who has not excluded themselves from the Settlement Class may appear at the Final Approval Hearing to address whether the proposed Amended Agreement should or should not be approved as fair, reasonable, and adequate. The Court will consider all properly submitted objections. Any Settlement Class Member who does not appear individually or through counsel and who does not object to the fairness and adequacy of the Amended Agreement or Class Counsel's request for attorneys' fees and costs shall waive and forfeit any and all rights to appear separately or object.

30.    Stay of proceedings. All deadlines in the current Case Scheduling Order are hereby stricken, including the trial date, and all proceedings in the Action are stayed other than proceedings relating to the consideration of whether the Amended Agreement should be approved. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the Amended Agreement.

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 9
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

After the Final Approval Hearing, the Court may approve the Amended Agreement without further notice to Settlement Class Members.

31. <u>Modification and termination.</u> Counsel for the Parties are hereby authorized to utilize all reasonable and mutually agreed procedures in connection with the administration of the Amended Agreement which are not materially inconsistent with either this Order or the terms of the Amended Agreement. If the Court does not enter the Final Approval Order, or if the Effective Date does not occur for any reason, then the Action shall proceed as if the Amended Agreement had not been executed. In that event, the Parties shall meet and confer and present the Court with a proposed revised case scheduling order.

32. <u>Retention of jurisdiction.</u> The Court retains jurisdiction over the Action and all matters arising out of or connected with the proposed Amended Agreement.

33. <u>Amended Schedule.</u> The Court approves the following amended schedule for Notice and Final Approval:

| Action | Date |
| --- | --- |
| "Settlement Notice Date" | 30 calendar days after Preliminary Approval |
| "Declaration of Due Diligence Due Date" | 15 calendar days after Settlement Notice Date [45 calendar days after Preliminary Approval] |
| Deadline for Class Counsel's fee petition | 30 calendar days after Settlement Notice Date [60 calendar days after Preliminary Approval] |
| Deadline to submit a claim, opt out, or object | 60 calendar days after Settlement Notice Date [90 calendar days after Preliminary Approval] |
| Deadline for Settlement Administrator to complete review of claims | 28 calendar days after the deadline for claim submission, opt out, or objection [118 calendar days after Preliminary Approval] |
| Deadline for claimants to cure deficiencies | Up to 14 calendar days after completion of Settlement Administrator's review of all Claim Forms. [132 calendar days after Preliminary Approval] |
| Deadline for Settlement Administrator to report on claim administration | 25 calendar days after completion of Settlement Administrator's review of all Claim |

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 10
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | Forms [143 calendar days after Preliminary Approval] |
|---|---|
| Final Approval Motion due | 21 calendar days after Settlement Administrator's Report on Claim Administration [164 calendar days after Preliminary Approval] |
| Final Approval Hearing | To be determined by the Court |

IT IS SO ORDERED.

DATED this _____ day of _____, 2026.


_____
THE HONORABLE LAUREN KING

Presented by:

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Jennifer Rust Murray, WSBA #36983
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@terrellmarshall.com
    Eden B. Nordby, WSBA #58654
    Email: enordby@terrellmarshall.com
    Elizabeth Schatz Cordero, WSBA #63175
    Email: eschatzcordero@terrellmarshall.com
    1700 Westlake Avenue North, Suite 300
    Seattle, Washington 98109
    Telephone: (206) 816-6603

    Andrew P. Green, WSBA #32742
    Email: andy@greenlegalcounsel.com
    GREEN LEGAL COUNSEL, PLLC
    1919 N. Pearl Street, Suite B-3
    Tacoma, Washington 98046
    Telephone: (253) 625-7300

    Anthony I. Paronich, *Admitted Pro Hac Vice*
    Email: anthony@paronichlaw.com
    PARONICH LAW, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, Massachusetts 02043

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 11
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Telephone: (617) 485-0018

*Attorneys for Plaintiff and Proposed Settlement Class*

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 12
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com