THE HONORABLE LAUREN KING

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DAVID J. KOVANEN, an individual, and all
those similarly situated,

                    Plaintiff,

        v.

ASSET REALTY, LLC d/b/a CENTURY 21
NORTHWEST, a Washington limited liability
company; CHAD BARRON STOREY,
individually; CENTURY 21 REAL ESTATE LLC;
ANYWHERE REAL ESTATE INC.; ANYWHERE
REAL ESTATE GROUP, LLC; ANYWHERE REAL
ESTATE SERVICES GROUP LLC; ANYWHERE
INTERMEDIATE HOLDINGS LLC,

                    Defendants.

NO. 3:25-cv-05078-LK

**DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT**

I, Jennifer Rust Murray, declare as follows:

**A.      Background and experience.**

1.      I am a member of the law firm of Terrell Marshall Law Group PLLC and co-counsel of record for Plaintiff in this matter. I am admitted to practice before this Court and am a member in good standing of the bar of the states of Washington and Oregon. I respectfully submit this declaration in support of Plaintiff's Renewed Motion for Preliminary Approval. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 1
Case No. 3:25-cv-05078-LK

2.      Terrell Marshall is a law firm in Seattle, Washington, that focuses on complex civil and commercial litigation with an emphasis on consumer protection, product defect, civil rights, and wage and hour cases. Terrell Marshall has been appointed lead or co-lead counsel representing multi-state and nationwide classes in state and federal court in Washington and throughout the United States. Since its founding in 2008, the attorneys at Terrell Marshall have represented scores of classes, tried class actions in state and federal court, and obtained hundreds of millions of dollars in monetary relief to workers, consumers, and other individuals.

3.      I am a founding member of Terrell Marshall who practices complex litigation, including the prosecution of consumer and wage and hour class actions. In 2005, I received my J.D. from the University of Washington School of Law where I was a member of the Washington Law Review. My law review article entitled "Proving Cause in Fact under Washington's Consumer Protection Act: The Case for a Rebuttable Presumption of Reliance" won the Carkeek prize for best submission by a student author. Before law school, I earned a Ph.D. in Philosophy from Emory University. I have been an active member of the Washington State Bar Association since my admission to the bar in 2005. I was admitted to the Oregon State Bar in 2010. I currently am vice-president of the board of Washington's Unemployment Law Project. I regularly present at legal conferences on consumer issues.

4.      Attached to this declaration as **Exhibit 1** is a true and correct copy of the fully executed Amended Settlement Agreement and Release of Claims, dated March 27, 2026.

**B.      Qualifications of other Terrell Marshall attorneys involved in this case.**

5.      Beth E. Terrell is a founding member of Terrell Marshall. With almost thirty years of experience, Ms. Terrell concentrates her practice in complex litigation, including the prosecution of multi-plaintiff, collective, mass and class litigation and arbitration on behalf of consumers and workers. Ms. Terrell has served as co-lead counsel on multi-state and nationwide class actions, resulting in hundreds of millions of dollars in settlements for consumers and workers. Ms. Terrell also represents individual employees with discrimination, sexual harassment, trade secret and restrictive covenant claims. Ms. Terrell co-chairs PLI's

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 2
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Consumer Financial Services Institute, is a past President of the Public Justice Foundation Board of Directors, serves as Chair of both the Northwest Consumer Law Center and the Washington Employment Lawyers Association, and is a fellow of the American College of Consumer Financial Services Lawyers. In 2023, Ms. Terrell was awarded the National Consumer Law Center's Vern Countryman Award, recognizing special contributions to consumer law. A member of the State Bar of California and the Washington State Bar Association, Ms. Terrell frequently presents on a wide variety of topics, including class actions, consumer protection, legal ethics, gender equity, and electronic discovery.

6.      Eden Nordby is an associate at Terrell Marshall. Ms. Nordby joined Terrell Marshall as an associate in 2021. Ms. Nordby concentrates her practice on complex civil litigation, including consumer protection and wage and hour class actions. Ms. Nordby also litigates employment discrimination, wrongful termination, and commercial disputes. Ms. Nordby received her J.D. from the University of Washington in 2021. During law school Ms. Nordby served as Executive Managing Editor of the Washington Journal of Environmental Law and Policy. She received the WSBA Labor & Employment Section 2019 Summer Grant for her public service work and commitment to labor and employment issues. Ms. Nordby is trained as a mediator and mediated a number of individual civil matters through the UW School of Law Mediation Clinic. Before joining the firm as an attorney, Ms. Nordby was a senior paralegal at Terrell Marshall from the time the firm opened in 2008 until starting law school in 2018.

7.      Elizabeth Schatz Cordero joined Terrell Marshall as an associate in 2025. Ms. Schatz Cordero graduated summa cum laude from the University of California, Irvine School of Law in 2023 as a Public Service Scholar. During law school, she externed with the Youth Law Center and Earthjustice Northwest Office and was a certified law student in the Environmental Law and Workers, Law, and Organizing Clinics. Prior to joining Terrell Marshall, she worked as a law clerk for the Honorable John H. Chun in the Western District of Washington, and as a staff attorney at the United States Court of Appeals for the Ninth Circuit.

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 3
Case No. 3:25-cv-05078-LK

**C.    Other cases litigated by Terrell Marshall.**

8.    Examples of Commercial Electronic Mail Act and Telephone Consumer Protection Act class actions that Terrell Marshall is litigating or has litigated to successful completion include:

  a.  *Bottoms v. Block, Inc. (F/K/A, Square, Inc.) (D/B/A, Cash App)* (CEMA)—Filed in 2023 on behalf of Washington consumers who received unsolicited text messages on their cell phones without providing clear and affirmative consent in advance. The Western District of Washington granted final approval to the parties' $12.5 million settlement on December 2, 2025.

  b.  *Samson v. UnitedHealthcare Services, Inc.* (TCPA)—Filed in 2019 on behalf of consumers who received robocalls on their cell phones without their prior express consent. The Western District of Washington granted final approval of the $2.5 million settlement on June 20, 2025.

  c.  *Williams v. PillPack LLC* (TCPA)—Filed in 2019 on behalf of consumers who received robocalls on their cell phones without their prior express written consent. The Western District of Washington granted final approval of the $6.5 million settlement on April 18, 2025.

  d.  *Moore v. Robinhood Financial LLC* (CEMA)—Filed in 2021 on behalf of Washington residents who received unsolicited text messages on their cell phones without providing clear and affirmative consent in advance. The Western District of Washington granted final approval of the $9 million settlement on July 16, 2024.

  e.  *Berman v. Freedom Financial Network, LLC, et al.*(TCPA)—Filed in 2018 on behalf of consumers who received texts and robocalls on their cell phones without their prior express written consent. The Northern District of California granted final approval of the $9.5 million settlement on February 23, 2024.

  f.  *Abante Rooter & Plumbing, Inc., et al. v. Alarm.com Inc., et al.* (TCPA)—Filed in 2015 on behalf of consumers who received solicitation calls on their cellular and residential telephones without their prior express consent. The Northern District of

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 4
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

California granted final approval of the $28 million settlement on August 15, 2019.

g. *Borecki v. Raymours Furniture Co., Inc.* (TCPA)—Filed in 2017 on behalf of consumers who received spam text messages on their cellular telephones without their prior express consent. The Southern District of New York granted final approval of the $4.25 million settlement on September 10, 2019.

h. *Snyder v. Ocwen Loan Servicing, LLC* (TCPA)—Filed in 2014 on behalf of consumers who received automated collection calls on their cellular telephones without their prior express consent. The Northern District of Illinois granted final approval of the $21.5 million settlement on May 14, 2019.

i. *Melito, et al. v. American Eagle Outfitters, Inc., et al.* (TCPA)— Filed in 2014 on behalf of consumers who received spam text messages on their cellular telephones without their prior express consent. The Southern District of New York granted final approval to the $14.5 million settlement on September 11, 2017, which the Second Circuit affirmed on April 30, 2019.

j. *In re Capital One Telephone Consumer Protection Act Litigation* (TCPA)—Filed in 2012 on behalf of consumers who received automated, prerecorded collection calls on their cellular telephones without their prior express consent. Terrell Marshall served as co-lead counsel in the multidistrict litigation. The Northern District of Illinois granted final approval of the $75 million settlement on February 23, 2015.

k. *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation* (TCPA)—Filed in 2011 on behalf consumers who received automated, prerecorded solicitation calls on their residential and telephones without their prior express consent. Terrell Marshall served as co-lead counsel in the multidistrict litigation. The Northern District of West Virginia granted final approval of the $28 million settlement on June 12, 2018.

l. *Abante Rooter & Plumbing, Inc. v. Pivotal Payments Inc.* (TCPA)—Filed in 2016 on behalf of consumers that received automated solicitation telephone calls to their cell phones

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 5
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

without their prior express consent. The Northern District of California granted final approval of the $9 million settlement on October 15, 2018.

m. *Wilkins, et al. v. HSBC Bank Nevada, N.A., et al.* (TCPA)—Filed in 2014 on behalf of individuals who received prerecorded calls using an automatic dialing system without their prior consent. The Northern District of Illinois granted final approval of the $39.9 million settlement on March 17, 2015.

n. *Booth v. Appstack, Inc.* (TCPA)—Filed in 2013 on behalf of small businesses that received prerecorded calls using an automatic dialing system on cellular telephone lines without their prior consent. The court certified the class, denied a motion to decertify, denied the defendants' motion for summary judgment and granted partial summary judgment for the class. The case settled on the eve of trial and the court granted final approval of the $975,000 settlement in 2017.

9. Additional information about class actions litigated by Terrell Marshall is available on our website www.terrellmarshall.com.

**D.     The prosecution of this case.**

10. Plaintiff David J. Kovanen filed this lawsuit in December 2021 after receiving several unsolicited text messages from "Century21 Northwest" and "Century21" asking if he was interested in selling his home or buying more property. He initially sued Asset Realty, LLC, which was doing business as Century 21 Northwest, and its sole member and manager, Chad Barren Storey ("Asset Defendants"), on behalf of a proposed class of similarly situated Washingtonians, alleging that they substantially assisted real estate agents in transmitting unsolicited commercial text messages to class members in violation of the CEMA and CPA.

11. In September 2023, Plaintiff amended his complaint to add Asset Realty's franchisor, Century 21 Real Estate LLC, and its parent and affiliated companies (collectively, "Anywhere Defendants").

12. On January 10, 2025, Plaintiff filed a Second Amended Complaint alleging that Defendants not only violated CEMA but also violated the TCPA's National Do-Not-Call provisions

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 6
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

by sending text messages to telephone numbers on the National DNC Registry without first obtaining prior, express, written consent.

13.    From the outset the litigation was contentious and hard fought. The Asset Defendants initially failed to respond to Plaintiff's complaint, forcing Plaintiff to move for an order of default.

14.    The Asset Defendants moved to dismiss, and Plaintiff prevailed on the motion.

15.    Plaintiff propounded multiple sets of requests for production and interrogatories as well as requests for admission. Discovery disputes were so contentious that, after granting Plaintiff's motion to compel responses and entering a stipulated protective order relating to some of the discovery disputes, the Court appointed Judge Paris Kallas (Ret.) to serve as discovery master. Judge Kallas held several discovery conferences.

16.    Plaintiff's initial discovery efforts focused on obtaining data about the allegedly illegal text messages. For example, Plaintiff's Interrogatory No. 5 sought information regarding "each and every text message" Defendants "have sent since December 8, 2017 to prospective customers with telephone numbers in Washington area codes (i.e., (206) (253) (360) (425) (509) and (564)) in which you inquired about their interest in buying or selling property."

17.    The Asset Defendants initially refused to answer Interrogatory No. 5. After Plaintiff moved to compel and the superior court granted his motion in part, the Asset Defendants produced over 7,000 pages of outgoing text message data and over 2,000 pages of incoming text message data. Mr. Storey verified Asset Realty's answer to Interrogatory No. 5. Attached to this declaration as **Exhibit 2** is a true and correct copy of excerpts from Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Asset Realty, LLC with July 31, 2023 Supplemental Answers Thereto. The Asset Defendants continued to resist producing the discovery after Judge Kallas was appointed as discovery master, requiring further briefing and discovery conferences on the subject.

18.    The data that Defendants produced in response to Interrogatory No. 5 showed the date the text message was sent, the telephone number to which the text was sent, the

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 7
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

content of the message, and included columns labeled "consent" and "DNC." All of the telephone numbers to which the texts were sent had Washington area codes. The data Defendants produced contains only partial names and/or addresses associated with the telephone numbers that received the text messages. Plaintiff attempted to obtain full name and contact information associated with the telephone numbers, but his motion was denied. My firm has preserved all data produced in discovery.

19.     Attached to this declaration as **Exhibit 3** is a true and correct copy of the Discovery Master's "Order on October 17 and October 24, 2022 Discovery Conferences" dated November 3, 2022.

20.     On February 23, 2023, Asset filed a Chapter 11 bankruptcy petition, in the Western District of Washington Bankruptcy Court. The bankruptcy was converted to a Chapter 7 in December 2023.

21.     The Chapter 11 bankruptcy filing in February 2023 stayed discovery as to Asset. Plaintiff continued to proceed with discovery, including written discovery and a deposition notice, directed to Storey, who was not a debtor in the bankruptcy. Asset's bankruptcy lawyer took the position that the automatic bankruptcy stay barred Plaintiff from seeking discovery from Storey, who, through new counsel, removed this case to the bankruptcy court. On July 11, 2023, the bankruptcy court granted Plaintiff's motions for abstention and to remand the case back to this Court, lifting the stay as to both Asset and Storey.

22.     Plaintiff focused his post-remand discovery efforts on obtaining the documents he needed to prove his class claims, including documents relating to the manner in which the Asset Defendants were able to use their homegrown lead generation system, Pipeline Platform, to identify telephone numbers belonging to people who might be interested in using their real estate services to buy or sell a house. Defendants retained two e-discovery vendors to access and preserve internal and external email correspondence about their lead generation process generally and sending text messages housed in the Office 365 environment.

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 8
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

23. After analyzing documents filed in the bankruptcy proceeding, Plaintiff amended his complaint to add the Anywhere Defendants, alleging that they substantially assisted in Asset's operation, including the transmission of the texts at issue in this case.

24. Plaintiff also participated in the bankruptcy proceedings to protect his and the proposed class's creditor claim and ensure that Asset retained evidence pertinent to his claims in this case.

25. Plaintiff and the Asset Defendants mediated in August 2022 with assistance from Honorable Ronald E. Cox (Ret.). The case did not settle. After Asset filed for Chapter 11 bankruptcy protection, Kovanen, Asset, and Storey participated in a settlement conference with Bankruptcy Judge Honorable Mary Jo Heston. The settlement conference with Judge Heston, which required two days to complete, was unsuccessful, but the parties continued negotiations through 2024. The parties made progress but could not agree.

26. When it became clear that settlement talks had failed, Plaintiff began preparing his motion for class certification. The first step was to retain an expert to analyze the texting data produced by Asset. Plaintiff filed his motion and expert report in Pierce County Superior Court on January 10, 2025. He filed his Second Amended Complaint the same day.

27. Defendants removed the case to federal court in February 2025. After the case was removed, the parties participated in a second settlement conference, this time with Judge Theresa Fricke, on March 27, 2025. The parties agreed to material settlement terms and finalized the Settlement Agreement on May 14, 2025. Throughout all settlement conferences, Plaintiff insisted that any settlement include meaningful practice changes designed to prevent Defendants from sending unlawful telemarketing texts in the future.

28. Before the settlement conference with Judge Fricke, my firm served subpoenas on the two e-discovery vendors Asset Defendants retained in 2023, seeking documents and data that had been extracted from Asset Realty's Pipeline Platform CRM system and Asset Realty's Office 365 environment. The cover letter sent with the subpoena demanded that each e-discovery vendor preserve information in their possession relating to Defendants and

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 9
Case No. 3:25-cv-05078-LK

instructed each to suspend any automated destruction policies they had in place related to Defendants and their accounts. One of the e-discovery vendors retained by Defendants produced the email correspondence housed in the Office 365 environment in response to the subpoena and my firm has preserved those emails.

29.    On February 19, 2025, my firm served a subpoena on Amazon Web Services (AWS), which we understood hosted the Pipeline Platform system. We sent a cover letter with the subpoena demanding that AWS preserve information in its possession relating to Defendants and instructing it to suspend any automated destruction policies it had in place related to Defendants and their accounts. In response to the subpoena, AWS confirmed that an active account existed but refused to produce its contents (or credentials through which the contents could be accessed). I contacted Defendants' counsel to see if their clients would provide this permission, but no one gave me permission. As I understand it, Mr. Storey believed the account was controlled by the bankruptcy trustee and the bankruptcy trustee believed the account was controlled by Mr. Storey. Plaintiff does not know whether the data hosted on AWS has been preserved or not.

30.    At my direction, staff members from my firm have downloaded and preserved the videos referenced in the SA section II.2.6.10.

31.    On May 16, 2025, Plaintiff moved for preliminary approval of the Class Action Settlement.

32.    On November 7, 2025, the Court denied without prejudice the request for preliminary settlement approval. The Court identified numerous issues with the Settlement Agreement, Notice Forms, and preliminary approval briefing.

33.    The parties reopened settlement discussions and executed an Amended Settlement Agreement to address the Court's concerns. The Amended Settlement Agreement includes a narrowed class definition, revises key deadlines, clarifies individual settlement payment calculations, and adjusts the injunctive relief. Additionally, the notice and claim forms have been revised to address the issues and inconsistencies identified by the Court.

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 10
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

34.     Mr. Kovanen has actively participated in this case. He assisted with the case investigation and provided detailed responses to Defendants' interrogatories, production requests, and requests for admission, producing hundreds of pages of documents. He participated in person at all three mediations and was and is ready and willing to sit for his deposition and testify at trial.

**E.     Claimant Awards, Settlement Administrator Selection, and Attorneys' Fees and Costs**

35.     I estimate that the total amount available from the Settlement Fund to pay claimants will be $254,237. This amount assumes that the Court grants counsel's request to be paid $231,000 in attorneys' fees, $93,098 in out-of-pocket costs. It also assumes that settlement administration costs will be $121,665.

36.     Mr. Kovanen will not seek a separate service award.

37.     Each Settlement Class Member who submits a valid claim will receive a Claimant Award calculated with the following formula: Net Settlement Fund (Settlement Fund less the Settlement Administration costs and attorneys' fees and costs) divided by the total Shares of each Eligible Claimant multiplied by each Eligible Claimant's number of Shares. Eligible Claimants will receive one Share for each text message that is not an Eligible NDNCR Text Message (Non-NDNCR Text Message). Eligible Claimants will receive two Shares for each Eligible NDNCR Text Message. An Eligible NDNCR Text Message is a text message that an Eligible Claimant received on a telephone number that had been on the National Do Not Call Registry (NDNCR) for more than 30 days and the Eligible Claimant received two or more texts within a twelve-month period.

38.     To illustrate, assume a Net Settlement Fund of $250,000 and Eligible Claimants received a total of 25,000 Shares. Each Share would have a value of $10 ($250,000/25,000 = $10). If Class Member Mary received 4 text messages total and 3 were Eligible NDNCR Text Messages, Class member Mary would have 7 Shares (3 Eligible NDNCR Text Messages x 2 = 6 Shares + 1 Non-NDNCR Text Message = 7 Shares total) and would receive a Claimant Award of $70 ($250,000/25,000 x 7 = $70). If Class Member John received 4 texts but none were Eligible

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 11
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

NDNCR Text Messages, Class Member John would receive a Claimant Award of $40 9$250,000/25,000 x 4 = $40).

39. According to data obtained from Defendants, the average Settlement Class Member has an average of 3.57 Shares. If 5% of the Shares are claimed, Plaintiff's counsel estimates that a claimant with the average number of Shares will receive approximately $53. If 10% of the Shares are claimed, a claimant with the average number of Shares will receive approximately $26.

40. This range is calculated as follows. The Settlement Class List has 95,862 telephone numbers on it with a total of 341,939 Shares. Five percent of the total Shares is 17,097 Shares (341,939 * 0.05 = 17,096.95). Ten percent of the total Shares is 34,194 Shares (341,939 * 0.10 = 34,193.9). If 5% of the Shares are claimed, the per share claim amount equals $14.87 ($254,237/[17,097 Shares]). If 10% of the Shares are claimed, the per Share claim amount equals $7.43 ($254,237/[34,194 Shares]). To calculate the estimated payment range, Plaintiff's counsel multiplied each per Share amount by the average number of Shares (i.e., 3.57). The estimated payments for class members, assuming a 5–10% range of Shares claimed, is $26–$53.

41. Plaintiff's counsel selected Continental DataLogix LLC (CDL) as the Settlement Administrator. CDL was selected after a competitive bidding process that considered pricing and firm credentials. We solicited three bids, all of which were competitive. We chose CDL in part due to CDL's excellent recent work in a TCPA case that was recently approved by Judge Pechman in the Western District of Washington, *Samson v. United Healthcare Services, Inc.*, No. 19-cv-00175-MJP. CDL originally estimated that administration expenses in this case would not exceed $100,000. Based on its work in *Samson*, however, CDL revised its bid to $107,165 to make sure it was realistic. To address the Court's Notice concerns outlined in its November 7, 2025, order denying preliminary approval, dkt. 39, Plaintiff's counsel worked with CDL to enhance the notice plan, which increased the total cost to $121,665.

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 12
Case No. 3:25-cv-05078-LK

42.     Plaintiff provided the Class List to CDL so it could conduct "reverse lookups" to match the telephone numbers on the Class List with the name and contact information obtained from public databases.

43.     Terrell Marshall has advanced significant costs for and invested numerous hours into the investigation and prosecution of this case. We will continue to commit the time and resources necessary to litigate the case and fairly and adequately represent and protect the interests of the Class.

44.     I anticipate Plaintiff's counsel will ask the Court to approve a fee award of $231,000, which is one-third of the Settlement Fund. Plaintiff also will ask to be reimbursed for the out-of-pocket costs he and his counsel have incurred prosecuting this case.

45.     My firm maintains contemporaneous time records of all work performed in this case. As of May 7, 2025, our firm had incurred $723,395 in attorneys' fees and our co-counsel has incurred approximately $171,000 in attorneys' fees. In connection with our motion for fees, I will audit all firms' time records to ensure any lodestar numbers exclude administrative and duplicative work. As per the Court's November 7, 2025, Order and other cases from this Court, we will not seek attorney's fees for any work we have performed negotiating the Amended Agreement, correcting errors, and drafting this renewed motion. *See N.D. v. Reykdal*, No. 2:22-CV-01621-LK, 2024 WL 4751368, at *2 (W.D. Wash. Oct. 15, 2024) ("Plaintiffs . . . may not seek attorney's fees for their work correcting counsel's mistakes in any forthcoming third motion for preliminary approval."). Unless the Court orders otherwise, we plan to submit our fee detail to the Court with our motion for attorneys' fees and costs. Our firms prosecuted this case on a contingency basis with no guarantee we would ever be paid for our work.

46.     Our firms have paid out of pocket over $93,098 to prosecute this case. Mr. Kovanen has reimbursed Green Legal Counsel, PLLC for $11,202.31 of that amount.

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 13
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington  98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

EXECUTED at Seattle, Washington and DATED this 27th day of March, 2026.

By: /s/ Jennifer Rust Murray, WSBA #36983
Jennifer Rust Murray, WSBA #36983

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
APPROVAL OF AMENDED CLASS ACTION SETTLEMENT - 14
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com