# - Exhibit 1 -

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

## AMENDED SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Amended Agreement") is entered into as of the last date of any signature below ("Execution Date") by and among:

(a)   Plaintiff David J. Kovanen, individually and as representative of the proposed Settlement Class, as defined below;

(b)   The chapter 7 estate of Asset Realty, LLC in the Chapter 7 Case (defined below) (the "Chapter 7 Estate");

(c)   Chad Barron Storey ("Storey");

(d)   Anywhere Real Estate Inc., Anywhere Real Estate Group LLC, Anywhere Real Estate Services Group LLC, Anywhere Intermediate Holdings LLC, and Century 21 Real Estate LLC (collectively, "Anywhere Defendants" and together with Asset (defined below) and Storey, "Defendants"); and

(e)   General Star National Insurance Company and GenStar Insurance Services, LLC ("Gen Star" or the "Insurer").

### RECITALS

A.      Plaintiff filed a lawsuit against Asset Realty, LLC d/b/a Century 21 Northwest ("Asset") and Storey in Pierce County Superior Court. Plaintiff claimed that Defendants violated Washington state law by transmitting or substantially assisting in the sending of unsolicited commercial text messages to Washington residents. Plaintiff amended his complaint to add the Anywhere Defendants as additional Defendants. Plaintiff filed a Second Amended Complaint, alleging that Defendants also violated the federal Telephone Consumer Protection Act's (TCPA) National Do-Not-Call provisions by sending text messages to telephone numbers on the National Do-Not-Call registry without first obtaining prior, express, written consent. The Action was removed to United States District Court for the Western District of Washington and is assigned to the Honorable Lauren King. *David J. Kovanen v. Asset Realty, LLC, d/b/a Century 21 Northwest, Chad Barron Storey, Anywhere Real Estate Inc., Anywhere Real Estate Group LLC, Anywhere Real Estate Services Group LLC, Anywhere Intermediate Holdings LLC, and Century 21 Real Estate LLC*, No. 3:25-cv-05078-LK (W.D. Wash.) (the "Action").

B.      This case has been litigated for over four years. Plaintiff, Storey, and Asset engaged in discovery that became so hotly contested the judge assigned to the matter in Pierce County Superior Court appointed the Honorable Paris Kallas (Ret.) to serve as discovery master.

C.      Gen Star has paid for the defense of the litigation under a reservation of rights.

D.      In 2023, Asset filed for chapter 11 bankruptcy protection, which was eventually converted to a chapter 7 proceeding. The Chapter 7 Case (defined below) is titled *In re Asset Realty, LLC*, Case No. 23-BK-10326-CMA (U.S. Bankruptcy Court for W.D. Wash.).

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

E.       The parties engaged in four mediations/settlement conferences. The first mediation took place in August 2022. Plaintiff, Asset, and Storey participated in that mediation and were assisted by the Honorable Ronald E. Cox (Ret.). The case did not settle. Plaintiff, Asset, and Storey participated in a settlement conference in September 2023 with the Honorable Mary Jo Heston, who is a United States Bankruptcy Judge in the United States Bankruptcy Court for the Western District of Washington. Again, the case did not settle. All parties participated in a second settlement conference with Judge Heston on November 29, 2023. Again, the case did not settle. However, the parties continued settlement discussions throughout late 2023 through 2024. The parties participated in a settlement conference on March 27, 2025 with the Honorable Theresa Fricke, who is a United States Magistrate Judge for the Western District of Washington. The parties reached an agreement on the settlement's material terms and executed a term sheet (the "Term Sheet").

F.       Defendants deny the material allegations in the Action and deny all liability with respect to the facts and claims alleged in the Action. Nevertheless, without admitting or conceding liability, and while continuing to deny that the claims asserted in the Action would be appropriate for class treatment if prosecuted at trial, Defendants now desire to settle the Action on the terms and conditions set forth in this Amended Agreement to avoid the burden, expense, and uncertainty of continuing litigation and to put to rest all claims that were, or could have been, brought in the Action or in similar litigation based on the facts alleged in the Action.

G.       Class Counsel, as defined below, have analyzed and evaluated the merits of all parties' contentions and the impact of this Amended Agreement on the members of the Settlement Class, as defined below. Based on that analysis and evaluation, and recognizing the risks of continued litigation; the likelihood that the Action, if not settled now, may be protracted and will further delay any relief to the proposed class; and the reality that it may be difficult to collect on any judgment given the Asset bankruptcy; Plaintiff and Class Counsel are satisfied that the terms and conditions of this Amended Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action on the terms described in this Amended Agreement is in the best interests of the Settlement Class.

NOW, THEREFORE, in consideration of the covenants and agreements set forth in this Amended Agreement, the parties, for themselves and through their undersigned counsel, agree to the following settlement, subject to approval of both the Bankruptcy Court (as defined below) and the District Court (as defined below), under the following terms and conditions:

## I.    DEFINITIONS

In addition to the terms defined parenthetically in this Amended Agreement, the following definitions apply to this Amended Agreement:

1.1      "Bankruptcy Court" means the United States Bankruptcy Court for the Western District of Washington, which is where the Chapter 7 Case is pending.

1.2      "Chapter 7 Case" means that certain chapter 7 bankruptcy matter titled *In re Asset Realty, LLC*, Case No. 23-BK-10326-CMA (U.S. Bankruptcy Court for W.D. Wash.) involving the Chapter 7 Estate.

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**1.3**    "Claimant Award" means the cash payment available to Eligible Claimants as described in Paragraph 4.6 below.

**1.4**    "Class Counsel" means Terrell Marshall Law Group PLLC, Green Legal Counsel, PLLC, and Paronich Law, P.C.

**1.5**    "Class List" means the list of telephone numbers that Plaintiff's expert identified from Defendants' records as: (a) containing a Washington area code; (b) capable of receiving text messages because the telephone numbers were assigned to a cellular or VOIP service; and (c) having received a text message that had not been sent after Defendants' records showed that the recipient sent Defendants an inbound text. The Class List also indicates whether the telephone number was on the National Do Not Call Registry for more than 30 days before the date of the text and received two or more calls within a 365-day period.

**1.6**    "Defendants" means Asset Realty, LLC, d/b/a Century 21 Northwest (Asset), Chad Barron Storey (Storey), and Anywhere Real Estate Inc., Anywhere Real Estate Group LLC, Anywhere Real Estate Services Group LLC, Anywhere Intermediate Holdings LLC, and Century 21 Real Estate LLC. Notwithstanding the foregoing, it being understood that, as set forth in the Term Sheet, Asset shall "have no obligations whatsoever" in connection with this settlement, the defined term "Defendants" shall not be deemed to include Asset to the extent that including Asset in any context would create any obligations whatsoever on behalf of Asset, including without limitation any covenants, representations, and/or warranties.

**1.7**    "District Court" means the United States District Court for the Western District of Washington, which is the court in which the Action is pending.

**1.8**    "Distribution Date" means a date thirty (30) calendar days from the date of Final Approval.

**1.9**    "Eligible Claimant" means a Settlement Class Member who complies with the claim submission requirements set forth in Paragraphs 4.3 and 4.4 below, including the requirements for submission of a Claim Form (Exhibit A).

**1.10**    "Final Approval" means that (a) the Court has entered the Settlement Order and Final Judgment; and (b) thirty–one (31) calendar days have passed after entry of the Settlement Order and Final Judgment by the Court without any appeals or requests for review of the Court's Settlement Order and Final Judgment being filed, or, if appeals or requests for review have been taken, the time has passed for seeking further review after orders on appeal affirming the Settlement Order and Final Judgment, or review has been denied after exhaustion of all appellate remedies.

**1.11**    "Parties" means Plaintiff, Defendants, and Gen Star. Notwithstanding the foregoing, it being understood that, as set forth in the Term Sheet, Asset shall "have no obligations whatsoever" in connection with this settlement, the defined term "Defendants" shall not be deemed to include Asset to the extent that including Asset in any context would create any obligations whatsoever on behalf of Asset, including without limitation any covenants, representations, and/or warranties.

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**1.12**    "Plaintiff" means David J. Kovanen.

**1.13**    "Preliminary Approval" means the Court has entered an order substantially in the form of Exhibit B ("Preliminary Approval Order") to this Amended Agreement, preliminarily approving the terms and conditions of this Amended Agreement, including the manner of providing Settlement Notice to the Settlement Class.

**1.14**    "Plaintiff's Released Claims" means all claims and causes of action, including, for the avoidance of doubt, any claims that have been, could have been, or may or could be asserted in the Chapter 7 Case and/or against the Chapter 7 Estate, that are based on the same factual predicate as that underlying the claims alleged in Plaintiff's Second Amended Complaint—i.e. the sending of commercial text messages to individuals on the Class List without their clear and affirmative consent between December 10, 2017 and June 17, 2022—including all claims that were or could have been brought under Washington's Commercial Electronic Mail Act, RCW 19.190 et seq., Washington's Consumer Protection Act, RCW 19.86 et seq., and the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. Plaintiff's Released Claims also includes a release of all claims the Parties may have against Gen Star both contractual and extracontractual related to this matter and Gen Star's handling of this matter.

**1.15**    "Plaintiff's Released Parties" means the Chapter 7 Estate, Asset, Storey, Gen Star, the Anywhere Defendants and, in the case of Gen Star and the Anywhere Defendants, all direct and indirect parents, subsidiaries, affiliates, and franchisees, along with all of their agents, trustees, employees, attorneys and independent contractors.

**1.16**    "Mutually Released Claims" means the Parties' agreement to mutually release and forever discharge each other from all claims, demands, or liabilities, whether known or unknown, raised in or related to the Action and/or the text messages at issue.

**1.17**    "Settlement Administration" means the process under the Court's supervision, that includes, but is not limited to, the manner in which the Settlement Notice is provided, notice to Settlement Class Members, claim processing, and the making of the calculations, payments, and distributions required under this Amended Agreement, are effectuated. The cost for Settlement Administration is deducted from the Settlement Fund.

**1.18**    "Settlement Administrator" means Continental DataLogix, the independent company that Plaintiff has selected to notify the Settlement Class of the Settlement and administer the Settlement, as described in Sections 3.3 and 4 of this Amended Agreement.

**1.19**    "Settlement Class" means:

All persons who (1) received commercial electronic text messages promoting Asset Realty LLC d/b/a Century 21 Northwest's real estate services; (2) between December 10, 2017 through June 17, 2022 ("Class Period"); (3) on a telephone number which is included in the "Class List."

The Settlement Class does not include Defendants, any entity that has a controlling interest in Defendants, and Defendants' current or

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any persons who validly request exclusion from it.

**1.20** "Settlement Class Member" means individuals or entities who are within the Settlement Class.

**1.21** "Settlement Fund" means a total amount of seven hundred thousand dollars ($700,000.00) Defendants will make available for any and all payments under this Amended Agreement, including but not limited to, Settlement Notice, Settlement Administration, attorneys' fees, costs, and expenses, and Claimant Awards as set forth in Paragraphs 2.1, 2.2, and 2.3 below.

**1.22** "Settlement Notice" means the notice provided to the Settlement Class of the class action status and proposed settlement of the Action, including the Settlement Website Notice (Exhibit C), the Email Notice (Exhibit D), the Postcard Notice (Exhibit E), the Reminder Notice (Exhibit F), and the Publication Notice (Exhibit G). The Settlement Notice will include a hearing date set by the Court to consider objections, if any, to the settlement and to enter the Settlement Order and Final Judgment ("Final Approval Hearing").

**1.23** "Settlement Notice Date" means a date twenty-five (25) calendar days from the Class List Submission Date (defined in paragraph 2.4 below) which is thirty (30) calendar days from the date of Preliminary Approval.

**1.24** "Settlement Order and Final Judgment" means an order and judgment substantially in the form of Exhibit H to this Amended Agreement, entered by the Court approving this Amended Agreement as final and binding on the Parties and Settlement Class Members.

**1.25** "Superior Court" means Pierce County Superior Court in the State of Washington where the Action was initially pending until it was removed to federal court.

**1.26** The plural of any defined term includes the singular and the singular of any defined term includes the plural, as the case may be.

## II.    GENERAL TERMS OF SETTLEMENT

**2.1    Payment of Settlement Fund.** No later than thirty (30) calendar days after the date of Final Approval and after having been provided with a W-9, Gen Star and Century 21 Real Estate, LLC shall pay $700,000 to establish the Settlement Fund. Gen Star will pay at least $537,496.74, which are the remaining policy limits (subtracting therefrom $5,000, which shall be paid to the trustee for the benefit of the Chapter 7 Estate, to offset the costs already incurred by the Chapter 7 Estate in seeking and obtaining the Bankruptcy Court's approval of the original settlement agreement), and Century 21 Real Estate, LLC will pay the remaining amount, not to exceed $167,503.26. Defendants agree not to submit any invoices for payment that would cause the policy limits to be less than $537,496.74. Under no circumstances will the total amount of the Settlement Fund be below $700,000. The payments shall be made by check or wire transfer, payable to the "Century 21 Northwest CEMA Settlement QSF" account, and sent to Continental DataLogix at 1684 S. Broad Street, Suite 140, Lansdale, PA 19446. Gen Star's and the Anywhere Defendants' sole monetary obligation shall be to make the payments to the Settlement Fund as set

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

forth in this paragraph 2.1, and they shall not be required to make any further monetary payment for any purpose.

**2.2      Payments to Eligible Claimants.** As set forth more fully below, Defendants will pay, through the Settlement Administrator, each Eligible Claimant the Claimant Award applicable to that Eligible Claimant on or before the Distribution Date.

**2.3      Settlement Administration.** Settlement Administration shall occur under the Court's supervision. The costs of Settlement Administration (including, but not limited to, the costs of Settlement Notice, claims processing, and making the calculations, payments and distributions required under this Amended Agreement) shall be paid from the Settlement Fund. The Settlement Administrator shall administer the settlement. With regard to Settlement Notice, as the Settlement Administrator incurs expenses it shall invoice the Parties on a monthly basis. The Settlement Administrator will be permitted to deduct on a monthly basis from the Settlement Fund the amounts incurred to send notice and otherwise administer the settlement. The Settlement Administrator agrees that it will not invoice the Parties an amount that exceeds $122,000. Gen Star and Century 21 shall have no obligation to make payments to the Settlement Administrator other than as set forth in Paragraph 2.1 herein.

**2.4      Data.** Within five (5) calendar days of Preliminary Approval, Plaintiff shall provide to the Settlement Administrator (1) the "Class List" and (2) the names and contact information of the subscriber or ordinary user of the telephone numbers at the time the text messages at issue in this case were sent, to the extent Plaintiff has access to that information ("Class List Submission Date"). If the Class List does not include the subscriber or ordinary user information for a particular telephone number from Defendants' records, the Settlement Administrator will use reasonable efforts to locate the information using industry-standard methods including reverse lookups.

**2.5      Motion for Award of Attorneys' Fees, Costs, and Expenses.** No later than thirty (30) calendar days after the Settlement Notice Date (sixty (60) calendar days after the date of Preliminary Approval)—thirty (30) calendar days before the date objections, claims, and exclusion requests are due in compliance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010)—Class Counsel will apply to the Court for an award of attorneys' fees, costs and expenses. Defendants reserve the right to contest Class Counsel's fee motion. If Final Approval occurs, the Settlement Administrator shall pay from the Settlement Fund to Class Counsel the total amount approved by the Court for attorneys' fees, costs, and expenses in full and complete compensation for attorneys' fees, costs, and expenses, in the manner and at the time set forth in Paragraph 4.2 below.

**2.6      Non-monetary relief.**

**2.6.1** Storey represents and warrants that the software, source codes, configurations, passwords/access codes, attendant cloud storage passwords, lists (including customer leads lists and telephone numbers), and databases that comprise or comprised the computer system known as the Pipeline Platform (the "Assets") reside solely on the web hosting site hosted by web hosting service, AWS, and that neither he nor any entity directly or indirectly controlled by him has retained, or presently possesses, maintains, stores, or controls, directly or indirectly, any copies, reproductions, backups, or portions of the Assets in any form or location, whether acting

Page 6 of 23

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

alone or through any other person or entity. Storey further represents and warrants that no portion of the Assets are or will be used by or be incorporated into ConversionCoaching.ai or any other business he owns or controls.

2.6.2    Storey represents and warrants that neither he nor any entity directly or indirectly controlled by him has attempted to access or delete the Assets currently stored on AWS, and that they will not attempt to access or delete those Assets in the future absent a court order or subpoena requiring him to do so.

2.6.3    The Parties represent that Storey produced documents and data from the Assets during the course of discovery in the Action. These documents and data included, among other things, copies of the text messages at issue in this case.

2.6.4    To the extent the Assets are in the custody of the neutral web hosting service, they will remain there except that Plaintiff may obtain a copy of the Assets through subpoena, court-order, or mutual agreement of the Parties. Any information that Plaintiff obtains may be used solely for the purpose of this litigation, including but not limited to assisting the Settlement Administrator in sending notice of the settlement to the Settlement Class.

2.6.5    To the extent the Assets are in the custody of Plaintiff's counsel, they will remain there for the next seven years.  In the event the settlement is not approved by the Court, any Party may attempt to obtain access to the Assets; however, access will be limited to material that is discoverable by law and only pursuant to court order or by mutual agreement of the Parties.

2.6.6    The website pipelineplatform.com ("Pipeline Website") has previously been deactivated and deleted. For purposes of this provision, the Pipeline Website was a collection of files that included, for example, graphics, HTML, and other files, all of which have been deleted. Absent a court order, no party shall reinstate or otherwise reactivate the Pipeline Website in the future.

2.6.7    All information extracted from the Assets will be kept strictly confidential except to the extent necessary to secure court approval and administer the settlement. The Expert Report of Aaron Woolfson, which has been filed in the public domain in both Pierce County Superior Court and in the Western District of Washington (ECF No. 19-2, Ex. A, Vol. 2 pp. 1120-1310) and any other publicly-filed information are excepted from this provision and are not deemed confidential.

2.6.8    Storey, on behalf of himself and any company that Storey owns or controls, agrees that they will not knowingly contact any class member.

2.6.9    No party to this Amended Agreement shall attempt to reinstate Asset, which was administratively dissolved on September 3, 2024. Excepting the Chapter 7 Estate itself, no party to this Amended Agreement possesses, has acquired any rights to, or shall attempt to acquire any of Asset's assets except that Plaintiff may obtain a copy of the Assets through subpoena, court-order, or mutual agreement of the Parties. Any information that Plaintiff obtains may be used solely for the purpose of this litigation, including but not limited to assisting the Settlement Administrator in sending notice of the settlement to the Settlement Class.

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**2.6.10** Within five (5) calendar days of entry of the Final Approval Order, Storey will delete the videos (and all copies thereof) identified with black boxes and labeled 1-52 on Exhibit I to this Amended Agreement on the YouTube channel @AssetChad "Conversion Coaching AI," and remove them from said YouTube channel. Storey will permanently delete any copies of the videos from his records and will not possess, maintain, store, or control, directly or indirectly, any copies, reproductions, backups, or portions of the videos in any form or location. Plaintiff's counsel represent that they have downloaded and preserved the videos and will maintain the videos in their files for seven years.

### III.    SETTLEMENT APPROVAL AND SETTLEMENT NOTICE

**3.1    Preliminary Approval.** Within fourteen (14) calendar days of the Execution Date of this Amended Agreement, Plaintiff will move for an order in the form of Exhibit B ("Preliminary Approval Order"), which, *inter alia*, provisionally certifies the Settlement Class for settlement purposes only; appoints Plaintiff as "Class Representative;" appoints Class Counsel as counsel for the Settlement Class; grants the Court's Preliminary Approval of this Amended Agreement; approves Settlement Notice to the Settlement Class of the class action status and proposed settlement of the Action; approves the forms of Settlement Notice, which will be substantially in the form of Exhibits C-G; and sets a Final Approval Hearing date to consider objections, if any, to the settlement and to enter the Settlement Order and Final Judgment.

**3.2    Limited Effect of Settlement Class.** If this Amended Agreement terminates or is nullified, the provisional class certification in Exhibit B shall be vacated by its terms, and the Action shall revert to the status that existed before execution of this Amended Agreement. Thereafter, Plaintiff shall be free to pursue any claims available to them as well as class certification, and Defendants shall be free to assert any defenses available to them, including, but not limited to, denying the suitability of this case for class treatment. Nothing in this Amended Agreement shall be argued or deemed to estop any Party from the assertion of such claims and defenses.

**3.3    Settlement Notice.** The Parties will request that the Preliminary Approval Order direct that, by the Settlement Notice Date, the Settlement Administrator shall provide notice of the provisional class certification and proposed settlement to all Settlement Class Members as set forth below.

**3.3.1 Compiling the Notice List.** After receiving the Paragraph 2.4 data from Plaintiff, the Settlement Administrator will create a list of persons that will receive individual notice via email, or if unavailable, mail. If no name and/or contact information or only partial name and/or contact information exists for a particular telephone number, the Settlement Administrator shall use standard industry practices to locate contact information for these persons where necessary, including but not limited to reverse lookups.

**3.3.2 Settlement Website.** The Settlement Administrator shall post a downloadable copy of the Website Notice and Claim Form, substantially in the forms of Exhibits C and A, in .pdf format on a website it establishes. Other key legal documents, such as the motion for preliminary approval, any motion for attorneys' fees, costs, and

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

expenses, and any Court orders relating to the settlement, shall be made available on the website. The Internet address of the website and/or a hyperlink to the website shall be included prominently on the notices described in this Paragraph 3.3. The website shall be active and accessible by the Settlement Notice Date through one hundred eighty (180) calendar days after the Distribution Date. The Parties agree to confer in good faith to agree on the Internet address of the website.

**3.3.3 IVR Telephone Line.** The Settlement Administrator shall establish and maintain a toll-free IVR telephone line for Settlement Class Members to call with Settlement-related inquiries until the date of the Final Approval. Settlement Class Members that wish to obtain live assistance will be provided contact information for Class Counsel.

**3.3.4 Email Notice.** The Settlement Administrator will provide Settlement Notice to the Settlement Class Members via email where the Settlement Administrator identifies at least one email address for the Settlement Class Member either from Defendants' records or using industry-standard methods, including reverse lookups. The Email Notice will be provided by an email sent by the Settlement Administrator containing text substantially in the form of Exhibit D and will direct recipients to the website referred to in Paragraph 3.3.2 above. The Settlement Administrator shall be obliged to re-send any Email Notice returned as undeliverable to the next available email address or, if none is available, to send to the Settlement Class Member the Postcard Notice described in Paragraph 3.3.5 below. The Settlement Administrator will send a Reminder Email Notice, substantially in the form of Exhibit F, to any Settlement Class Members that have not filed a claim thirty (30) calendar days before the deadline for Settlement Class Members to file a claim. All email notices, including reminder notices, shall include a unique claims code associated with the notice recipient.

**3.3.5 Postcard Notice.** For any Settlement Class Member who does not have an email address available, the Settlement Administrator will provide Settlement Notice to the Settlement Class Members' mailing address, as identified by the Settlement Administrator, either from Defendants' records or through industry-standard methods including reverse lookups, via a postcard sent through U.S. mail (Exhibit E). Before mailing under this Paragraph, the Settlement Administrator shall run the postal addresses of the Settlement Class Members obtained through reverse lookups or from Defendants' records through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS. The Postcard Notice will be provided by a postcard sent via United States mail and will direct recipients to the website referred to in Paragraph 3.3.2 above. The Settlement Administrator must re-mail any Postcard Notice returned by the USPS with updated address information, and must run returned postcard notices without updated address information through a skip tracing process before re–mailing. Plaintiff's counsel may at their discretion request that the Settlement Administrator send a postcard reminder notice. All postcard notices shall include a unique claims code associated with the notice recipient.

**3.3.6 Online Publication Notice.** Throughout the claims period, the Settlement Administrator will conduct an online publication notice campaign targeted to individuals who are associated with the phone numbers contained in the Paragraph 2.4 data. The online

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

publication notice will be designed by the Settlement Administrator in accordance with standard industry practices. The advertisements will be similar to those reflected in Exhibit G and will direct recipients to the website referred to in Paragraph 3.3.2 above.

3.4    **Submission of Exclusion Requests or Objections.** Settlement Class Members shall be allowed sixty (60) calendar days from the Settlement Notice Date (ninety (90) calendar days from the date of Preliminary Approval) to request exclusion from the Settlement Class or to submit objections to the proposed settlement. The Settlement Notice, described in Paragraph 3.3 above, shall direct that exclusion requests or objections, if any, be sent to the Settlement Administrator by email or mail postmarked no later than sixty (60) calendar days from the Settlement Notice Date (ninety (90) calendar days from the date of Preliminary Approval). The Settlement Administrator will provide periodic updates on exclusion requests to Class Counsel and Defendants' Counsel. Any re-sending of Settlement Notice shall not extend the time for a Settlement Class Member to request exclusion or submit objections.

**3.4.1 Exclusion Requests.** Any exclusion request must include the requesting person's (i) name, address, and telephone number; (ii) a statement confirming that they want to exclude themselves from the Settlement Class in *Kovanen v. Asset Realty LLC, d/b/a Century 21 NW; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate, et al.*, Case No. 3:25-cv-05078-LK (W.D. Wash.); and (iii) the person's signature and the date. Each written request for exclusion must be signed by the individual seeking exclusion, submitted by the Settlement Class Member, and may only request exclusion for that one individual. No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion on behalf of any other person within the Settlement Class. "Mass" or "class" exclusion requests shall not be permitted.

**3.4.2 Objections.** Any objection must include the following: (i) the name and case number of this lawsuit (*Kovanen v. Asset Realty, LLC, d/b/a Century 21 NW; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate, et al.,* Case No. 3:25-cv-05078-LK (W.D. Wash.)), (ii) the Settlement Class Member's full name, address, and current telephone number; (iii) if the individual is represented by counsel, the name and telephone number of counsel, whether counsel intends to submit a request for fees, and all factual and legal support for that request; (iv) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and an explanation of the basis for the Settlement Class Member's contention that the Settlement Class Member is a Settlement Class Member, including the cellular telephone numbers on which the Settlement Class Member received a text message promoting Asset Realty LLC, d/b/a Century 21 Northwest's real estate services transmitted from December 10, 2017 through June 17, 2022; (v) the identity of any witnesses the objector may call to testify at the Final Approval Hearing; (vi) a list of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct copies of such exhibits; and (vii) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel, and if with counsel, the identity of such counsel (who must enter a written Notice of Appearance of Counsel with the Clerk of the Court). A Settlement Class

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

Member may withdraw an objection by communicating such withdrawal in writing to Class Counsel.

**3.5    Settlement Administrator Due Diligence Declaration and Report on Claim Administration**. No later than fifteen (15) calendar days after the Settlement Notice Date, the Settlement Administrator will provide to parties (who will then file with the Court) a Declaration of Due Diligence and proof of mailing and a description of any issues or problems that have arisen with notifying the class or any other aspect of the claims administration process, and any extensions that may be required to correct or mitigate such issues or problems. If any issues or problems arise after this date that may require an extension of the claims/opt out/objection period or other deadlines, the Settlement Administrator will notify the parties as soon as possible, and the parties must then file a notice and proposed resolution with the Court as soon as possible. No later than twenty-five (25) calendar days after completion of the Settlement Administrator's review of all Claim Forms the Settlement Administrator will provide the parties with a Report on Claim Administration, including how many class members received notice, the number of claims, the number of requests for exclusion, and the number of objections, and any other information the parties and/or Court should be aware of regarding the notification and claims administration process.

**3.6    Entry of Settlement Order and Final Judgment.** No later than twenty-one calendar days after the Settlement Administrator's Report on Claim Administration (one hundred and sixty-four (164) days after Preliminary Approval), Plaintiff will file a motion for final approval and request that the Court sign and approve the Settlement Order and Final Judgment (Exhibit H), which finds the Amended Agreement to be fair, reasonable, and adequate and orders that the Claimant Awards be paid to Eligible Claimants (as set forth below in Paragraph 4.6 below), that attorneys' fees, costs, and expenses be paid in the approved amount, dismisses the Action with prejudice, and bars Settlement Class Members from bringing claims within the scope of Plaintiff's Released Claims and Defendants from bringing claims within the scope of the Mutually Released Claims.

**3.7    Approval by Bankruptcy Court.** The Chapter 7 Estate obtained approval of the original settlement agreement from the Bankruptcy Court on or about June 20, 2025. This Amended Agreement does not contain any changes which implicate the interests of the Chapter 7 Estate. The Parties understand and agree that the Bankruptcy Court's approval does not guarantee approval from the Court or any other court with competent jurisdiction over this Amended Agreement.

## IV.    DISTRIBUTION OF PAYMENTS

**4.1    Responsibility for Distributions.** The Settlement Administrator will be responsible for making all distributions required under this Amended Agreement. The Settlement Administrator will have authority to make the computations necessary to determine the Claimant Award for each Eligible Claimant, as well as the authority to make all decisions reasonably necessary for the orderly implementation and administration of this Amended Agreement and the distribution of all payments prescribed in this Amended Agreement. The Settlement Administrator shall have no liability for any computation or Settlement Administration decision made in good faith and not inconsistent with the express terms of this Amended Agreement. Defendants shall

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

have no involvement in or responsibility for the distribution of payments prescribed in this Amended Agreement, including but not limited to the computation of any Claimant Award.

**4.2    Distribution of Attorneys' Fees, Costs, and Expenses.**  No later than thirty (30) calendar days after the date of Final Approval, the Settlement Administrator shall pay attorneys' fees, costs, and expenses, in an amount approved by the Court by a check or wire transfer made payable to Terrell Marshall Law Group PLLC.

**4.3    Submission of Claims and Eligibility for Distribution.**  To be eligible for distribution of any Claimant Award pursuant to this Amended Agreement, Settlement Class Members must submit a completed Claim Form on the Settlement Website or by mail to the address set forth on the Settlement Notice. The Claim Form that can be submitted online shall be substantially in the form attached as Exhibit A. The Claim Form that can be submitted by mail shall be available to download on the website or can be obtained by requesting a copy from the Settlement Administrator or Class Counsel and shall be substantially in the form attached as Exhibit A. To be timely, Claim Forms must be submitted online or postmarked by a date specified in the Settlement Notice, which shall not be less than sixty (60) calendar days after the Settlement Notice Date (ninety (90) calendar days after the date of Preliminary Approval).

**4.3.1 Attestation.** The Claim Form will require claimants to attest that they received one or more text messages from Century 21 Northwest, Century 21, C21 or C21 NW on a cellular telephone number without their clear and affirmative consent in advance and to state whether at the time they received the text messages they were residents of Washington State. If claimants state that they were not residents of Washington State at the time they received the text messages, they will not be eligible for payment unless their telephone number was on the National Do-Not-Call Registry for more than 30 days before they received the first text message and they received two or more text messages within a twelve-month period.

**4.3.2 Verification of Claim Forms with a Claims Code.** The Claim Form shall require claimants to submit a claims code, if they have been provided one via direct email or postcard notice.

**4.3.3 Verification of Claim Forms Without a Claims Code.** If a claimant does not have a claims code, then the claimant must provide a phone number that the claimant identifies as receiving the text messages from Century 21 Northwest, Century 21, C21 or C21 NW and that matches a phone number in the Class List. Claim Forms submitted without a Claims Code or a matching phone number will be marked by the Settlement Administrator as deficient.

**4.3.4 Administrative Information.**  The Claim Form shall require the Settlement Class Member to provide their name, mailing address, and an email address at which the Settlement Administrator can communicate with them about their claim.

**4.4    Determination of Claims.**  The Settlement Administrator shall review each Claim Form that is submitted. The Settlement Administrator shall use all reasonable efforts to complete its review of all Claim Forms no later than twenty-eight (28) calendar days after the deadline for

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

submitting a Claim Form. If the Claim Form is timely, sets forth the requisite information, is signed (by written or electronic signature), is not duplicative of a previously approved claim, and there is no indicia of fraud, then the Settlement Administrator will approve the claim. Class Counsel will have the right (but not the obligation) to verify the truthfulness of the representations on any claim and the right (but not the obligation) to reject any claim on which a material misrepresentation appears. If the Settlement Administrator suspects that a Claim Form was fraudulently submitted, the Settlement Administrator will notify the Class Counsel and provide them an opportunity to investigate the potentially fraudulent claim. Any disputes over the validity of a Claim Form will be promptly presented to and resolved by the Court. The Settlement Administrator will provide updates on a weekly basis to, and as requested by, Class Counsel on the number of claims that are denied, approved, or pending.

       **4.5    Notification to Claimants Deemed Not Eligible.**  As the Settlement Administrator reviews Claim Forms, it shall notify claimants deemed not eligible that their claim has been disallowed, together with a brief statement of the reason(s) why the Settlement Administrator disallowed their claim. The claimants whose claims were disallowed will have up to fourteen (14) calendar days after completion of the Settlement Administrator's review of all Claim Forms to cure any deficiency. The Settlement Administrator shall make every effort to review claims as they are submitted and to communicate any Claim Form deficiencies within three days of receiving a Claim Form. If the Settlement Administrator determines that fourteen days is insufficient time for the claimant to cure the deficiency given other settlement deadlines, the Settlement Administrator shall contact the parties' counsel and propose a different, more expedient method that will allow the Settlement Class member to cure. Claimants will also be notified that the final determination of disallowance by the Settlement Administrator is final and not subject to challenge. All such notices may be provided by email to the email address included on the Claim Form.

       **4.6    Manner of Distribution.**    The Settlement Administrator shall distribute the Claimant Awards on or before the Distribution Date. Claimant Awards will be calculated using the following formula: Net Settlement Fund (Settlement Fund less the Settlement Administration costs and attorneys' fees and costs) divided by the total Shares of each Eligible Claimant multiplied by each Eligible Claimant's number of Shares. Eligible Claimants will receive one Share for each text message that is not an Eligible NDNCR Text Message (Non-NDNCR Text Message). Eligible Claimants will receive two Shares for each Eligible NDNCR Text Message. An Eligible NDNCR Text Message is a text message that an Eligible Claimant received on a telephone number that had been on the National Do Not Call Registry (NDNCR) for more than 30 days and the Eligible Claimant received two or more texts within a twelve-month period.

       Claimant Award amounts will depend on the total number of Shares claimed by Eligible Claimants. To illustrate, assume a Net Settlement Fund of $250,000 and Eligible Claimants received a total of 25,000 Shares. Each Share would have a value of $10 ($250,000 /25,000 = $10).

       If Class Member Mary received 4 text messages total and 3 were Eligible NDNCR Text Messages, Class Member Mary would have 7 Shares (3 Eligible NDNCR Text Messages x 2 Shares = 6 + 1 Non-NDNCR Text Message = 7 Shares) and would receive a Claimant Award of $70 ($250,000 /25,000 x 7 = $70).

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

If Class member John received 4 texts but none were Eligible NDNCR Text Messages, Class Member John would receive a Claimant Award of $40 ($250,000/25,000 x 4 = $40).

The Settlement Administrator shall issue payments to each Eligible Claimant, if any, according to this formula. The determination of the payment amount is final and not subject to challenge. Checks issued pursuant to this Paragraph shall remain valid for one hundred eighty (180) calendar days after issuance, and shall recite that limitation on the face of the check. Any Claimant Awards remaining uncashed after one hundred eighty (180) calendar days shall be redistributed on a pro rata basis to all Eligible Claimants that cashed their check or otherwise successfully received payment, if feasible. If there are any Claimant Awards remaining uncashed one hundred eighty (180) calendar days after issuance of the redistribution payments, those amounts will be contributed to the Legal Foundation of Washington consistent with the provisions of Washington Civil Rule 23(f), together with any unused portion of the reserve payment referenced in this Paragraph for Settlement Administration.

**4.7    Notification to Eligible Claimants.**  At the time of payment, Eligible Claimants will be notified that the payment represents their Claimant Award under this Amended Agreement, receive a brief explanation of the manner in which payments were calculated, and be notified that the determination of the payment amount is final and not subject to challenge.

**4.8**    Any tax determinations and obligations arising from any payment made by the Settlement Fund pursuant to this Amended Agreement shall be the exclusive responsibility of the recipient of such payment.

**V.    RELEASES**

**5.1    Sole and Exclusive Remedy.**  This settlement shall be the sole and exclusive remedy for any and all Released Claims described in this Amended Agreement, including Plaintiff's Released Claims and the Mutually Released Claims. Each Settlement Class Member (including anyone claiming by or through him or her) shall be barred from initiating, asserting, or prosecuting Plaintiff's Released Claims and the Parties (including anyone claiming by or through them) shall be barred from initiating, asserting, or prosecuting the Mutually Released Claims.

**5.2    Release to Defendants and Plaintiff's Released Parties.** Effective upon Final Approval, Plaintiff, for himself and on behalf of each Settlement Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through the Plaintiff or the Settlement Class Members in any manner, shall have fully, finally and forever irrevocably released, relinquished, and forever discharged with prejudice all of Plaintiff's Released Claims against Plaintiff's Released Parties.

**5.3    Releases to Gen Star. In light of the defense being provided under reservation of rights provided by Gen Star and the specific contention by Gen Star that indemnity coverage is excluded for reasons including, but not limited to, the EXCLUSION - RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW, upon Final Approval and upon payment by Gen Star of its portion of the settlement fund as described in paragraph 2.1, all** the Parties release all claims against

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

Gen Star, both contractual and extracontractual, related to this matter and Gen Star's handling of this matter.

**5.4    Mutual Release**. Effective upon Final Approval, the Parties will release and forever discharge each other from all Mutually Released Claims.

## VI.    MISCELLANEOUS PROVISIONS

**6.1    Settlement Purpose of Amended Agreement.** This Amended Agreement is governed by the terms of Evidence Rule 408 and is for settlement purposes only, and neither the fact of, nor any provision contained in this Amended Agreement or its attachments, nor any action taken hereunder shall constitute, be construed as, or be admissible in evidence as, any admission of the validity of any claim, defense or any fact alleged by any of the Parties in the Action or in any other pending or subsequently filed action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or admission by any Party of any claim, defense or allegation made in the Action or any other action, nor as an admission by any of Defendants, Plaintiff, Settlement Class Members, or Class Counsel of the validity of any fact or defense asserted against them in the Action or any other action. Nevertheless, Defendants may file this Amended Agreement and/or the Final Order and Judgment in any other action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim or issue preclusion or similar defense or counterclaim, including, for the avoidance of doubt, any objections, contested matters or other proceedings relating to any claims that have been, could have been, or may or could be asserted in the Chapter 7 Case. If the Court should for any reason fail to approve this Amended Agreement in the form agreed to by the Parties, decline to enter the Settlement Order and Final Judgment in the form of Exhibit H, or impose any condition to approval of the settlement to which the Parties do not consent, or if the Settlement Order and Final Judgment is reversed or rendered void, then (a) this Amended Agreement shall be considered null and void, and any order from the Bankruptcy Court shall be deemed vacated without the need for any further action from any Party, (b) neither this Amended Agreement nor any of the related negotiations shall be of any force or effect, and (c) all Parties to this Amended Agreement shall stand in the same position, without prejudice, as if the Amended Agreement had been neither entered into nor filed with the Court. Invalidation of any portion of this Amended Agreement affecting any economic or legal right of any Party shall invalidate this Amended Agreement in its entirety unless the Parties agree in writing that the remaining provisions shall remain in full force and effect. This includes that the provisional certification of the Settlement Class shall have no bearing in deciding whether the claims asserted in the Action are or were appropriate for class treatment in the absence of settlement. If this Amended Agreement terminates or is nullified, the provisional class certification in Exhibit B shall be vacated by its terms, and the Action shall revert to the status that existed before execution of this Amended Agreement. Upon nullification of this Amended Agreement, Plaintiff shall be free to pursue any claims available to him, and Defendants shall be free to assert any defenses available to them, including, but not limited to, denying the suitability of this case for class treatment. Nothing in this Amended Agreement shall be argued or deemed to estop any Party from the assertion of such claims or defenses. In the event the Court should for any reason fail to approve this Amended Agreement in the form agreed to by the Parties, decline to enter the Settlement Order and Final Judgment in the form of Exhibit H, or impose any condition to approval of the settlement to which the Parties do not consent, or if the Settlement Order and

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

Final Judgment is reversed or rendered void, the Parties will negotiate in good faith to address the issues raised by said events.

**6.2** **Gen Star and Century 21 Real Estate LLC's Warranty.** Subject to the Bankruptcy Court's approval of this Amended Agreement, Gen Star and Century 21 Real Estate LLC warrant that they have the ability to fully fund the settlement and do not currently intend to file any petition for bankruptcy or receivership that will impact their ability to fund the settlement.

**6.3** **Cooperation.** The Parties and their counsel will cooperate fully in the process of seeking settlement approval. Class Counsel warrant and agree they will take all steps necessary to obtain and implement Final Approval of this Amended Agreement, to defend the Settlement Order and Final Judgment through all stages of any appeals that may be taken (regardless of who prosecutes the appeal), to give Released Parties full and final peace from further prosecution of Plaintiff's Released Claims, to give the Parties full and final peace from further prosecution of the Mutually Released Claims, and to give the Settlement Class Members the benefits they enjoy under this Amended Agreement.

**6.4** **Governing Law.** This Amended Agreement is intended to and shall be governed by the laws of the State of Washington, without regard to its rules regarding conflict of laws.

**6.5** **Entire Agreement.** The terms and conditions set forth in this Amended Agreement constitute the complete and exclusive statement of the agreement between the Parties relating to the subject matter of this Amended Agreement, superseding all previous negotiations and understandings, whether oral or in writing, express or implied, and may not be contradicted by evidence of any prior or contemporaneous agreement, provided, however, that all agreements made or orders entered during the course of the Action relating to the confidentiality of document or information shall survive this Amended Agreement. Any modification of the Amended Agreement that may adversely affect Settlement Class Members' substantive rights must be in writing and signed by Plaintiff, Defendants, and Gen Star; any other modification of the Amended Agreement must be in writing and signed by Class Counsel, the Parties, and the Parties' Counsel.

**6.6** **Construction of Amended Agreement.** The determination of the terms of, and the drafting of, this Amended Agreement has been by mutual agreement after extensive negotiation, with consideration by and participation of counsel for all Parties. The Amended Agreement shall be construed according to the fair intent of the language taken as a whole, and not for or against any Party.

**6.7** **Binding Effect.** This Amended Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, successors and assigns.

**6.8** **Waiver.** The waiver by one Party of any provision or breach of this Amended Agreement shall not be deemed a waiver of any other provision or breach of this Amended Agreement.

**6.9** **Effectiveness of Amended Agreement; Counterparts.** This Amended Agreement shall become effective upon its execution by all of the persons for whom signature spaces have been provided below. The Parties and their counsel may execute this Amended Agreement electronically, in counterparts (any one or all of which may be facsimile or

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

PDF/electronic copies), and execution in counterparts shall have the same force and effect as if all signatories had signed the same document.

**6.10    Use and Retention of Information.**    The data provided to the Settlement Administrator, described in Paragraph 2.4 above, any Claim Forms submitted under Paragraph 4.3 above, and any other documentation containing the names, addresses, or phone numbers in possession of the Settlement Administrator, may be used only for purposes of implementing this Amended Agreement. Except as otherwise stated in this Amended Agreement, all such information shall be destroyed within thirty (30) calendar days of the date that all monies from the Settlement Fund have been distributed.

**6.11    Continuing Jurisdiction.** The District Court for the Western District of Washington shall retain exclusive and continuing jurisdiction over this Amended Agreement and over all Parties and Settlement Class Members to interpret, effectuate, enforce, and implement this Amended Agreement. The Court shall have exclusive jurisdiction to resolve any disputes involving this Amended Agreement, subject to the dispute resolution mechanism set forth in Paragraph 4.4 above. The foregoing shall not be construed to modify, limit, or affect the jurisdiction of the Bankruptcy Court with respect to any approval of this Amended Agreement relating thereto, and any retention of jurisdiction by the Bankruptcy Court with respect to any order from the Bankruptcy Court.

**6.12    Authority.**    All counsel who execute this Amended Agreement represent and warrant that they have authority to enter into this Amended Agreement on behalf of their respective clients.

**6.13    Assignment; Third Party Beneficiaries.**    None of the rights, commitments, or obligations recognized under this Amended Agreement may be assigned by any member of the Settlement Class without the express written consent of the Parties.    The representations, warranties, covenants, and agreements contained in this Amended Agreement are for the sole benefit of the Parties and shall not be construed to confer any right or to afford any remedy to any other person.

**6.14    Communications.**    Any communications by the Parties to the Parties relating to this Amended Agreement shall be sent to all counsel signing this Amended Agreement on behalf of the Parties.

**6.15    Calculation of Time.**    All time listed in this Amended Agreement is in calendar days, unless explicitly described in business days. Time is calculated by (a) excluding the day of the event that triggers the period; (b) counting every day, including intermediate Saturdays, Sundays, and legal holiday; and (c) including the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

*[Remainder of Page Intentionally Left Blank]*

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

DATE: 2026-03-27

_____
David J. Kovanen, Plaintiff

*Approved as to form:*

DATE: 03/19/2026

_____
By: Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@terrellmarshall.com
    Eden B. Nordby, WSBA #58654
    Email: enordby@terrellmarshall.com
    Elizabeth Schatz Cordero, WSBA #63175
    Email: eschatzcordero@terrellmarshall.com
    TERRELL MARSHALL LAW GROUP PLLC
    1700 Westlake Avenue North, Suite 300
    Seattle, Washington 98109
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

DATE:_____

_____
By: Andrew P. Green, WSBA #32742
    Email: andy@greenlegalcounsel.com
    GREEN LEGAL COUNSEL, PLLC
    1919 N. Pearl Street, Suite B-3
    Tacoma, Washington 98046
    Telephone: (253) 625-7300
    Facsimile: (253) 292-0832

DATE: 3/19/2026

_____
By: Anthony I. Paronich, Admitted Pro Hac Vice
    Email: anthony@paronichlaw.com
    PARONICH LAW, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, Massachusetts 02043
    Telephone: (617) 485-0018

*Attorneys for Plaintiff and Proposed Class*

*[Signature Page for Plaintiff and Proposed Class]*

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

DATE:_____

_____
David J. Kovanen, Plaintiff

*Approved as to form:*

DATE: 03/19/2026           *Jennifer Rust Murray*
                          _____

By: Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@terrellmarshall.com
    Eden B. Nordby, WSBA #58654
    Email: enordby@terrellmarshall.com
    Elizabeth Schatz Cordero, WSBA #63175
    Email: eschatzcordero@terrellmarshall.com
    TERRELL MARSHALL LAW GROUP PLLC
    1700 Westlake Avenue North, Suite 300
    Seattle, Washington 98109
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

DATE: 03/20/2026           Signed by:
                          *Andrew P. Green*
                          _____
                          8E716D03D4A14DA...

By: Andrew P. Green, WSBA #32742
    Email: andy@greenlegalcounsel.com
    GREEN LEGAL COUNSEL, PLLC
    1919 N. Pearl Street, Suite B-3
    Tacoma, Washington 98046
    Telephone: (253) 625-7300
    Facsimile: (253) 292-0832

DATE:_____

_____
By: Anthony I. Paronich, Admitted Pro Hac Vice
    Email: anthony@paronichlaw.com
    PARONICH LAW, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, Massachusetts 02043
    Telephone: (617) 485-0018

*Attorneys for Plaintiff and Proposed Class*

*[Signature Page for Plaintiff and Proposed Class]*

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

DATE: 3.17.26

By: Edmund J. Wood, Chapter 7 Trustee
On behalf of the Chapter 7 Estate of Asset Realty,
LLC d/b/a Century 21 Northwest, Defendant

*Approved as to form:*

DATE: 3.17.26

By: Dan Zellner, WSBA #56010
Email: dan.zellner@foster.com
FOSTER GARVEY P.C.
1111 Third Avenue, Suite 3000
Seattle, Washington 98101
Telephone: (206) 447-4400

*Attorneys for Edmund J. Wood, Chapter 7 Trustee of Asset Realty, LLC*

*[Signature Page for Chapter 7 Trustee of Asset Realty, LLC]*

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED AS TO FORM:

DATE: 3.19.2026

By: A. Grant Lingg, WSBA #24227
Email: grant.lingg@clydeco.com
CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98164
Telephone: (206) 689-8500

*Attorneys for Asset Realty, LLC d/b/a Century 21 Northwest*

*[Signature Page for Asset Realty, LLC d/b/a Century 21 Northwest]*

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

DATE: **Feb 12, 2026**

Chad Storey (Feb 12, 2026 16:09:54 PST)
By: Chad Barron Storey, Defendant

*Approved as to form:*

DATE: **February 12, 2026**

By: Francis S. Floyd, WSBA #10642
Email: ffloyd@NWTrialAttorneys.com
FLOYD PFLUEGER KEARNS
NEDDERMAN & GRESS, P.S.
3101 Western Avenue, Suite 400
Seattle, Washington 98121
Telephone: (206) 441-4455

*Attorneys for Chad Barron Storey*

*[Signature Page for Chad Storey]*

1605578908.2

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

DATE: 3/19/2026

Signed by:
Tim Gustavson

By: Tim Gustavson
On behalf of Defendants Century 21 Real Estate LLC, Anywhere Real Estate Inc., Anywhere Real Estate Group, LLC, Anywhere Real Estate Services Group LLC, and Anywhere Intermediate Holdings LLC

*Approved as to form:*

DATE: 03.20.2026

Signed by:
Joseph Wylie

By:  Joseph Wylie
    Email: joseph.wylie@klgates.com
    K&L GATES, LLP
    70 West Madison Street, Suite 3300
    Chicago, Illinois 60602
    Telephone: (312) 372-1121

    Peter A. Talevich, WSBA #42644
    Email: peter.talevich@klgates.com
    Tyler K. Lichter, WSBA #51090
    Email: tyler.lichter@klgates.com
    K&L GATES, LLP
    925 Fourth Avenue, Suite 2900
    Seattle, Washington 98104
    Telephone: (206) 623-7580
    Facsimile: (206) 623-7022

*Attorneys for Defendants Century 21 Real Estate LLC, Anywhere Real Estate Inc., Anywhere Real Estate Group, LLC, Anywhere Real Estate Services Group LLC, and Anywhere Intermediate Holdings LLC*

*[Signature Page for Defendants Century 21 Real Estate LLC, Anywhere Real Estate Inc., Anywhere Real Estate Group, LLC, Anywhere Real Estate Services Group LLC, and Anywhere Intermediate Holdings LLC]*

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

DATE:_____3/20/26_____

_____Signed by:_____
Sarah Dearing
8BE966D7194D4CC...
_____

By: Sarah Dearing
On behalf of General Star National Insurance
Company and GenStar Insurance Services, LLC,
Insurer

*Approved as to form:*

DATE:_____

_____

By: Gregory S. Worden
    Email: Gregory.worden@lewisbrisbois.com
    LEWIS BRISBOIS
    1111 Third Avenue, Suite 2700
    Seattle, Washington 98101
    Telephone: (206) 436-2028
    Facsimile: (206) 436-2030

*Attorneys for Insurer General Star National Insurance
Company and GenStar Insurance Services, LLC*

*[Signature Page for General Star National Insurance Company and
GenStar Insurance Services, LLC]*

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

DATE:_____

_____
By: Sarah Dearing
On behalf of General Star National Insurance
Company and GenStar Insurance Services, LLC,
Insurer

*Approved as to form:*

DATE:    3-20-26
_____

Signed by:

*Gregory S. Worden*
591B80D6607E408...

_____
By: Gregory S. Worden
    Email: Gregory.worden@lewisbrisbois.com
    LEWIS BRISBOIS
    1111 Third Avenue, Suite 2700
    Seattle, Washington 98101
    Telephone: (206) 436-2028
    Facsimile: (206) 436-2030

*Attorneys for Insurer General Star National Insurance
Company and GenStar Insurance Services, LLC*

*[Signature Page for General Star National Insurance Company and
GenStar Insurance Services, LLC]*

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

# - Exhibit A -

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT A—CLAIM FORM**

*Kovanen v. Asset Realty, LLC, d/b/a Century 21 NW; Chad Barron Storey; Century 21 Real Estate LLC; Anywhere Real Estate, et al.*
United States District Court for the Western District of Washington
Case No. 3:25-cv-05078-LK

**CLAIM FORM**

Complete and return this Claim Form by DATE to claim your payment. You may submit your Claim Form using this online portal or mail to: [Address information].

| I. | Claim Verification |
|---|---|

Did you receive a claims code by mail or email? The claims code is located on the front of the Postcard Notice or at the top of the Email Notice.

☐   Yes, claims code: _____
☐   No

If no, enter the cell phone number(s) you owned or regularly used between December 10, 2017 through June 17, 2022:

Phone number 1: _____

Phone number 2: _____

Phone number 3: _____

*[If the claimant enters a valid claims code or if the claimant provides a phone number that matches with a phone number on the Class List, then the following text shall appear in the online claims form:]*

Please complete the following sections of the Claim Form to submit your claim.

*[If the claimant enters (1) an invalid claims code or no claims code, and (2) a phone number that does not match with a phone number on the Class List, then the following text shall appear in the online claims form]*

The phone number(s) you listed  are not on the list of phone numbers that are a part of this case. If those are the only telephone numbers on which you received text messages from Defendants, you are not eligible to participate in this settlement, but you may bring claims against Defendants in the future. If you have additional cell phone numbers that you believe received commercial text messages from Century 21, Century 21 NW, C21 or C21 NW during the Class Period, or for any other questions, please contact Class Counsel at 1-XXX-XXX-XXXX toll free or write to Terrell Marshall Law Group PLLC, [ADDRESS], Seattle, Washington 9810(). You may also contact the Settlement Administrator 1-XXX-XXX-XXXX toll free.

| II. | Class Member Identifying Information. |
|---|---|

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT A—CLAIM FORM**

Please provide your name and contact information below. The Settlement Administrator will use the email address you provide below to communicate with you. You must notify the Settlement Administrator by sending an email to ADD EMAIL or calling ADD NUMBER if your contact information changes after you submit this Form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

| |
|---|
| **Street Address** |

|  |  |  |
|---|---|---|
| **City** | **State** | **Zip Code** |

|  |  |
|---|---|
| **Email Address** | **Current Phone Number** |

| III. | Certification & Signature. |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that everything on this Claim Form is true and correct. I further attest (check each box to indicate your agreement):

☐ I did not clearly and affirmatively consent in advance to receive the text message(s).

☐ I was a Washington resident at the time I received the text message(s). [If you were not a Washington resident at the time you received the text message(s), you will only be eligible to participate if your telephone number was on the National Do-Not-Call Registry for more than 30 days before you received the first text message. Please submit this claim to determine eligibility.]

_____          _____

Signature                                                                    Date (MM/DD/YYYY)

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

# - Exhibit B -

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

THE HONORABLE LAUREN KING

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DAVID J. KOVANEN, an individual, and all those similarly situated,

Plaintiff,

v.

ASSET REALTY, LLC, d/b/a CENTURY 21 NORTHWEST, a Washington limited liability company; CHAD BARRON STOREY, individually; CENTURY 21 REAL ESTATE LLC; ANYWHERE REAL ESTATE INC.; ANYWHERE REAL ESTATE GROUP, LLC; ANYWHERE REAL ESTATE SERVICES GROUP LLC; ANYWHERE INTERMEDIATE HOLDINGS LLC

Defendants.

NO. 3:25-cv-05078-LK

**[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

On May 16, 2025, Plaintiff David J. Kovanen filed a motion for preliminary approval of the class action settlement he had reached with Defendants Asset Realty, LLC, d/b/a Century 21 Northwest (Asset), Chad Barron Storey (Storey), and Anywhere Real Estate Inc., Anywhere Real Estate Group LLC, Anywhere Real Estate Services Group LLC, Anywhere Intermediate Holdings LLC, and Century 21 Real Estate LLC (collectively, Anywhere Defendants and together with Asset and Storey, Defendants). Dkt. 32. On November 7, 2025, the Court denied Plaintiff's motion. Dkt. 39. The parties resumed negotiations and agreed to an amended settlement agreement,

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 1
Case No. 21-2-08665-1

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

the terms of which are memorialized in the Amended Settlement Agreement and Release of Claims ("Amended Agreement") which was filed with the Court (Dkt. ___). The Court has read and considered the Amended Agreement, the proposed notices, and the briefing submitted in support of preliminary approval of the settlement and is fully advised.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court preliminarily approves the Amended Agreement.

2.      <u>Preliminary approval of proposed Amended Agreement.</u> The Amended Agreement appears to be the product of serious, informed, non-collusive negotiations, including four mediations before experienced mediators or settlement conference judges. The Amended Agreement has no obvious deficiencies, does not improperly grant preferential treatment to any class members, and falls within the range of possible judicial approval. *See* William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:10 (6th ed. June 2024 update).

3.      <u>Certification of Settlement Class.</u> For settlement purposes only, the following Settlement Class is certified pursuant to Civil Rule 23, pending final approval of the settlement:

> All persons who (1) received commercial electronic text messages promoting Asset Realty LLC d/b/a Century 21 Northwest's real estate services; (2) between December 10, 2017 through June 17, 2022 ("Class Period"); (3) on a telephone number which is included in the Class List.[1]

> The Settlement Class does not include Defendants, any entity that has a controlling interest in Defendants, and Defendants' current or former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any person who validly requested exclusion from it.

> "Class List" means the list of telephone numbers that Plaintiff's expert identified from Defendants' records as: (a) containing a Washington area code; (b) capable of receiving text messages because the telephone numbers were assigned to a cellular or VOIP service; and (c) having received

---

[1] Unless otherwise indicated, capitalized terms have the same meaning as they are defined in the Amended Agreement (Dkt. No. ___).

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 2
Case No. 21-2-08665-1

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

a text message that had not been sent after Defendants' records showed that the recipient sent Defendants an inbound text. The Class List also indicates whether the telephone number was on the National Do Not Call Registry for more than 30 days before the date of the text and received two or more calls within a 365-day period.

4.    *Numerosity*. The Settlement Class consists of approximately 95,862 members and is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

5.    *Commonality*. There are issues of law and fact common to all Settlement Class Members, including (a) whether Defendants initiated or assisted with the transmission of the text messages, (b) whether the text messages were commercial, (c) whether Plaintiff and Settlement Class Members provided clear and affirmative consent before they received the text messages, (d) whether the Anywhere Defendants can be held vicariously liable for the allegedly unlawful text messages, (e) whether Storey can be held individually liable for the allegedly unlawful text messages, and (f) whether Defendants violated the Telephone Consumer Protection Act's national do-not-call regulations. Fed. R. Civ. P. 23(a)(2); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

6.    *Typicality*. Plaintiff's claims arise from the same course of conduct and are based on the same legal theory as other Settlement Class Members' claims. Fed. R. Civ. P. 23(a)(3); *Agne v. Papa John's Int'l*, 286 F.R.D. 559, 569 (W.D. Wash. 2012).

7.    *Adequacy*. Plaintiff's interests are not antagonistic to those of other Settlement Class Members and the Settlement Class is represented by qualified counsel. Fed. R. Civ. P. 23(a)(4); *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003).

8.    *Predominance*. The issues common to Settlement Class Members are dominant, central, and override any individualized consent issues in this litigation. These common issues include whether Defendants initiated or assisted the transmission of commercial electronic text messages to phone numbers on the Class List in violation of RCW 19.190.060, and whether Defendants or their agents violated the TCPA by placing telemarketing texts to numbers on the

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 3
Case No. 21-2-08665-1

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

National Do-Not-Call List. Fed. R. Civ. P. 23(b)(3); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).

9.      *Superiority*. Resolution of all of Settlement Class Members' claims at once is far superior to individual lawsuits and promotes consistency and efficiency of adjudication, particularly since Settlement Class Members are unlikely to know about their claims or to pursue them given the limited potential recovery. Fed. R. Civ. P. 23(b)(3)(A)–(D); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

10.      Class Representative. The Court appoints David Kovanen to serve as Class Representative of the Settlement Class.

11.      Class Counsel. The Court appoints Terrell Marshall Law Group PLLC, Green Legal Counsel, PLLC, and Parnoich Law P.C. to serve as Class Counsel.

12.      Settlement Administrator. The Court appoints Continental DataLogix to serve as the Settlement Administrator. As provided in the Amended Agreement, the Settlement Administrator shall compile a list of persons that will receive individual notice via email, or if unavailable, mail. Names and contact information may not be available for some Settlement Class Members. To ensure those Settlement Class Members are notified the Settlement Administrator will conduct an Online Publication Notice campaign targeted to reach Washington residents and former Washington residents who may have moved to other states. The Settlement Administrator also will establish and maintain a Settlement Website and a toll-free phone number, process and report on Claim Forms, process and report on exclusion requests, establish and maintain an account for deposit of the Settlement Fund, mail Claimant Award checks to Settlement Class Members, and perform any additional duties that are called for by the Amended Agreement or ordered by the Court.

13.      Settlement Notice. The Court approves the notice plan outlined in the Amended Agreement, including the Settlement Website Notice, Email Notice, Postcard Notice, Email Reminder Notice, and Publication Notice attached as Exhibits C–F and G to the Amended

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 4
Case No. 21-2-08665-1

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

Agreement. The notices provide all information Settlement Class Members need to evaluate and respond to the Amended Agreement, including the nature of the litigation, the general terms of the proposed Amended Agreement, their rights under the Amended Agreement, an explanation of how they can object to, or exclude themselves from the Amended Agreement, and how to complete a Claim Form to receive a payment from the Net Settlement Fund, the identity of Class Counsel, that Class Counsel will request attorneys' fees and costs from the Settlement Fund (and the amount requested), the date and time of the Final Approval Hearing, and that the Amended Agreement must be approved by this Court. The notices also direct Settlement Class Members to the Settlement Website, where additional information about the Amended Agreement will be available, and provides a toll-free number that Settlement Class Members can call with questions. The notice plan complies with Fed. R. Civ. P. 23 and the requirements of due process.

14.    The Court also approves the parties' plan for disseminating notice, which will ensure that Settlement Class Members receive "the best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2). Issuance of notice substantially in the manner set forth in the Amended Agreement and as described in the Declarations of Charles Marr and Cameron R. Azari satisfies the requirements of due process and applicable state and federal law and constitutes due and sufficient notice to all members of the Settlement Class.

15.    Class Counsel has provided the Class List to the Settlement Administrator. The Class List contains 95,862 unique telephone numbers. Dkt. No. ___ (Marr Decl.) ¶19. The Settlement Administrator has identified names and mailing addresses associated with 73,759 of those numbers (76.9%). The Settlement Administrator next will attempt to locate email addresses for those telephone numbers with name and mailing addresses associated with them. *Id.* ¶8. Settlement Class Members for whom names and contact information can be located will be sent either an Email Notice (if an email is available) or Postcard Notice (if an email is not available or bounces back). The Settlement Class Members with phone numbers for

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 5
Case No. 21-2-08665-1

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

which no name and contact information can be identified will be targeted with Publication Notice. *See* Dkt. No. ___ (Marr Decl.), Ex. B (Declaration of Cameron R. Azari, Esq. Regarding Notice Plan).

16.    Within 30 days after entry of this Order, the Settlement Administrator shall establish the Settlement Website and send Email, Mail, and Publication Notice to all Settlement Class Members in accordance with the notice plan described in the Amended Agreement and the Declarations of Charles Marr and Cameron R. Azari submitted in connection with Plaintiff's Motion for Preliminary Approval. The date the Settlement Administrator distributes notice is the "Settlement Notice Date."

17.    Within 15 days after the Settlement Notice Date (45 days after entry of this Order), the Settlement Administrator will provide to the parties (who will then file with the Court) a declaration of due diligence and proof of mailing and a description of any issues or problems that have arisen with notifying the class or any other aspect of the claims administration process, and any extensions that may be required to correct or mitigate such issues. If any issues or problems arise after this date that may require an extension of the claims/opt out/objection period or other deadlines the Settlement Administrator will notify the parties as soon as possible, and the parties then must file a notice and proposed resolution with the Court as soon as possible.

18.    Claim Forms. Settlement Class Members must submit Claim Forms either online or postmarked no later than 60 calendar days from the Settlement Notice Date. The Court may exercise its discretion to approve otherwise valid but late filed claims received before the Final Approval Hearing. The Court approves the Claim Form, which is attached as Exhibit A to the Amended Agreement.

19.    Requests for Exclusion. Any Settlement Class Member may exclude himself or herself from the settlement by sending a written request to the Settlement Administrator by email or by mail postmarked no later than 60 calendar days from the Settlement Notice Date.

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 6
Case No. 21-2-08665-1

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

The exclusion request must be in writing and include the requesting person's (i) name, address, and telephone number; (ii) a statement confirming that they want to exclude themselves from the Settlement Class in *Kovanen v. Asset Realty LLC, d/b/a Century 21 NW, Chad Barron Storey, Century 21 Real Estate LLC, & Anywhere Real Estate, et al.*, Case No. 3:25-cv-05078-LK (W.D. Wash.); and (iii) the person's signature and the date. Each written request for exclusion must be signed by the individual seeking exclusion, submitted by the Settlement Class Member, and may only request exclusion for that one individual. No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion on behalf of any other person within the Settlement Class. "Mass" or "class" exclusion requests shall not be permitted.

20.    Following final approval of the settlement, each Settlement Class Member who does not submit a timely, valid request for exclusion shall be bound by all terms of the Amended Agreement, including the release, and any final judgment entered by the Court in this case.

21.    Objections and appearances. Any Settlement Class Member may object to the settlement no later than 60 calendar days after the Settlement Notice Date. Any objections must include the following: (i) the name and case number of this lawsuit (*Kovanen v. Asset Realty, LLC, d/b/a Century 21 NW; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate, et al.,* Case No. 3:25-cv-05078-LK (W.D. Wash.)); (ii) the Settlement Class Member's full name, address, and current telephone number; (iii) if the individual is represented by counsel, the name and telephone number of counsel, whether counsel intends to submit a request for fees, and all factual and legal support for that request; (iv) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class and an explanation of the basis for the Settlement Class Member's contention that the Settlement Class Member is a Settlement Class Member, including the cellular telephone numbers on

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 7
Case No. 21-2-08665-1

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

which the Settlement Class Member received a text message promoting Asset Realty LLC, d/b/a Century 21 Northwest's real estate services transmitted from December 10, 2017 through June 17, 2022; (v) the identity of any witnesses the objector may call to testify; (vi) a list of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct  copies of such exhibits; and (vii) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel, and if with counsel, the identity of such counsel (who must enter a written Notice of Appearance of Counsel with the Clerk of the Court). A Settlement Class Member may withdraw an objection by communicating such withdrawal in writing to Class Counsel.

22.    Review of Claim Forms. No later than 28 calendar days after the deadline for claim submission, exclusion, or objection, the Settlement Administrator shall use all reasonable efforts to complete its review of all Claim Forms.

23.    Deadline to Cure Claim Deficiency. Claimants shall have up to 14 calendars days after the Settlement Administrator's review of all Claim Forms to cure any deficiency for which their claim was disallowed.

24.    Report on Claim Administration. No later than 25 calendar days after the Settlement Administrator completes review of all Claim Forms, it must provide the parties with a report on its claim administration, including how many class members received notice, the number of claims, the number of requests for exclusion, the number of objections, and any other information the parties and/or Court should be aware of regarding the notification and claims administration process.

25.    Settlement Fund. No later than 30 calendar days after the date of Final Approval and after having been provided with a W-9, Gen Star shall deposit $537,496.74 (subtracting therefrom $5,000, which shall be paid to the trustee for the benefit of the Chapter 7 Estate, to offset the costs already incurred by the Chapter 7 Estate in seeking and obtaining the Bankruptcy Court's approval of the original settlement agreement) and Century 21 Real Estate,

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 8
Case No. 21-2-08665-1

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

LLC shall deposit $167,503.26 (totaling $700,000) with the Settlement Administrator to establish the Settlement Fund.

26.  Motion for attorneys' fees and costs. Class Counsel shall file their motion for an award of attorneys' fees and costs no later than 30 days after the Settlement Notice Date, which is 30 days before the deadline for Settlement Class Members to submit a claim, opt out, or object to the Amended Agreement. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

27.  Motion for final approval. The Class Representative shall file a motion for final approval of the settlement and response to any objections no later than 21 days after the Settlement Administrator's submits its report on claim administration described in paragraph 24 above.

28.  Final Approval Hearing. A Final Approval Hearing shall be held before this Court on _____, at _____ in the courtroom of the Honorable Lauren King, United States District Court for the Western District of Washington, 700 Stewart Street, Courtroom Suite 15106, Seattle, WA 98101-9906. At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate, and should be approved by the Court. The Court will also consider Class Counsel's motion for attorneys' fees and costs, and rule on any other matters that the Court deems appropriate.

29.  Any interested person who has not excluded themselves from the Settlement Class may appear at the Final Approval Hearing to address whether the proposed Amended Agreement should or should not be approved as fair, reasonable, and adequate. The Court will consider all properly submitted objections. Any Settlement Class Member who does not appear individually or through counsel and who does not object to the fairness and adequacy of the Amended Agreement or Class Counsel's request for attorneys' fees and costs shall waive and forfeit any and all rights to appear separately or object.

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

30.    Stay of proceedings. All deadlines in the current Case Scheduling Order are hereby stricken, including the trial date, and all proceedings in the Action are stayed other than proceedings relating to the consideration of whether the Amended Agreement should be approved. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the Amended Agreement. After the Final Approval Hearing, the Court may approve the Amended Agreement without further notice to Settlement Class Members.

31.    Modification and termination. Counsel for the Parties are hereby authorized to utilize all reasonable and mutually agreed procedures in connection with the administration of the Amended Agreement which are not materially inconsistent with either this Order or the terms of the Amended Agreement. If the Court does not enter the Final Approval Order, or if the Effective Date does not occur for any reason, then the Action shall proceed as if the Amended Agreement had not been executed. In that event, the Parties shall meet and confer and present the Court with a proposed revised case scheduling order.

32.    Retention of jurisdiction. The Court retains jurisdiction over the Action and all matters arising out of or connected with the proposed Amended Agreement.

33.    Amended Schedule. The Court approves the following amended schedule for Notice and Final Approval:

| Action | Date |
| --- | --- |
| "Settlement Notice Date" | 30 calendar days after Preliminary Approval |
| "Declaration of Due Diligence Due Date" | 15 calendar days after Settlement Notice Date [45 calendar days after Preliminary Approval] |
| Deadline for Class Counsel's fee petition | 30 calendar days after Settlement Notice Date [60 calendar days after Preliminary Approval] |

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 10
Case No. 21-2-08665-1

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

| | |
|---|---|
| Deadline to submit a claim, opt out, or object | 60 calendar days after Settlement Notice Date [90 calendar days after Preliminary Approval] |
| Deadline for Settlement Administrator to complete review of claims | 28 calendar days after the deadline for claim submission, opt out, or objection [118 calendar days after Preliminary Approval] |
| Deadline for claimants to cure deficiencies | Up to 14 calendar days after completion of Settlement Administrator's review of all Claim Forms. [132 calendar days after Preliminary Approval] |
| Deadline for Settlement Administrator to report on claim administration | 25 calendar days after completion of Settlement Administrator's review of all Claim Forms [143 calendar days after Preliminary Approval] |
| Final Approval Motion due | 21 calendar days after Settlement Administrator's Report on Claim Administration [164 calendar days after Preliminary Approval] |
| Final Approval Hearing | To be determined by the Court |

IT IS SO ORDERED.

DATED this _____ day of _____, 2026.


_____
THE HONORABLE LAUREN KING

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 11

Case No. 21-2-08665-1

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT B—PROPOSED PRELIMINARY APPROVAL ORDER**

Presented by:

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Jennifer Rust Murray, WSBA #36983
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@terrellmarshall.com
    Eden B. Nordby, WSBA #58654
    Email: enordby@terrellmarshall.com
    Elizabeth Schatz Cordero, WSBA #63175
    Email: eschatzcordero@terrellmarshall.com
    1700 Westlake Avenue North, Suite 300
    Seattle, Washington 98109
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

    Andrew P. Green, WSBA #32742
    Email: andy@greenlegalcounsel.com
    GREEN LEGAL COUNSEL, PLLC
    1919 N. Pearl Street, Suite B-3
    Tacoma, Washington 98046
    Telephone: (253) 625-7300
    Facsimile: (253) 292-0832

    Anthony I. Paronich, *Admitted Pro Hac Vice*
    Email: anthony@paronichlaw.com
    PARONICH LAW, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, Massachusetts 02043
    Telephone: (617)  485-0018

*Attorneys for Plaintiff and Proposed Settlement Class*

[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 12
Case No. 21-2-08665-1

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

# - Exhibit C -

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

**Notice of Proposed Class Action Settlement**

*Kovanen v. Asset Realty, LLC, d/b/a Century 21 NW; Chad Barron Storey; Century 21 Real Estate LLC; Anywhere Real Estate, et al.*
Case No. 3:25-cv-05078-LK

**If you received an unsolicited text message on your cellular telephone or pager service from Century 21 Northwest, Century 21, C21, or C21 NW between December 10, 2017 and June 17, 2022, you may be entitled to a payment from a class action settlement.**

Attorneys appointed by the Court to represent the Class ("Class Counsel") estimates that payments could be between [RANGE]. This is only an estimate. The final amount may be more or less depending on the number of claims filed. You must complete a Claim Form to get a payment**.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A settlement has been proposed to end a class action lawsuit against Asset Realty, LLC, d/b/a Century 21 Northwest, Chad Barron Storey, Anywhere Real Estate Inc., Anywhere Real Estate Group LLC, Anywhere Real Estate Services Group LLC, Anywhere Intermediate Holdings LLC, and Century 21 Real Estate LLC ("Defendants"), known as *Kovanen v. Asset Realty, LLC, d/b/a Century 21 Northwest; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate, et al.*, United States District Court for the Western District of Washington, No. 3:25-cv-05078-LK (the "Lawsuit") for violations of the Washington Commercial Electronic Mail Act, the Washington Consumer Protection Act, and the federal Telephone Consumer Protection Act. Plaintiff, David Kovanen, alleges that Defendants violated Washington and federal law by initiating and assisting in the transmission of unsolicited commercial text messages to certain Washington residents to market real estate brokerage services.

- Defendants deny any wrongdoing. Defendants claim they abided by all state and federal laws, and that the Lawsuit is not well grounded in law or fact. As part of the proposed settlement, Defendants do not admit to any wrongdoing, maintain their compliance with the law, and continue to deny the allegations against them.

- The parties in the Lawsuit have agreed to a $700,000 settlement to resolve the claims of a Settlement Class defined as follows:

  > All persons who (1) received commercial electronic text messages promoting Asset Realty LLC d/b/a Century 21 Northwest's real estate services; (2)

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

between December 10, 2017 through June 17, 2022 ("Class Period"); (3) on a telephone number which is included in the "Class List."

The "Class List" is a list of telephone numbers identified by Plaintiff's expert from Defendants' records that show received commercial text messages and (a) contain a Washington area code; (b) are capable of receiving text messages because the telephone numbers were assigned to a cellular or VOIP service; and (c) received a text message that had not been sent after Defendants' records showed that the recipient sent Defendants an inbound text. The Class List also indicates whether the telephone number was on the National Do Not Call Registry for more than 30 days before the date of the text and received two or more calls within a 365-day period.

The Settlement Class does not include Defendants, any entity that has a controlling interest in Defendants, and Defendants' current or former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any person who validly request exclusion from it.

- The Court has scheduled a Final Approval Hearing for [DATE], 2026. If the settlement is approved and becomes final, you will be issued a payment if (i) you are a member of the Settlement Class and (ii) you file a valid Claim Form before [DATE], 2026. Even if you do not file a Claim Form, your rights will be affected if you are a member of the Settlement Class and you do not exclude yourself from the settlement. Read below or call Class Counsel at [INSERT] or the Settlement Administrator at [INSERT] for more information.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT: | |
| --- | --- |
| **FILE A CLAIM BY [DATE]** | **This is the only option that allows to you get a payment.**<br><br>If you are a member of the Settlement Class, you have a right to complete a Claim Form to share in the settlement proceeds paid by Defendants to settle the Lawsuit. A Claim Form can be (a) completed and submitted electronically on this website, or (b) printed, completed, and submitted by mail.<br><br>If your Claim Form is approved and the settlement is approved by the Court and becomes final, you give up your right to bring any claims that have been, could have been, or may or could be asserted that are based on the same factual predicate as that underlying the claims alleged in this Lawsuit—i.e. the sending of commercial text messages to individuals on the Class List without their clear and affirmative consent between December 10, 2017 and June 17, 2022. |

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

| | |
|---|---|
| **DO NOTHING** | **Stay in this Lawsuit. Get no payment. Give up certain rights.** <br><br> By doing nothing, you will stay in the Settlement Class, but you will not get a payment from the settlement. You will also give up any rights to bring any claims that have been, could have been, or may or could be asserted that are based on the same factual predicate as that underlying the claims alleged in this Lawsuit— i.e. the sending of commercial text messages to individuals on the Class List without their clear and affirmative consent between December 10, 2017 and June 17, 2022. |
| **ASK TO BE EXCLUDED BY [DATE]** | **Get out of this Lawsuit. Get no payment. Keep rights.** <br><br> If you ask to be excluded, you will not get a payment from the settlement, but you keep any rights you may have to bring any claims that have been, could have been, or may or could be asserted that are based on the same factual predicate as that underlying the claims alleged in this Lawsuit—i.e. the sending of commercial text messages to individuals on the Class List without their clear and affirmative consent between December 10, 2017 and June 17, 2022. Exclusion requests must be postmarked (if mailed) or sent via email no later than [DATE], 2026. |
| **OBJECT TO THE SETTLEMENT BY [DATE]** | **Tell the Court why you disagree with the settlement.** <br><br> If you do not exclude yourself from the settlement, you may object to the settlement and/or Class Counsel's request for attorneys' fees and expenses to the Class Representative who brought this Lawsuit. To object, you must send a written statement by email or mail to the Settlement Administrator by [DATE]. If you want to get a Claimant Award from the settlement, you must also complete a Claim Form. |

**BASIC INFORMATION**

**1. Why did I get this notice?**

Defendants' Records indicate that you may have received an unsolicited text message on your cellular telephone promoting Asset Realty LLC, d/b/a Century 21 Northwest's real estate services. This notice explains that the Court has granted preliminary approval of a settlement that may affect you. You have legal rights and options that you may exercise before the Court decides

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

whether to approve the settlement. To get a payment from the settlement, you must complete a Claim Form by [DATE]. Judge Lauren King of the United States District Court for the Western District of Washington is overseeing this class action. The lawsuit is known as *Kovanen v. Asset Realty, LLC, d/b/a Century 21 Northwest; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate, et al.*, No. 3:25-cv-05078-LK (the "Lawsuit").

| 2. What is this lawsuit about? |
| --- |

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

Here, the class representative alleges that Defendants are liable for violating the Washington Commercial Electronic Mail Act, the Washington Consumer Protection Act, and the federal Telephone Consumer Protection Act by initiating and assisting in the transmission of unsolicited commercial text messages to certain Washington residents to market real estate brokerage services.

The Court certified a Settlement Class that includes All persons who (1) received commercial electronic text messages promoting Asset Realty LLC d/b/a Century 21 Northwest's real estate services; (2) between December 10, 2017 through June 17, 2022 ("Class Period"); (3) on a telephone number which is included in the "Class List."

The "Class List" is a list of telephone numbers that Plaintiff's expert identified from Defendants' records as: (a) containing a Washington area code; (b) capable of receiving text messages because the telephone numbers were assigned to a cellular or VOIP service; and (c) having received a text message that had not been sent after Defendants' records showed that the recipient sent Defendants an inbound text. The Class List also indicates whether the telephone number was on the NDNCR for more than 30 days before the date of the text and received two or more calls within a 365-day period.

Defendants deny any wrongdoing and believe they have fully complied with the law. Defendants asserted many defenses they believe would be successful at trial. In agreeing to settle, Defendants maintain that they complied with the law and do not admit any wrongdoing. The settlement is not an admission of wrongdoing. The Court has not decided whether Defendants did anything wrong. If the Court approves the settlement, there will be no trial about the claims in the lawsuit.

| 3. What is a class action and who is involved? |
| --- |

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

In a class action, one or more people, called class representatives (in this case, David Kovanen), sue on behalf of people who have similar claims. These people together are called a class, or class members. The class representative who sued, and all class members like him, are called plaintiffs. The companies and individual he sued (in this case, Asset Realty, LLC, d/b/a Century 21 Northwest, Chad Barron Storey, Anywhere Real Estate Inc., Anywhere Real Estate Group LLC, Anywhere Real Estate Services Group LLC, Anywhere Intermediate Holdings LLC, and Century 21 Real Estate LLC) are called the Defendants. One court resolves the issues for everyone in the class except for those people who choose to exclude themselves from the class.

**4. Why is this lawsuit a class action?**

The Court decided that this lawsuit can be settled as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal court. Specifically, the Court found that:

(a)     Questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and

(b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**5. What has happened in the lawsuit?**

Plaintiff filed his complaint. The Plaintiff and Defendants have agreed to a settlement and the Court has granted preliminary approval of the proposed settlement.

**WHO IS IN THE SETTLEMENT CLASS**

**6. Am I part of the Settlement Class?**

You are a member of the Settlement Class if you: (1) received commercial electronic text messages promoting Asset Realty LLC d/b/a Century 21 Northwest's real estate services; (2) between December 10, 2017 through June 17, 2022 ("Class Period"); (3) on a telephone number which is included in the "Class List".

You may find out if your telephone number is on the list by entering the telephone number you subscribed to or used between December 10, 2017 through June 17, 2022 on the Claim Form on this website. You may also find out by calling Class Counsel or the Settlement Administrator and providing your telephone number for confirmation. Class Counsel can be reached at 1-XXX-XXX-

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

XXXX toll free or by writing to: Terrell Marshall Law Group PLLC, [ADDRESS]. The Settlement Administrator can be reached at 1-XXX-XXX-XXXX toll free.

If you received a notice of this settlement via email or mail, that means records indicate that you might be part of the Settlement Class.

The Settlement Class does not include Defendants, any entity that has a controlling interest in Defendants, and Defendants' current or former directors, officers, counsel, and their immediate families.

The Settlement Class also does not include any person who validly requests exclusion from the Settlement Class.

### THE PROPOSED SETTLEMENT

| **7. What are the terms and benefits of the settlement?** |
| --- |

The complete terms of the settlement are found in the Amended Settlement Agreement and Release of Claims. This website only provides a summary.

If the settlement is approved and becomes final, Defendants will pay $700,000 into a Settlement Fund. This money will be used to: (1) make Claimant Awards to Settlement Class Members who complete a valid Claim Form, (2) pay the costs of distributing notice and settlement payments to Settlement Class Members and other costs of administering the settlement; and (3) pay court-awarded attorneys' fees and litigation expenses of the Class Counsel. Defendants will also permanently cease operation of their lead management program and will not knowingly contact any Settlement Class Member.

**Class Counsel estimate that payments could be between [RANGE]. This is only an estimate. The final amount may be more or less depending on the number of valid claims. You must complete a Claim Form to get a payment.**

| **8. What claims will be released by the Settlement?** |
| --- |

If you stay in the Settlement Class you will be giving up any and all claims against Defendants and related entities for initiating or assisting the transmission of commercial electronic text messages for the purpose of promoting Asset Realty LLC, d/b/a Century 21 Northwest's real estate services transmitted from December 10, 2017 through June 17, 2022.

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

Specifically, the settlement will release all claims and causes of action that are based on the same factual predicate as that underlying the claims alleged in Plaintiff's Second Amended Complaint— i.e. the sending of commercial text messages to individuals on the Class List without their clear and affirmative consent between December 10, 2017 and June 17, 2022—including all claims that were or could have been brought under Washington's Commercial Electronic Mail Act, RCW 19.190 et seq., Washington's Consumer Protection Act, RCW 19.86 et seq., and the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. Released Claims also includes a release of all claims the Parties may have against Gen Star both contractual and extracontractual related to this matter and Gen Star's handling of this matter.

The full Settlement Agreement is available here. WEBSITE LINK.

| 9. How are Claimant Award payments calculated? |
| --- |

If the settlement is approved and becomes final, Settlement Class Members who complete and submit a valid Claim Form will be issued a payment. Settlement Class Members' payment amounts will be distributed among all Settlement Class Members who submit valid Claim Forms, after the Court-ordered deduction of settlement costs, attorneys' fees, and expenses.

The amount of your award will depend on a variety of factors, including the number of allegedly unlawful texts you received from Defendants, whether your telephone number had been registered on the National Do-Not-Call Registry for more than 30 days at the time you received the texts, and the number of text messages received by Eligible Claimants (i.e., a Settlement Class Member who submits a valid Claim Form).

Your award will be calculated according to the following formula: Net Settlement Fund (Settlement Fund less the Settlement Administration costs and attorneys' fees and costs) divided by the total Shares of each Eligible Claimant multiplied by each Eligible Claimant's number of Shares.

Eligible Claimants will receive one Share for each text message that is not an Eligible NDNCR Text Message (Non-NDNCR Text Message). Eligible Claimants will receive two Shares for each Eligible NDNCR Text Message. An Eligible NDNCR Text Message is a text message that an Eligible Claimant received on a telephone number that had been on the National Do Not Call Registry (NDNCR) for more than 30 days and the Eligible Claimant received two or more texts within a twelve-month period.

Your Award amount will depend on the total number of Shares claimed by Eligible Claimants. To illustrate, assume a Net Settlement Fund of $250,000 and Eligible Claimants received a total of 25,000 Shares. Each Share would have a value of $10 ($250,000 /25,000 = $10).

If you received 4 text messages and 3 were Eligible NDNCR Text Messages, you would have 7

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

Shares (3 Eligible NDNCR Text Messages x 2 Shares = 6; 6 + 1 Non-NDNCR Text Message = 7 Shares) and you would receive an award of $70 ($250,000 /25,000 x 7 = $70).

If you received 4 texts but none were Eligible NDNCR Text Messages, you would receive an Award of $40 ($250,000/25,000 x 4 = $40).

Class Counsel estimate that payments could range between [RANGE] per claimant, although the actual amount could be higher or lower depending on how many valid Claim Forms are received.

If you are a Settlement Class Member, _to receive a payment you need to complete and submit a Claim Form by [DATE]._

For any payments that are uncashed or deemed undeliverable by the Settlement Administrator, the funds will be distributed by one or both of the following means: (1) a second distribution to those Settlement Class Members who cashed/received their initial payments (if there are sufficient residual funds to justify the administrative costs of such distribution); and/or (2) distribution to the Legal Foundation of Washington.

YOUR RIGHTS AND OPTIONS

You must decide whether to stay in the Settlement Class, whether to make a claim for a payment, whether to object to the settlement, or whether to exclude yourself from the Settlement Class.

| 10. How do I get a payment? |
| --- |

Complete a Claim Form by [DATE]. This is the only way to get a payment from the settlement. The Claim Form requires you to confirm that you received one or more text messages from Century 21 Northwest, Century 21, C21 or C21 NW on a cellular telephone number and did not provide clear and affirmative consent in advance. It also requires you to confirm that you were a Washington resident at the time you received the text message(s).

Once completed, the Claim Form can be submitted electronically on the settlement website or printed and mailed to the following address:

[Notice Administrator]
[Street Address]
[City, State, Zip Code]

Mailed Claim Forms must be postmarked by [DATE], 2026.

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

| **11. What happens if I do nothing at all?** |
| --- |

By doing nothing you are staying in the Settlement Class, but you are giving up the ability to get a payment from the settlement. To get a payment you must complete a Claim Form by [DATE]. By doing nothing or completing a Claim Form, you are choosing to stay in the Settlement Class and if the settlement becomes final, you give up any rights to bring any claims that have been, could have been, or may or could be asserted that are based on the same factual predicate as that underlying the claims alleged in this Lawsuit. *See* Question 8.

By staying in the Settlement Class, you may object to the settlement and/or to Class Counsel's request for attorneys' fees, and litigation expenses. You do not need to object in order to receive a payment.

| **12. How do I object?** |
| --- |

If you are a Settlement Class Member, and have not excluded yourself from the settlement, you can object to the settlement, and Class Counsel's request for attorneys' fees and litigation expenses. To object, you must send a written objection to the Settlement Administrator including the following:

(a) the name and case number of this Lawsuit (*Kovanen v. Asset Realty, LLC, d/b/a Century 21 NW; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate, et al.,* Case No. 3:25-cv-05078-LK (W.D. Wash.));

(b) your full name, mailing address and current telephone number;

(c) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to you, to a specific subset of the class, or to the entire class, and an explanation of the basis for your contention that you are a Settlement Class Member, including the cellular telephone numbers on which you received a text message promoting Asset Realty LLC, d/b/a Century 21 Northwest's real estate services transmitted from December 10, 2017 through June 17, 2022;

(d) if you are represented by counsel, the name and telephone number of any attorney representing you in this matter, whether counsel intends to submit a request for fees, and all factual and legal support for that request;

(e) a statement of whether or not you intend to appear at the Final Approval Hearing, and if so, the identity of all counsel representing you who will appear at the Final Approval Hearing (who must enter a written Notice of Appearance of Counsel with the Clerk of the Court);

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

(g) the identity of any witnesses you may call to testify at the Final Approval Hearing; and

(h) a list of all exhibits you intend to introduce into evidence at the Final Approval Hearing, as well as true and correct copies of such exhibits.

Your objection must be sent by [DATE], 2026, to [EMAIL ADDRESS] if emailed, and must postmarked by [Date], 2026, and sent to the following address if mailed:

[Settlement Administrator]
[Street Address]
[City, State, Zip Code]

You may withdraw an objection by communicating such withdrawal in writing to Class Counsel at:

Terrell Marshall Law Group PLLC
[ADDRESS]
Seattle, Washington 9810[]

| 13. How do I ask to be excluded from the Settlement Class? |
| --- |

You have the right to exclude yourself if for any reason you do not wish to be part of the Settlement Class. If you are already pursuing claims against Defendants based on their text messages, or plan to pursue such claims, you should talk to your lawyer in that matter. You should exclude yourself from the Settlement Class if you wish to separately make similar claims against Defendants based on their text messages. If you exclude yourself from the Settlement Class—which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class—you will not get a payment from the Settlement.

To exclude yourself from the lawsuit, you must send a written objection to the Settlement Administrator including the following

(a) your name, address, and telephone number;

(b) a statement that you want to exclude yourself from the Settlement Class in *Kovanen v. Asset Realty LLC, d/b/a Century 21 NW; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate, et al.*, Case No. 3:25-cv-05078-LK (W.D. Wash.); and

(c) your signature and the date.

Your exclusion request must be sent by [DATE], 2026, to [EMAIL ADDRESS] if emailed, and must be postmarked by [DATE], 2026, and sent to the following address if mailed:

[Settlement Administrator]
[Street Address]
[City, State, Zip Code]

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

Each written request may only request exclusion for that one individual. No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion on behalf of any other person within the Settlement Class. "Mass" or "class" exclusion requests shall not be permitted.

### THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

The Court has appointed Terrell Marshall Law Group PLLC, Green & Wilmot PLLC, and Paronich Law, P.C. to represent you and all Settlement Class Members. These lawyers are called Class Counsel. They are experienced in handling similar cases. More information about the law firms, their practices, and their lawyers' experience is available at www.terrellmarshall.com; www.green-wilmot.com; paronichlaw.com.

**15. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to hire them on your own. For example, you can ask a lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you. If you hire a lawyer to speak for you or to appear in Court, your lawyer should file a Notice of Appearance with the Court.

**16. How will the lawyers be paid?**

Class Counsel (lawyers from Terrell Marshall Law Group PLLC, Green & Wilmot PLLC, and Paronich Law, P.C.) will ask the Court to approve payment of legal fees of $\_\_\_, which is \_\_\_ (\_\_\_%) of the $700,000 settlement fund, and out-of-pocket costs of $\_\_\_ from the settlement fund.

### THE COURT'S FINAL APPROVAL HEARING

**17. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at [TIME] on [DATE], 2026, in the United States District Court for the Western District of Washington, 700 Stewart Street, Courtroom Suite 15106, Seattle, WA 98101-9906. The hearing may be moved to a different date or time, or the Court may order that the hearing be held telephonically or by videoconference, without

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT C—SETTLEMENT WEBSITE NOTICE**

additional notice. Please check this website for updates or changes.

At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will also consider Class Counsel's application for attorneys' fees, and litigation expenses. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long this decision will take.

**18. Do I have to come to the hearing?**

No. You do not have to attend or participate in the hearing to receive a payment. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it, but you can at your own expense. So long as you submitted your written objection on time and include the required information, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**19. May I speak at the hearing?**

If you are a Settlement Class Member and have not opted out of the settlement, you may ask the Court for permission to speak at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**GETTING MORE INFORMATION**

**20. Are there more details available?**

If you have questions that are not answered on this website, you can speak to Class Counsel by calling 1-XXX-XXX-XXXX toll free or by writing to: Terrell Marshall Law Group PLLC, [ADDRESS], Seattle, Washington 9810[]. The Settlement Administrator can be reached at 1-XXX-XXX-XXXX toll free.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE ACTION OR SETTLEMENT**

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

# - Exhibit D -

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT D—EMAIL NOTICE**

**From: [Settlement Administrator]**
**To: [Class Member email address]**
**Subject: Notice of Class Action Settlement –** *Kovanen v. Asset Realty, LLC, d/b/a Century 21 Northwest; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate, et al.*

---

Claims Code: [XXXX-XXXX]

<u>United States District Court for the Western District of Washington</u>

<u>Class Action Settlement Notice</u>

If you received an unsolicited text message on your cellular telephone from Century 21 Northwest, Century 21, C21, or C21 NW from December 10, 2017 through June 17, 2022, **you may be eligible for a payment from a class action settlement.**

**Records from the lawsuit reflect that you may have received such a text**.

**This Legal Notice Was Authorized by the Court**

Your rights and options are explained in this notice. Please read this notice carefully. Full information regarding the settlement is available at Website URL.

You are receiving this notice because you might be a Settlement Class Member in *Kovanen v. Asset Realty, LLC, d/b/a Century 21 Northwest; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate, et al.*, Case No. 3:25-cv-05078-LK (W.D. Wash.). **The parties have reached a proposed $700,000 settlement and you might be entitled to a payment if the settlement is approved by the Court. Class counsel estimates that payments could be between [RANGE]. This is an estimate, the final amount may be more or less depending on the number of claims that are filed. To get a payment you must complete a claim form.**

The lawsuit claims that Asset Realty, LLC, d/b/a Century 21 Northwest, Chad Barron Storey, Anywhere Real Estate Inc., Anywhere Real Estate Group LLC, Anywhere Real Estate Services Group LLC, Anywhere Intermediate Holdings LLC, and Century 21 Real Estate LLC ("Defendants") transmitted or substantially assisted in transmitting unsolicited commercial text messages to Washington residents about real estate services in violation of the Washington Commercial Electronic Mail Act, the Washington Consumer Protection Act, and the federal Telephone Consumer Protection Act. Defendants deny any wrongdoing and the Court has not decided whether Defendants did anything wrong. Defendants have asserted defenses that they believe would be successful at trial. In

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT D—EMAIL NOTICE**

agreeing to settle, Defendants maintain that they complied with the law and do not admit any wrongdoing. More information is in a detailed notice available at the case website Website URL.

**Am I a Settlement Class Member?** You may be a Settlement Class Member if you (1) received commercial electronic text messages promoting Asset Realty LLC d/b/a Century 21 Northwest's real estate services; (2) between December 10, 2017 through June 17, 2022 ("Class Period"); (3) on a telephone number which is included in the "Class List."

The "Class List" is a list of telephone numbers that Plaintiff's expert identified from Defendants' records as: (a) containing a Washington area code; (b) capable of receiving text messages because the telephone numbers were assigned to a cellular or VOIP service; and (c) having received a text message that had not been sent after Defendants' records showed that the recipient sent Defendants an inbound text. The Class List also indicates whether the telephone number was on the National Do Not Call Registry (NDNCR) for more than 30 days before the date of the text and received two or more calls within a 365-day period.

If you received this email, your telephone number is on the Class List.

**How do I get a payment and how will it be calculated?** You must complete a Claim Form by [DATE] to get a payment. The Claim Form is available at Website URL.

The amount of your award will depend on a variety of factors, including the number of allegedly unlawful texts you received from Defendants, whether your telephone number had been registered on the National Do-Not-Call Registry for more than 30 days at the time you received the texts, and the number of text messages received by Eligible Claimants (i.e., a Settlement Class Member who submits a valid Claim Form).

Your award will be calculated according to the following formula: Net Settlement Fund (Settlement Fund less the Settlement Administration costs and attorneys' fees and costs) divided by the total Shares of each Eligible Claimant multiplied by each Eligible Claimant's number of Shares.

Eligible Claimants will receive one Share for each text message that is not an Eligible NDNCR Text Message (Non-NDNCR Text Message). Eligible Claimants will receive two Shares for each Eligible NDNCR Text Message. An Eligible NDNCR Text Message is a text message that an Eligible Claimant received on a telephone number that had been on the National Do Not Call Registry (NDNCR) for more than 30 days and the Eligible Claimant received two or more texts within a twelve-month period.

Your Award amount will depend on the total number of Shares claimed by Eligible Claimants. To illustrate, assume a Net Settlement Fund of $250,000 and Eligible Claimants received a total of

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT D—EMAIL NOTICE**

25,000 Shares. Each Share would have a value of $10 ($250,000 /25,000 = $10).

If you received 4 text messages and 3 were Eligible NDNCR Text Messages, you would have 7 Shares (3 Eligible NDNCR Text Messages x 2 Shares = 6; 6 + 1 Non-NDNCR Text Message = 7 Shares) and you would receive an award of $70 ($250,000 /25,000 x 7 = $70).

If you received 4 texts but none were Eligible NDNCR Text Messages, you would receive an Award of $40 ($250,000/25,000 x 4 = $40).).

**What if I do nothing?** If you do nothing, you will stay in the Settlement class, you will not receive a payment, and you will give up your right to bring any claims that have been, could have been, or may or could be asserted that are based on the same factual predicate as that underlying the claims alleged in this lawsuit—i.e. the sending of commercial text messages to individuals on the Class List without their clear and affirmative consent between December 10, 2017 and June 17, 2022.

**What are my other options?** You can exclude yourself from the Settlement Class and keep any right you may have to bring any claims that have been, could have been, or may or could be asserted that are based on the same factual predicate as that underlying the claims alleged in this lawsuit, or object to the settlement if you disagree with it. You must send a written statement by email or mail to the Settlement Administrator by [DATE] to exclude yourself. You must send a written statement by email or mail to the Settlement Administrator by [DATE] to object. More information about what to include in your exclusion request or objection is available at Website URL.

**Who represents me?** The Court has appointed a team of lawyers from Terrell Marshall Law Group PLLC, Green & Wilmot PLLC, and Paronich Law P.C. to serve as Class Counsel. They will ask to be paid reasonable legal fees of up to $_____ and out of pocket costs of $_____.

**When will the Court consider the settlement?** The Court will hold a Final Approval Hearing at [TIME] on [DATE], 2026, in the United States District Court for the Western District of Washington, 700 Stewart Street, Courtroom Suite 15106, Seattle, Washington 98101-9906. At that hearing, the Court will hear any objections concerning the fairness of the settlement, decide whether to approve the requested attorneys' fees and costs, and determine whether the settlement should be approved.

**How can I get more information?** A more detailed notice and important case documents are at Website URL. You can also contact Class Counsel at 1-XXX-XXX-XXXX, or write to Terrell Marshall Law Group PLLC, [ADDRESS]. You may also contact the Settlement Administrator 1-XXX-XXX-XXXX toll free. Do not contact the Court with questions.

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

# - Exhibit E -

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**Century 21 NW Settlement Administrator**
P.O. Box XXXX
XXX, XX XXXXX-XXXX

Claim ID: <<ClaimID>>

| | |
|---|---|
| COURT ORDERED NOTICE | <<MAIL ID>> |
| Class Action Settlement Notice | <<NAME 1>> |
| If you received an unsolicited text message on your cell phone from Century 21, Century 21 NW, C21 or C21 NW you may be entitled to a payment from a lawsuit. Records from the lawsuit reflect that you may have received such a text. | <<NAME 2>> <br> <<ADDRESS LINE 1>> <br> <<ADDRESS LINE 2>> <br> <<ADDRESS LINE 3>> <br> <<ADDRESS LINE 4>> <br> <<ADDRESS LINE 5>> <br> <<CITY, STATE ZIP>> <br> <<COUNTRY>> |
| **The claims deadline is [DATE].** | |

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

You are receiving this notice because you might be a Settlement Class Member in a class action lawsuit entitled *Kovanen v. Asset Realty, LLC, d/b/a Century 21 Northwest; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate et al.*, No. 3:25-cv-05078-LK (U.S. Dist. Ct. W.D. Wash.). The parties have reached a proposed $700,000 settlement and you might be entitled to a payment if the settlement is approved by the Court. Class counsel estimates payments could be between [RANGE]. This is an estimate; the amount may be more or less depending on the number of submitted claims. You must complete a claim form to get a payment.

**Am I a Settlement Class Member?** You may be a class member if you (1) received commercial electronic text messages promoting Asset Realty LLC d/b/a Century 21 Northwest's real estate services; (2) between December 10, 2017 through June 17, 2022 ("Class Period"); (3) on a telephone number which is included in the "Class List." For more information about the Class List and how it was compiled visit Website URL.

**How do I get a payment and how will it be calculated?** To get a payment you must complete a Claim Form by [DATE]. The Claim Form is available at Website URL. Or you can complete and mail the Claim Form attached to this notice. For the formula used to calculate your individual allocation and examples illustrating how the formula works, please visit Website URL.

**What if I do nothing?** If you do nothing, you will stay in the Settlement Class, not receive a payment, and give up your right to bring any claims based on the same factual predicate as that underlying the claims alleged in this lawsuit.

**What are my other options?** You can exclude yourself from the Settlement Class and keep any right to bring claims that are based on the same factual predicate as that underlying the claims alleged in this lawsuit, or object to the settlement if you disagree with it or the attorneys' fees and costs. You must send a written statement to the Settlement Administrator by email to [EMAIL] or mail to [ADDRESS] by [DATE] to exclude yourself or object. More information about what to include in your exclusion request or objection is available at Website URL. You can also appear at the final fairness hearing on MONTH DAY, 2026 at TIME in Courtroom Suite 15106 of the United States District Court for the Western District of Washington in Seattle, 700 Stewart Street, Seattle, WA 98101. Any changes to the hearing date/time will be posted at WEBSITE URL.

**Who represents me?** The Court has appointed a team of lawyers from Terrell Marshall Law Group, Green & Wilmot PLLC, and Paronich Law, P.C. to serve as Class Counsel. They will petition to be paid reasonable legal fees of $___ and costs of $___. You may object to the attorneys' fees and costs requested. The motion for attorneys' fees and costs and all supporting materials will be filed with the Court and posted online at Website URL by MONTH DAY, 2026.

**This Notice is a summary. Details about the case are on the website:**
**WEBSITE URL. Please do not contact the Court.**

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



<<MailID>>                     Claim ID: <<ClaimID>>

**CLAIM FORM**

Complete and return this Claim Form by **MONTH DAY**, **2026** to claim your payment. You may also submit your Claim Form online at www.ADD.com using the online portal.

First Name:                                      Last Name:

Street Address:

City:                                State:        Zip Code:

Email Address:

Current Phone Number:

Cell Phone Number on which texts were received:

Cell Phone Number on which texts were received:

Cell Phone Number on which texts were received:

If you have additional cell phone numbers that you believe received commercial text messages from Century 21, Century 21 NW, C21 or C21 NW during the Class Period, or for any other questions, please contact Class Counsel at 1-XXX-XXX-XXXX toll free or write to Terrell Marshall Law Group PLLC, [ADDRESS], Seattle, Washington 9810(). You may also contact the Settlement Administrator 1-XXX-XXX-XXXX toll free.

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

I declare under penalty of perjury under the laws of the United States of America that everything on this Claim Form is true and correct. I further attest (check each box to indicate your agreement):

☐   I did not clearly and affirmatively consent in advance to receive the text message(s).

☐   I was a Washington resident at the time I received the text message(s). [If you were not a Washington resident at the time you received the text message(s), you will only be eligible to participate if your telephone number was on the National Do-Not-Call Registry for more than 30 days before you received the first text message. Please submit this claim to determine eligibility.]

Signature: _____

Date (MM/DD/YY):

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



AFFIX POSTAGE HERE

KOVANEN V. ASSET REALTY LLC,
D/B/A CENTURY 21 NW, CHAD
STOREY, CENTURY 21 REAL
ESTATE LLC; ANYWHERE REAL
ESTATE
SETTLEMENT ADMINISTRATOR
C/O ADD
PO BOX XXXX
CITY STATE ZIP

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

- Exhibit F -

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT F—EMAIL REMINDER NOTICE**

**From:** [Settlement Administrator]

**To:** [Class Member email address]

**Subject: Notice of Class Action Settlement –** *Kovanen v. Asset Realty, LLC, d/b/a Century 21 NW; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate, et al.*—
**REMINDER**

Claims Code: [XXXX-XXXX]

United States District Court for the Western District of Washington

Class Action Settlement Notice

If you received an unsolicited text message on your cellular telephone from Century 21 Northwest, Century 21, C21 or C21 NW from December 10, 2017 through June 17, 2022, **you may be eligible for a payment from a class action settlement.**

**Records from the lawsuit reflect that you may have received such a text**.

**This Legal Notice Was Authorized by the Court.**

Your rights and options are explained in this notice. Please read this notice carefully. Full information regarding the settlement is available at Website URL.

You are receiving this notice because you might be a Settlement Class Member in *Kovanen v. Asset Realty, LLC, d/b/a Century 21 Northwest; Chad Barron Storey; Century 21 Real Estate LLC; & Anywhere Real Estate et al.*, United States District Court for the Western District of Washington, Case No. 3:25-cv-05078-LK. **The parties have reached a proposed $700,000 settlement and you might be entitled to a payment if the settlement is approved by the Court. Class counsel estimates that payments could be between [RANGE]. This is an estimate, the final amount may be more or less depending on the number of claims that are filed. To get a payment you must complete a claim form.**

The lawsuit claims that Asset Realty, LLC, d/b/a Century 21 Northwest, Chad Barron Storey, Anywhere Real Estate Inc., Anywhere Real Estate Group LLC, Anywhere Real Estate Services Group LLC, Anywhere Intermediate Holdings LLC, and Century 21 Real Estate LLC ("Defendants") transmitted or substantially assisted in transmitting unsolicited commercial text messages to Washington residents about real estate services in violation of the Washington Commercial Electronic Mail Act, the Washington Consumer Protection Act, and the federal Telephone Consumer Protection Act. Defendants deny any wrongdoing and the Court has not decided whether Defendants did anything wrong. Defendants have asserted defenses that they believe

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT F—EMAIL REMINDER NOTICE**

would be successful at trial. In agreeing to settle, Defendants maintain that they complied with the law and do not admit any wrongdoing. More information is in a detailed notice available at the case website <mark>Website URL</mark>.

**Am I a Settlement Class Member?** You may be a Settlement Class Member if you (1) received commercial electronic text messages promoting Asset Realty LLC d/b/a Century 21 Northwest's real estate services; (2) between December 10, 2017 through June 17, 2022 ("Class Period"); (3) on a telephone number which is included in the "Class List."

The Class List is a list of telephone numbers that Plaintiff's expert identified from Defendants' records as: (a) containing a Washington area code; (b) capable of receiving text messages because the telephone numbers were assigned to a cellular or VOIP service; and (c) having received a text message that had not been sent after Defendants' records showed that the recipient sent Defendants an inbound text. The Class List also indicates whether the telephone number was on the National Do Not Call Registry for more than 30 days before the date of the text and received two or more calls within a 365-day period.

If you received this email, your telephone number is on that list.

If you are still unsure whether you received a text message, contact Class Counsel or the Settlement Administrator to provide your telephone number for confirmation. Class Counsel can be reached at 1-<mark>XXX-XXX-XXXX</mark> toll free or by writing to: Terrell Marshall Law Group PLLC, 1700 Westlake Avenue North, Suite 300, Seattle, Washington 98109. The Settlement Administrator can be reached at 1-<mark>XXX-XXX-XXXX</mark> toll free.

**How do I get a payment and where can I learn how my award will be calculated?** You must complete a Claim Form by [<mark>DATE</mark>] to get a payment. The Claim Form is available at <mark>Website URL</mark>.

The amount of your award will depend on a variety of factors, including the number of allegedly unlawful texts you received from Defendants, whether your telephone number had been registered on the National Do-Not-Call Registry for more than 30 days at the time you received the texts, and the number of text messages received by Eligible Claimants (i.e., a Settlement Class Member who submits a valid Claim Form). For the formula used to calculate your individual allocation and examples illustrating how the formula works, please visit <mark>Website URL</mark>

**What if I do nothing?** If you do nothing, you will stay in the Settlement Class, not receive a payment, and give up your right to bring any claims that have been, could have been, or may or could be asserted that are based on the same factual predicate as that underlying the claims alleged in this lawsuit**.**

**What are my other options?** You can exclude yourself from the Settlement Class and keep any right to bring claims that have been, could have been, or may or could be asserted that are based on the same factual predicate as that underlying the claims alleged in this lawsuit, or object to the settlement if you disagree with it. You must send a written statement to the Settlement

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT F—EMAIL REMINDER NOTICE**

Administrator by email or mail no later than [DATE] to exclude yourself. You must send a written statement by email or mail to the Settlement Administrator by [DATE] to object. More information about what to include in your exclusion request or objection is available at Website URL.

**Who represents me?** The Court has appointed a team of lawyers from Terrell Marshall Law Group PLLC, Green & Wilmot PLLC, and Paronich Law, P.C. to serve as Class Counsel. They will ask to be paid reasonable legal fees of up to $____ and out of pocket costs of approximately $___.

**When will the Court consider the settlement?** The Court will hold a Final Approval Hearing at [TIME] on [DATE], 2026, in the United States Courthouse, 700 Stewart Street, Courtroom Suite 15106, Seattle, WA 98101. At that hearing, the Court will hear any objections concerning the fairness of the settlement, decide whether to approve the requested attorneys' fees and costs, and determine whether the settlement should be approved. The United States Bankruptcy Court for the Western District of Washington may also need to approve the settlement because one of the defendants is in bankruptcy.

**How can I get more information?** A more detailed notice and important case documents, including Plaintiff's motion for attorneys' fees and costs, are at Website URL. You can also contact Class Counsel at ADD, or write to Terrell Marshall Law Group PLLC, [Address], Suite 300, Seattle, Washington 9810(). You may also contact the Settlement Administrator 1-XXX-XXX-XXXX toll free. Do not contact the Court with questions.

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

# - Exhibit G -

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

# Facebook Ad



Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

# Instagram Ad



Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

## Banner Ad



Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

- Exhibit H-

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT H—PROPOSED FINAL APPROVAL ORDER**

THE HONORABLE LAUREN J. KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DAVID J. KOVANEN, and individual, and all those similarly situated,

Plaintiff,

v.

ASSET REALTY, LLC d/b/a CENTURY 21 NORTHWEST, a Washington limited liability company; CHAD BARRON STOREY, individually; CENTURY 21 REAL ESTATE LLC; ANYWHERE REAL ESTATE INC.; ANYWHERE REAL ESTATE GROUP, LLC; ANYWHERE REAL ESTATE SERVICES GROUP LLC; ANYWHERE INTERMEDIATE HOLDINGS LLC,

Defendants.

NO. 3:25-cv-05078-LK

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

This matter, having come before the Court on Plaintiff's Renewed Motion for Final Approval of the proposed amended class action settlement with Defendants Asset Realty, LLC, d/b/a Century 21 Northwest (Asset), Chad Barron Storey (Storey), and Anywhere Real Estate Inc., Anywhere Real Estate Group LLC, Anywhere Real Estate Services Group LLC, Anywhere Intermediate Holdings LLC, and Century 21 Real Estate LLC (collectively, Anywhere Defendants and together with Asset and Storey, Defendants); the Court having considered all papers filed and arguments made with respect to the proposed settlement of the claims asserted under Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq.*, Washington's Consumer

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 1
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT H—PROPOSED FINAL APPROVAL ORDER**

Protection Act, RCW 19.86 *et seq.*, and the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, by the proposed Settlement Class, and the Court, being fully advised, finds that:

1.      On _____, 2026 the Court held a Final Approval Hearing, at which time the Parties were afforded the opportunity to be heard in support of or in opposition to the settlement. The Court received _____ objections regarding the settlement.

2.      Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order. Such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances, including the dissemination of individual notice to all Settlement Class Members who can be identified through reasonable effort; and satisfies Rule 23(e) and due process.

3.      Defendants have timely served notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4.      The Court finds that the Court has jurisdiction over the parties and that all members of the Settlement Class have standing under Article III of the United States Constitution because a person's receipt of a text message sent without the recipient's prior express consent intrudes upon privacy and is an injury for purposes of Article III. *See Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1042–43 (9th Cir. 2017).

5.      The terms of the Amended Settlement Agreement and Release of Claims ("Amended Agreement")  are incorporated fully into this Order by reference.

6.      The Court finds that the terms of the Amended Agreement are fair, reasonable, and adequate in light of the complexity, expense, and duration of litigation, and the risks involved in establishing liability and damages, and maintaining the class action through trial and appeal.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 2
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT H—PROPOSED FINAL APPROVAL ORDER**

7.      The Court has considered the factors enumerated in Rule 23(e)(2) and finds they counsel in favor of final approval.

8.      The Court finds that the relief provided under the settlement constitutes fair value given in exchange for the release of claims.

9.      The Parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

10.      The Court finds that it is in the best interests of the Parties and the Settlement Class and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which, in any way, relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

11.      This action is a class action against Defendants on behalf a class of persons defined as follows (the "Settlement Class"): All persons who (1) received commercial electronic text messages promoting Asset Realty LLC d/b/a Century 21 Northwest's real estate services; (2) between December 10, 2017 through June 17, 2022 ("Class Period"); (3) on a telephone number which is included in the "Class List." The Settlement Class does not include Defendants, any entity that has a controlling interest in Defendants, and Defendants' current or former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any persons who validly request exclusion from it.

12.      The Court finds that the Settlement Class satisfies all of the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) as set forth in its order preliminarily approving the settlement.

13.      The Amended Agreement submitted by the Parties for the Settlement Class is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair,

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 3
Case No. 3:25-cv-05078-LK

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT H—PROPOSED FINAL APPROVAL ORDER**

reasonable, and adequate and in the best interests of the Settlement Class. The Court observes that the monetary relief of $700,000 is substantial given Asset Realty is in bankruptcy and the risks involved in obtaining a judgment against Storey and the Anywhere Defendants. The Court further observes that the Amended Agreement includes valuable non-monetary relief for the Settlement Class. The Amended Agreement shall be deemed incorporated herein and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

14.    As agreed by the Parties in the Amended Agreement, upon Final Approval, the relevant parties shall be released and discharged in accordance with the Amended Agreement.

15.    As agreed by the parties in the Amended Agreement, upon Final Approval, each Settlement Class Member is enjoined and permanently barred from initiating, asserting, or prosecuting, either directly or indirectly, Plaintiffs' Released Claims. In addition, Parties are enjoined and permanently barred from initiating, asserting, or prosecuting, either directly or indirectly, all claims, demands, or liabilities, whether known or unknown, raised in or related to the Action and/or the text messages at issue.

16.    Upon consideration of Class Counsel's application for fees and costs and other expenses, the Court awards $_____ as reasonable attorneys' fees and $_____ as reimbursement for reasonable out-of-pocket expenses, which shall be paid from the Settlement Fund.

17.    The Court authorizes Class Counsel and defense counsel to authorize payment to the Settlement Administrator from the Settlement Fund as set forth in the Amended Agreement.

18.    The Court overrules any objections to the settlement. After carefully considering each objection, the Court concludes that none of the objections create questions as to whether the settlement is fair, reasonable, and adequate.

19.    Neither this Final Judgment and Order, nor the Amended Agreement, shall be construed or used as an admission or concession by or against Defendants or any of the

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 4
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT H—PROPOSED FINAL APPROVAL ORDER**

Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by Defendants or any of the Released Parties. The final approval of the Amended Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Class Representative, Settlement Class Members, or Defendants.

20.     Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendants and each member of the Settlement Class for any suit, action, proceeding, or dispute arising out of or relating to this Order, the Amended Agreement, or the applicability of the Amended Agreement. Without limiting the generality of the foregoing, any dispute concerning the Amended Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Amended Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

21.     This action is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

22.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 5
Case No. 3:25-cv-05078-LK

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**EXHIBIT H—PROPOSED FINAL APPROVAL ORDER**

23.     The persons listed on **Exhibit 1** hereto have validly excluded themselves from the Settlement Class in accordance with the provisions of the Amended Agreement and Preliminary Approval Order and are thus excluded from the terms of this Order. Further, because the settlement is being reached as a compromise to resolve this litigation, including before a final determination of the merits of any issue in this case, none of the individuals reflected on **Exhibit 1** may invoke the doctrines of *res judicata*, collateral estoppel, or any state law equivalents to those doctrines in connection with any further litigation against Defendants in connection with the claims settled by the Settlement Class.

**IT IS SO ORDERED**.

Dated: _____          _____

LAUREN KING
United States District Judge

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 6
Case No. 3:25-cv-05078-LK

**TERRELL MARSHALL LAW GROUP PLLC**
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

# - Exhibit I -

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



# Conversion Coaching AI

@AssetChad

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

2

Now playingSage Advice for Professional Triumph

3

Now playingPractice Makes Experts - Revolutionizing Our Real Estate World - Realtors

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037




Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

Now playingThe Art and Magic of Daily Mastery -- Realtor World

5

Now playingJump Start your Real Estate Business NOW -- Expert Guidance

6

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

Page 5 of 50

7

8

ADVANCED BREAKFAST CLUB MEETING

PIPELINE

Now playing Secrets of AI How Artificial Intelligence is Revolutionizing Our World

MIKE'S 7 ESSENTIAL RULES OF BEING A GREAT REALTOR

PIPELINE

Now playing Meeting -- Learn, Adapt, Succeed

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingLearning through Constant Practice



Now playingExperts Best Practice

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

12

13

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

Asset Realty YouTube Videos



Now playingChampion Style

Now playingSeamless Excellence

15

14

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

Page 10 of 50



Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

17

Now playingFocus for the Win

18

Now playingPractice Pro Gaining Skills and Confidence

Asset Realty YouTube Videos

Page 11 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Page 12 of 50

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

21

22

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037





Page 14 of 50

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingBeginner Breakfast Club -- The Practice Principle



Now playingNancy Cao -- Testimonial -- Loving it!

Asset Realty YouTube Videos

Page 15 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Page 16 of 50

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingDeals and Opportunities for



Now playingProgressive Efforts is The Key to Success

Asset Realty YouTube Videos

Page 17 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playing Journey to Expertise



Now playing Client Development Tactics

Asset Realty YouTube Videos

Page 18 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingCultivating a Strategic Mindset

Now playingSuccess Unveiled The Power of Lifelong Learning

Asset Realty YouTube Videos



Now playingTurning Practice into Success



Now playingNavigating Perspectives with Experts

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingLearning from the Best



Now playingGuru's Approach

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingMaster's Triumph



Now playingExpertise Unveiled

Asset Realty YouTube Videos

Page 22 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingHome Sale Champions

Now playingDynamic Sales Agent

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037





Now playingElite Mentor

Now playingCompetent Expert Review

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037





Asset Realty YouTube Videos

Page 25 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037





Asset Realty YouTube Videos

Page 26 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingMy Impact on the Journey



Now playingPerfecting Your Craft

Asset Realty YouTube Videos

Page 27 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingInsights from the Expert



Now playingTime Tested Result

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

Daily Production – Our Side.

   



Now playingReliable Performance

Testimonials and Potentials for your Agents

 

Now playingNever Ending Wins

Asset Realty YouTube Videos                                        Page 29 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

Here is what you get !!



Now playingEmbrace the Opportunities.



Now playingRealtors Handling & Managing Objections

Asset Realty YouTube Videos

Page 30 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

**29**

**30**

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playing Accelerate with AI



Now playing Working Towards Success -- Live Transfer Scorecards

Asset Realty YouTube Videos

Page 32 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingExclusive Live Transfer Approach -- Calls Recorded



Now playingThe Winning Formula Backed by Testimonials - Step Process

Asset Realty YouTube Videos

Page 33 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

31



Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

Now playingMcDougal Testimonial on Pipeline CRM & Live Transfers

32

Now playingAI Assistant Testimonal from Susan Cruz -- July

33

Asset Realty YouTube Videos

Page 35 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



34

35



Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



37

38

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Page 39 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playing Goldmine. k+Absentee Owners in Dallas, Texas. May th,



Now playing Million Dollar Formula. Perfect Steps to Take a Listing — May th,

Asset Realty YouTube Videos

Page 40 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

41

Now playingHigh Sales Skills vs. Low Sales Skills -- You're losing hundreds of thousands -- May th,

42

Now playingLive Transfer Scorecards -- May th,

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingDaily Agent Challenge -- Zoom Room - May nd,



Now playingThursday Truth Talk -- May th

Asset Realty YouTube Videos

Page 42 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Page 43 of 50

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingSeattle Grunge Music. London Bridge Studios.



Now playingCoaching Call -- Google My Business

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Page 45 of 50

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingAD SE SEATTLE Celeste Zarling PowerPlayerSegment



Now playingAD Celeste Zarling INTRO

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037

47

48

Now playing Tracy Mettier Testimonial

Now playing Tax Lien Data — Inside of Pipeline

Asset Realty YouTube Videos

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingPreforeclosure Drive List



Now playingPreforeclosure Drive Lists

Asset Realty YouTube Videos

Page 48 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



50

Now playingMatching Preforeclosures to Investors Quickly

51

Now playingSeattle Real Estate Investors Galore !!

Asset Realty YouTube Videos

Page 49 of 50

Docusign Envelope ID: FE7A70E2-9D3A-44F7-8AEB-4EACF842F037



Now playingWelcome -- You've been Invited -- Land Campaign

52