# - Exhibit 2 -

THE HONORABLE MATTHEW HUMMEL THOMAS
Department 13

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF PIERCE

DAVID J. KOVANEN, an individual, and all those similarly situated,

Plaintiff,

v.

ASSET REALTY, LLC, d/b/a CENTURY 21 NORTHWEST, a Washington limited liability company; and CHAD BARRON STOREY, individually,

Defendants.

NO. 21-2-08665-1

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASSET REALTY, LLC**

**WITH JULY 31, 2023 SUPPLEMENTAL ANSWERS THERETO**

TO: Plaintiff
AND TO: Andrew P. Green, counsel for Plaintiff

In accordance with Washington State Civil Rules 26, 33, and 34, Defendant Asset Realty, LLC d/b/a Century 21 Northwest ("Defendant") makes their July 2023 supplemental responses to Plaintiff's First Interrogatories and Requests for Production.

**GENERAL RESPONSES AND OBJECTIONS**

1. Defendants' specific objections to each interrogatory and request for production are made in addition to its General Objections. In addition, each of Defendants' answers to interrogatories and requests for production incorporate by reference and are each subject to its General Objections. The failure to incorporate specifically a General Objection is not a

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT ASSET REALTY, LLC  WITH JULY 31, 2023**
**SUPPLEMENTAL ANSWERS THERETO - 1**

LEE SMART P.S., INC.
701 PIKE STREET, SUITE 1800

waiver of that objection and the specific reiteration of an objection as an answer to an interrogatory or request for production is for emphasis only.

2. Defendants object to these interrogatories and requests for production to the extent they seek information that is subject to the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or doctrine. Defendants expressly reserve the right to object at any time during this action to the production or admission of privileged information or documents. This objection applies to all documents generated after Plaintiff filed the Complaint, for which Defendant will not be creating a privilege log.

3. Defendants object to the extent that any definitions, interrogatories, or requests for production seek to instill obligations beyond those required by the Washington State Civil Rules.

4. Defendants object to the demand to produce "any" or "all" documents responsive to an interrogatory or request for production, on the ground that literal compliance would be unduly burdensome, oppressive, and expensive, and may encompass time periods irrelevant to matters at issue. To the extent Defendants agree to produce documents in response to an interrogatory or request for production, Defendants agree to produce only documents that it is able to retrieve by means of a reasonable search of records in its possession, custody, or control.

5. Defendants have not yet completed discovery or its preparation for trial and, therefore, reserves the right to amend, modify, or supplement its objections and answers as necessary. Defendants' objections and answers to these interrogatories and requests for production are based on information or documents known to date.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT ASSET REALTY, LLC  WITH JULY 31, 2023**
**SUPPLEMENTAL ANSWERS THERETO - 2**

**LEE SMART P.S., INC.**
**701 PIKE STREET, SUITE 1800**

105. 14253850141
106. 14254286073
107. 14253075236
108. 14253908917
109. 14252178012
110. 14252305849
111. 14254705406
112. 14254373845
113. 14252178062
114. 14252726288
115. 14252150682
116. 14252766040
117. 14254966840
118. 14252431164
119. 14253905680
120. 14254484783
121. 15096781881
122. 14255105304
123. 14252493790
124. 14253689511
125. 14253074137
126. 14259619348
127. 14257286145
128. 14253998097
129. 14254706756
130. 12537665246
131. 14252875220
132. 14252766093

**Interrogatory No. 5:** Identify each and every text message you have sent since December 8, 2017 to prospective customers with telephone numbers in Washington area codes (i.e., (206), (253), (360), (425), (509), and (564)) in which you inquired about their interest in buying or selling property, and include the following information for each such text message:

(a) Date and time it was sent;

(b) Telephone number or sender ID from which it was sent;

(c) The service provider used to send it;

(d) Telephone number to which it was sent;

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**  
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS**  
**TO DEFENDANT ASSET REALTY, LLC  WITH JULY 31, 2023**  
**SUPPLEMENTAL ANSWERS THERETO - 8**

**LEE SMART P.S., INC.**  
**701 PIKE STREET, SUITE 1800**

(e) Name, address, and email address of its intended recipient;

(f) Whether the telephone number to which it was sent was on your internal do-not-call list;

(g) Whether the telephone number to which it was sent was on the Federal Trade Commission's National Do Not Call Registry;

(h) The text of the message;

(i) Its disposition (i.e., delivered, undeliverable, blocked, etc.);

(j) Whether you had prior consent from the recipient to receive it;

(k) If you had prior consent from the recipient to receive it, the date and time you received such consent;

(l) If you had prior consent from the recipient to receive it, the manner in which you receive such consent (i.e., by telephone, email, text message, etc.); and

(m) Whether you received any reply or response from the recipient.

**ANSWER:**

Objection. See general objections. This request is overbroad in scope and is not reasonably tailored to lead to the discovery of admissible evidence. Therefore, it exceeds the scope of permissible discovery pursuant to CR 26. Without waiving the foregoing objections, Defendant will provide information responsive to this request as it relates to Plaintiffs.

Supplemental answers:

April 1, 2022: Objection, interrogatory goes beyond seeking information relevant to Plaintiff's claims and seeks information for a class without a class certification. Therefore, it exceeds the scope of permissible discovery pursuant to CR 26 and is unduly broad and burdensome to Defendant.

September 8, 2022: Asset Realty is a licensed real estate brokerage firm in Washington. All licensed real estate brokers are independent contractors and statutory nonemployees. ON September 13, 2022, Asset Realty, as an organization, began sending text messages. The text

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**            LEE SMART P.S., INC.
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS**           701 PIKE STREET, SUITE 1800
**TO DEFENDANT ASSET REALTY, LLC  WITH JULY 31, 2023**
**SUPPLEMENTAL ANSWERS THERETO - 9**

messages were sent to its current and former real estate clients, to licensed brokers it was recruiting, noncommercial texts to persons it knew on their birthdays, anniversaries, holidays, etc. It sent response texts to persons who inquired about properties, services, or opportunities. It sent texts to remind people about meetings or appointments that were scheduled with the licensed brokers affiliated with Asset Realty and others. It also sent texts to persons who advertised they were soliciting offers to buy or rent real property they owned. The responsive information regarding all these texts is contained in a spreadsheet attached as Exhibit A.

(f) No.

(g) No, it should not have been. Asset Realty has established protocol and procedures to make sure texts are not sent to phone numbers on the FTC's DNC list. Despite its protocols and procedures, however, Asset Realty cannot verify the accuracy of this statement with absolute certainty. Asset Realty regularly downloads data from the FTC's DNC list. The data it downloads, however, is not retained when new data is downloaded. Instead, the existing data that was downloaded is scrubbed and replaced with the new data that it downloads. As such, there is no way to verify that the number Asset Realty sent a text to on a particular date was or was not on the FTC DNC list.

(k) _See_, Exhibit A. All texts indicating consent Asset Realty received would have received or implied prior to Asset Realty sending its first text to that number.

(m) _See_, Exhibit A.

November 7, 2022: Defendants do not track date and time of consent received and thus do not have that information.

January 17, 2023: In Defendants' September 8 response to Interrogatory No. 5, Defendants stated, "ON September 13, 2022, Asset Realty, as an organization, began sending text messages." This was in error and the correct date that Asset Realty, LLC began sending text messages was September 13, 2020.

July 31, 2023: Defendant provided all information in its possession at the time of the

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**                **LEE SMART P.S., INC.**
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS**              **701 PIKE STREET, SUITE 1800**
**TO DEFENDANT ASSET REALTY, LLC  WITH JULY 31, 2023**
**SUPPLEMENTAL ANSWERS THERETO - 10**

above production, including on behalf of all individuals working on its behalf to which information is retained. Inactive numbers are not retained in the software, meaning the texts and substance are likewise not retained (and therefore not included on the CRM production). Defendant does not have any responsive information aside from that produced. Defendant does not have any third party business retained, nor has it ever used a third party business to track consent.

**RESPONSES**

**Request for Production No. 1:** Produce all documents and ESI relating to the Plaintiff.

**RESPONSE:**

Objection. See general objections. This request is overbroad in scope and is not reasonably tailored to lead to the discovery of admissible evidence. Therefore, it exceeds the scope of permissible discovery pursuant to CR 26, and is unduly burdensome.

Supplemental responses:

May 10, 2022: Objection. See general objections. This request is overbroad in scope and is not reasonably tailored to lead to the discovery of admissible evidence. Therefore, it exceeds the scope of permissible discovery pursuant to CR 26, and is unduly burdensome.

November 1, 2022: See AR LLC_000001-000063.

July 31, 2023: For hyperlinks embedded in AR LLC_000001-000063, see attached, beginning at AR LLC_000308.

**CRM hyperlinked documents in AR LLC_000001-000063**

**First page with links is PDF page 8**

FactsAndTrendsReport ZIP 98422.pdf
FactsAndTrendsReport PIERCE COUNTY.pdf
Kovanen Profile with Plat map - TRIO.pdf
Kovanen DEED.pdf
2 Caledonia Summit NE - Google Maps 1.pdf
2 Caledonia Summit NE - Google Maps 2.pdf
2300856 Kovanen PLP Cover.docx
2300856 Kovanen PLP Cover Letter.docx
PropertyDetails_2_Caledonia_Smt_Ne_Tacoma.pdf

PLAINTIFF'S FIRST SET OF INTERROGATORIES               LEE SMART P.S., INC.
AND REQUESTS FOR PRODUCTION OF DOCUMENTS                701 PIKE STREET, SUITE 1800
TO DEFENDANT ASSET REALTY, LLC  WITH JULY 31, 2023
SUPPLEMENTAL ANSWERS THERETO - 11

original licensing agreement Defendant was referring to in his Declaration was entered into around 2015 and Defendant, despite serious review and searching, has not been able to locate that document, which, again, expired prior to Defendants' use of text/SMS.

**Request for Production No. 27:** Produce all documents and ESI relating to each and every complaint you have received from prospective customers whom you have text messaged without their consent.

**RESPONSE:**

Objection. See general objections. This request is overbroad in scope and is not reasonably tailored to lead to the discovery of admissible evidence. Therefore, it exceeds the scope of permissible discovery pursuant to CR 26, and is unduly burdensome.

Supplemental responses:

November 7, 2022: Objection. Request relies on conclusions of law and as such cannot be answered adequately without a determination of the court on definitions of consent. Additionally, request is vague and overbroad as it fails to define the parameters of what a complaint is and would include complaints that have no relevance to the claims of the Plaintiff.

January 17, 2023: Defendants have not messaged customers without consent nor have Defendants received complaints from customers.

July 31, 2023: Defendants have not messaged prospective customers without consent nor have Defendants received complaints from any prospective customers other than Plaintiff.

DATED this 31st day of July, 2023.

LEE SMART P.S., INC.

By: _____
Marc Rosenberg, WSBA No. 31034
Attorneys for Defendant

PLAINTIFF'S FIRST SET OF INTERROGATORIES           LEE SMART P.S., INC.
AND REQUESTS FOR PRODUCTION OF DOCUMENTS           701 PIKE STREET, SUITE 1800
TO DEFENDANT ASSET REALTY, LLC  WITH JULY 31, 2023
SUPPLEMENTAL ANSWERS THERETO - 19

**VERIFICATIONS**

I, Chad Storey, agent of Defendant Asset, having been first duly sworn on oath, depose and say: I am one of the Defendants in the above-entitle action. I have read the within and foregoing Answers to Interrogatories, know the contents thereof, and believe the same to be true and correct.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this _____7/31/2023___ day of _____, 2023, at ___Kirkland___, WA.

DocuSigned by:

By: _____Chad Storey_____
        A67B81C2C3D344D...

Chad Storey

PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT ASSET REALTY, LLC, D/B/A
CENTURY 21 NORTHWEST WITH JULY 31, 2023
SUPPLEMENTAL ANSWERS THERETO - 20

LEE SMART P.S., INC.
701 PIKE STREET, SUITE 1800
SEATTLE, WA 98101