# - Exhibit 3 -

Judge Matthew H. Thomas
Judge Paris K. Kallas, ret.
Discovery Master

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| DAVID J. KOVANEN, an individual, and all those similarly situated,<br><br>                    Plaintiff,<br><br>  v.<br><br>ASSET REALTY, LLC, d/b/a CENTURY 21 NORTHWEST, a Washington limited liability company; and CHAD BARRON STOREY, individually,<br><br>                   Defendants. | CAUSE NO. 21-2-08665-1<br><br>CLASS ACTION<br><br>ORDER ON OCTOBER 17 AND OCTOBER 24, 2022 DISCOVERY CONFERENCES |

## I.    INTRODUCTION

By Order dated July 14, 2022, the undersigned was appointed to serve as discovery master in this matter.

The discovery disputes in this matter have a factually dense history. In the interests of economy, that history is not recited herein. Following appointment of the undersigned, the following events have occurred.

On August 29, 2022, a discovery conference was held to address outstanding discovery

issues.  It was a productive conference and an abbreviated *Order* was entered.  The *Order* provides, in part, as follows:

> It is hereby ORDERED that Defendants shall fully and completely answer Interrogatory No. 5 subparts (f), (g), (m), and (k)(including relevant phone numbers, if known; as to (k), if there is such consent, the date and time thereof) pursuant to the May 13, 2022 Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery, on or before September 8, 2022.
> It is FURTHER ORDERED that the answer and production may be labeled "Attorney Eyes Only" initially but that designation may be revisited following the hearing/ruling on motion(s) currently noted for September 16, 2022.

Despite the productive August 29 discovery conference, discovery issues remain.  In his September 27, 2022 letter, Kovanen raises several challenges.

On October 18, 2022, a discovery conference was conducted to address the challenges.  On October 24, 2022, a follow-up hearing was conducted.  Both hearings took place using the Zoom platform.  The parties submitted the following written materials:

1.    Plaintiff David J. Kovanen's (Kovanen) September 27, 2022 letter with attachments;

2.    Defendants' October 7, 2022 letters with attachments;

3.    Kovanen's October 12, 2022 letter with attachments;

4.    Defendants' October 18, 2022 letter; and,

5.    Kovanen's October 19, 2022 letter.

**II.    DECISION**

*1.  Interrogatory No. 5*

Kovanen contends the Defendants have failed to fully answer Interrogatory No. 5 as previously ordered.  Kovanen moves to hold the Defendants in contempt.

Defendants have produced over 7,000 pages of outgoing text message data and over 2,000 pages of incoming text message data.  They provided it in .pdf format to "better ensure any extraneous and sensitive data was not divulged to Plaintiff."[1]  Kovanen contends the format is "unworkable" and moves to compel the Defendants to provide the native spreadsheets or in CSV or TSV format.

The request is denied.  Defendants object to the requested format, contending it presents security concerns.  While Kovanen does not agree with these concerns, he is not entitled to receive the information in any particular format, so long as it is workable.  Defendants have quickly responded to the formatting issues raised and addressed the concerns.

Kovanen next argues that the answers are not complete.  His challenges to the responses to subparts (f) and (g) are rejected.  The answers provide Kovanen with meaningful information.  In all other regards, his challenges are correct.

Several areas must either be supplemented or answered more completely.  These deficits were fully addressed during the October 17 and 24 discovery conferences and Defendants are expected to address each deficiency identified.  By way of example, the response to subpart (k) simply makes no sense.  Defendants shall answer it coherently.  In addition, Defendants shall state the date and time for which they received consent or they shall state that they have no records by which they can provide this information.  In his October 19, 2022 letter, Kovanen also identifies a gap in the dates provided.

As indicated during the October 17 and 24 hearings, complete answers are due no later than noon, November 7, 2022.

---

[1] Kovanen's October 7, 2022 letter, at 1.

Judicial Dispute Resolution LLC
1425 Fourth Ave., Suite 300 Seattle, WA  98101
206-223-1669  www.jdrllc.com

The motion for contempt is denied.  It is an extreme sanction that is not justified in these current circumstances.

### 2.  *Attorney's Eyes Only Designation*

In the *Order on August 29, 2022 Discovery Hearing,* Defendants were allowed to designate the responses to Interrogatory No. 5 as "Attorney Eyes Only" (AEO).  Kovanen seeks to revisit this designation, as the *Order* so allowed.

A *Stipulated Protective Order* was entered on July 12, 2022.  The *Order* delineates certain persons, such as experts and consultants, who are required to sign the "Acknowledgement and Agreement to Be Bound."  Although Kovanen is not such a designated person, he has nonetheless signed the Acknowledgment and he has agreed to be bound by it.  Thus, it is understood that violating it would render him subject to sanctions.

Defendants fail to demonstrate that additional protection is justified.  To the contrary, as argued by Kovanen, the information provided is not particularly sensitive.  Nor have Defendants stated a justification for limiting Kovanen's access to the discovery.

Kovanen's request to lift the AEO designation is granted.  The AEO designation on the discovery responses to Interrogatory No. 5 is vacated.  Where appropriate, Defendants may designate responses as confidential under the *Stipulated Protective Order*.

### 3.  *Outstanding Discovery*

In his September 27, 2022 letter, Kovanen includes a chart of outstanding discovery.  During the October 17 and 24 discovery conferences, Defendants committed to providing the outstanding discovery no later than noon November 7, 2022.  And during the October 24, 2022 discovery conference, it was made clear that answers and responses are due regardless of the clients' delayed response to defense counsel.

Judicial Dispute Resolution LLC
1425 Fourth Ave., Suite 300 Seattle, WA  98101
206-223-1669  www.jdrllc.com

Accordingly, by noon November 7, 2022, Defendants shall provide full and complete answers to Interrogatory No. 2(b), (c), and (d); Interrogatory No. 7, Interrogatory No. 8; Interrogatory No. 9, and Interrogatory No. 10.  In addition, by noon, November 7, 2022, Defendants shall provide full and complete responses Request for Production Nos. 1 – 4, 6 – 9, 20, 21, and 27.

4.  *Chad Storey's Deposition*

In the written submissions, the parties mutually requested that the undersigned attend Chad Storey's deposition.

The concerns raised by the parties may be resolved with less extreme and costly measures.  This is especially so given that the AEO designation is lifted.  Accordingly, the parties are directed to promptly schedule the deposition.  Once scheduled, the parties may schedule a conference with the undersigned to discuss guidelines for the deposition.  With these protections in place, the request that the undersigned attend the deposition is denied.

DATED this 3rd day of November, 2022.

Judge Paris K. Kallas, ret.
Discovery Master